1  STROOCK & STROOCK & LAVAN LLP
   LISA M. SIMONETTI (State Bar No. 165996)
2  GEORGE S. AZADIAN (State Bar No. 253342)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  E-Mail: lacalendar@stroock.com

6  Attorneys for Defendant
7    SALLIE MAE, INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  EDNA BENIS and PAMELA MAREK        )   Case No. **CV 11 00402** -ODW
13  SITES,                             )                    (VBKx)
                                       )
14            Plaintiffs,              )   **NOTICE OF REMOVAL OF**
                                       )   **DEFENDANT SALLIE MAE, INC.**
15       v.                            )   **UNDER 28 U.S.C. § 1441(b)**
                                       )
16  CAREER EDUCATION                   )
17  CORPORATION; SALLIE MAE, INC.;     )
    ALLIANCE ONE, INC.; WINDHAM        )
18  PROFESSIONALS, INC., and DOES 1    )
19  through 50,                        )
                                       )
20            Defendants.              )
21                                     )

22

23

24

25

26

27

28

LA 51353512v1

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
2  **DISTRICT OF CALIFORNIA:**

3      **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. § 1332(a),
4  defendant Sallie Mae, Inc. ("Sallie Mae") hereby removes the action entitled <u>Benis,</u>
5  <u>et al. v. Career Education Corporation, et al.</u>, Superior Court of California, County of
6  Ventura, Case No. 56-2010-00382972-CU-FR-VTA (the "Action"), to the United
7  States District Court for the Central District of California on the following grounds:

8      1.   <u>The Removal Is Timely</u>.  On December 15, 2010, plaintiffs Edna Benis
9  ("Benis") and Pamela M. Sites ("Sites") served on Sallie Mae a copy of the
10  Summons, Complaint and First Amended Complaint in the Action.  Pursuant to 28
11  U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served
12  on Sallie Mae in the Action are attached as Exhibit A.  Sallie Mae is informed and
13  believes that defendant Career Education Corporation ("CEC") was served on
14  January 3, 2011, defendant Alliance One, Inc. ("Alliance One") was served on
15  December 30, 2010, and defendant Windham Professionals, Inc. ("Windham") was
16  served on December 15, 2010.  Pursuant to 28 U.S.C. § 1446(b), Sallie Mae has
17  timely filed this Notice of Removal within 30 days of service of the Complaint and
18  within one year after commencement of the Action in state court.

19      2.   <u>All Defendants Consent To Removal</u>.  CEC, Alliance One and
20  Windham consent and join in the removal of this Action.  True and correct copies of
21  CEC, Alliance One and Windham's Consent to Removal are attached hereto as
22  Exhibits B, C and D, respectively.

23      3.   <u>This Court Has Removal Jurisdiction Over The Action</u>.  This Court has
24  original jurisdiction over the Action under 28 U.S.C. § 1332(a) and the Action is
25  removable to this Court by Sallie Mae pursuant to the provisions of 28 U.S.C. §
26  1441(b) in that it is a civil action between citizens of different states and the matter in
27  controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained
28  below.  This Court is the proper district court for removal because the Superior Court

- 1 -

1  of the State of California for the County of Ventura is located within the United
2  States District Court for the Central District of California.

3         4.   <u>Diversity Of Citizenship Exists</u>.  Plaintiff Benis resides in and is a
4  citizen of the State of Arizona.  (<u>See</u> Am. Compl. Exs. A-B, at A1, A2, and B2
5  (permanent address in Arizona).)  Plaintiff Sites resides in and is a citizen of the
6  State of California.  (<u>See</u> <u>id</u>. Exs. A-C, E and F, at A1, B1, C1, E1 and F1 (permanent
7  address in California).)  Sallie Mae is a Delaware corporation with its principal place
8  of business in Virginia.  CEC is a Delaware corporation with its principal place of
9  business in Illinois.  Alliance One is a Delaware corporation with its principal place
10 of business in Pennsylvania.  Windham is a Massachusetts corporation with its
11 principal place of business in New Hampshire.  Accordingly, none of the named
12 defendants is a citizen of Arizona or California.

13        5.   <u>The Amount In Controversy Is Satisfied</u>.  In the First Amended
14 Complaint, Plaintiffs seek, among other things, "damages in excess of $80,491"
15 against Sallie Mae.  (Am. Compl., p. 18: 16-17.)  Accordingly, the amount in
16 controversy in this Action clearly exceeds the jurisdictional minimum of $75,000
17 based on the face of the First Amended Complaint.  Plaintiffs' own damage request
18 controls the amount in controversy.  <u>See</u> <u>Sanchez v. Monumental Life Ins. Co.</u>, 102
19 F.3d 398, 402 (9th Cir. 1996).

20 //
21 //
22 //
23
24
25
26
27
28

LA 51353512v1

6.  <u>Notice Has Been Effected</u>.  Sallie Mae concurrently is filing a copy of this Notice of Removal of Action with the Superior Court of the State of California for the County of Ventura.  Sallie Mae will concurrently serve Plaintiffs with copies of this Notice of Removal and the Notice filed in state court.

Dated:  January 13, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
GEORGE S. AZADIAN

By: _____
George S. Azadian

Attorneys for Defendant
  SALLIE MAE, INC.

- 3 -

# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT

**FILED**

OCT 0 6 2010

MICHAEL D. PLANET
Executive Officer and Clerk

By: _____ Deputy
M. SOTO

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAREER EDUCATION CORPORATION; SALLIE MAE, INC.;
ALLIANCE ONE, INC.; WINDHAM PROFESSIONALS, INC.; and

**YOU ARE BEING SUED BY PLAINTIFF:** *DOES 1 Through 50 .*
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDNA BENIS and PAMELA MAREK SYKES

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: SUPERIOR COURT OF CALIFORNIA | CASE NUMBER:<br>*(Número del Caso)* |
|---|---|
| *(El nombre y dirección de la corte es):* COUNTY OF VENTURA, VENTURA DIVISION<br>800 South Victoria Avenue, Ventura, California  93009 | 56-2010-00382972-CU-FR-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PATRICIA LEWIS, SBN 212728, 1202 Kettner Blvd, #6100, San Diego, CA 92101, tele 619-225-0747

| DATE:<br>*(Fecha)* OCT 0 6 2010 | MICHAEL PLANET | Clerk, by<br>*(Secretario)* | M. SOTO | Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PATRICIA LEWIS, SBN 212728
LEWIS LAW FIRM
1202 Kettner Boulevard, Suite 6100
San Diego, California   92101-3312
Telephone:   (619) 225-0747
Facsimile:   (619) 255-2452

Attorney for Plaintiffs

**VENTURA
SUPERIOR COURT
FILED**

OCT 0 6 2010

MICHAEL D. PLANET
Executive Officer and Clerk

By _____ Deputy
M. SOTO

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA, VENTURA DIVISION**

| | |
|---|---|
| EDNA BENIS, and PAMELA MAREK SYKES,<br><br>                                    Plaintiffs,<br><br>        -v-<br><br>CAREER EDUCATION CORPORATION;<br>SALLIE MAE, INC.;<br>ALLIANCE ONE, INC.;<br>WINDHAM PROFESSIONALS, INC.,<br>and DOES 1 through 50,<br><br>                                    Defendants. | CASE NUMBER   56-2010-00382972-CU-FR-VTA<br><br>*COMPLAINT FOR RESCISSION, RESTITUTION AND DAMAGES FOR:*<br><br>*1.   Violations of the Education Code*<br>*2.   Violations of the Fair Debt Collection Practices Act*<br>*3.   Fraud by Intentional Misrepresentation*<br>*4.   Deceit by Concealment* |

Plaintiffs, Edna Benis ("Mrs. Benis"), and Pamela Marek Sykes ("Mrs. Marek-Sykes"), allege as follows:

*I.*

*SUMMARY OF ALLEGATIONS*

1.      Mrs. Benis is the grandmother, and Mrs. Marek-Sykes is the mother, of Todd Marek, a former student of Brooks Institute of Photography ("Brooks"), owned and operated by Career Education Corporation ("CEC").  At the recommendation of CEC, defendant, Sallie Mae, Inc. ("Sallie Mae"), issued student loans for Todd, listing plaintiffs as co-signers for five loans totaling $92,885, which principal amounts increased to $125,188.

---

COMPLAINT FOR DAMAGES, RESCISSION & RESTITUTION

1

2.      Sallie Mae is subject to all claims which plaintiffs could make against CEC under 16 CFR 433.2, and, as such, CEC and Sallie Mae violated California Private Postsecondary and Vocational Education Reform Act of 1989, being Education Code §§94700, *et seq.* ("The Reform Act"), by failing to make disclosures regarding student financial aid, including the meaning of capitalized interest.

3.      After the loans defaulted, defendants, Alliance One, Inc. ("Alliance One") and Windham Professionals, Inc. ("Windham"), engaged in prohibited practices in an attempt to collect the private student loans, including charging unconscionable and unreasonable collection costs and interest exceeding a combined $81,760 by Alliance and Windham against Mrs. Benis and Mrs. Marek-Sykes.

## II.

### JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to Code of Civil Procedure §410.10.  Pursuant to California Civil Code §1780(c), this action is properly brought in Ventura County because CEC and Sallie Mae do business in Ventura County, where the underlying transactions which are the subject of this litigation took place.  Venue is proper in this court and the acts of the defendants occurred in Ventura County, California.

## III.

### THE PARTIES

5.      Mrs. Benis is the grandmother, and Mrs. Marek-Sykes is the mother, of Todd Marek, who enrolled at Brooks to study Visual Effects & Animation at the campus located in Ventura County, California..  Todd Marek attended Brooks as an enrolled student from July 2004 until August 2007.

6.      Defendant, CEC, is a foreign corporation, transacting intrastate business in the State of California.  At all material times, CEC has not obtained a certificate of qualification by the California Secretary of State, as required by Corporations Code §2105(a), to transact intrastate

1   business in California.  CEC is one of the largest providers of private, for-profit post-secondary
2   education in North America, and has owned and operated Brooks since June 1999, with campuses
3   in Santa Barbara and Ventura, California.

4

5       7.     Defendant, Sallie Mae, is a foreign corporation, transacting intrastate business in
6   the State of California.   Sallie Mae is a major private source of college funding contributions in
7   America.   Sallie Mae owns or manages student loans for 10 million customers, and manages
8   more than $17.5 billion in college savings plans.   In 2004 Sallie Mae terminated its ties to the
9   United States government.  Sallie Mae is recognized as a Fortune 500 Company.

10

11      8.     Defendant, Alliance One, Inc. is a suspended California corporation not authorized
12  to transact intrastate business in California.   Alliance One is a professional debt collector for
13  Sallie Mae and was formed in 1999 through acquisitions and mergers of national receivables
14  management companies.  Alliance One has offices throughout the United States and six foreign
15  countries.

16

17      9.     Defendant, Windham, is a foreign corporation, transacting intrastate business in the
18  State of California.  Windham is a professional debt collector for Sallie Mae student loans.
19  Windham was created in 1982 to provide educational account collections for education debt.

20

21      10.    The true names and capacities of defendants sued herein under CCP §474 as Does
22  1 through 50, inclusive, are presently unknown to plaintiffs who therefore sue these defendants
23  by such fictitious names.  Plaintiffs will seek leave to amend this complaint with the identity of
24  the true names and capacities of the Doe defendants when ascertained.  Each of the fictitiously
25  named defendants is responsible in some manner for the conduct alleged herein and for the
26  damages suffered by plaintiffs.
27  ///
28  ///

11.     Plaintiffs are informed and believe and thereon allege, that, at all relevant times, the defendants, and each of them, were, and acted as, the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, successors in interest and/or predecessors in interest of some of the other defendants, and authorized, ratified, adopted, approved, controlled, aided and abetted, and knew or should have known about the conduct of other defendants.

*IV.*

*THE AGREEMENTS AND THE SIGNATURE STUDENT LOANS*

12.     Defendants, CEC, and Does 1 through 50, and each of them, published a catalog containing the rules, policies and procedures for obtaining an education at Brooks.  The enrollment agreements between Brooks and Todd, requires an agreement to "... abide by the terms stated in the catalog ..."   Plaintiffs are informed and believe that defendants, CEC, and Does 1 through 50, and each of them, gave Todd the 2003 Brooks Catalog which provides, on page 3, that Brooks' authority to operate is given by the California Bureau which implements The Reform Act.   The catalog was not provided to Mrs. Benis or Mrs. Marek-Sykes.

13.     To pay for tuition and the costs of Todd's education, defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, encouraged and recommended that plaintiffs sign applications as co-signers for Todd Marek's student loans with Sallie Mae.   Plaintiffs are informed and believe that loans were disbursed directly to CEC, and Does 1 through 50, and each of them, by defendants, Sallie Mae, and Does 1 through 50, and each of them.   The initial loan applications and promissory notes contained the names of both CEC and Sallie Mae at the top of the application ("CEC/Sallie Mae Signature Loans").

///

///

///

14.     Mrs. Benis was added as a co-signer on two CEC/Sallie Mae Signature Loans:

   a.     $7,528 dated on or about June 17 and June 18, 2004 (Exhibit A), and

   b.     $24,517 dated on or about July 8 and July 9, 2004 (Exhibit B),

for a total principal amount of $32,045.  Mrs. Benis disputes the validity of these loans.

15.     Mrs. Marek-Sykes was added as a co-signer, without her permission or knowledge, on three CEC/Sallie Mae Signature Loans:

   a.     $26,105, dated on or about May 2,2005 (Exhibit C),

   b.     $22,235, dated on or about July 18, 2006 (Exhibit E), and

   c.     $12,500, dated on or about March 15, 2007 (Exhibit F) ,

for a total principal amount of $60,840.  Mrs. Marek-Sykes did not sign, and did not authorize her signature, either electronically or otherwise, on any of these loans.   Mrs. Marek-Sykes disputes the validity of these loans[1].

16.     The promissory notes incorporated into each of the Sallie Mae Signature Loans provide that no payments are due during an "Interim Period," which is the time beginning with disbursement of the loan until six months after Todd Marek is no longer enrolled as a full time student; and that the "Repayment Period" begins on the day after the Interim Period ends.

17.     Todd Marek stopped attending Brooks in August 2007, meaning the Repayment Period of his loans began on or about February 2, 2008.

18.     Neither the loan applications or the promissory notes clearly explain the true meaning of Capitalized Interest, when "Capitalized Interest" would be added to the outstanding principal, or the ultimate effect that "Capitalized Interest" would have on the loans.   Capitalized Interest is a material disclosure required for Mrs. Benis and/or Mrs. Marek-Sykes to have a true understanding of the terms of the loans.

---

[1]All references to "loans" in this complaint refer to Exhibits A-F, unless otherwise stated.

19.    Neither the loan applications or the promissory notes provide for an end date of repayment of the loans, a material disclosure required for Mrs. Benis and/or Mrs. Marek-Sykes to have a true understanding of the terms of the loans.

## V.

### SALLIE MAE CHANGES THE TERMS OF THE LOANS

20.    On or about July 7, 2004 and September 15, 2004, Sallie Mae sent notices to Mrs. Benis, and on May 18, 2005, August 9, 2006, and April 4, 2007, Sallie Mae sent notices to Mrs. Marek-Sykes, regarding the loans, failing to disclose potential capitalized interest and the end date for repayment of the loans.

21.    On March 26, 2008, Sallie Mae sent letters to Mrs. Benis and Mrs. Marek-Sykes which stated, "Unpaid interest will be capitalized (added to the principal of your loan(s)) no more frequently than quarterly during the forbearance and at the end of the forbearance, *even if your promissory note indicates otherwise."* (*Italics* added).  Sallie Mae has now changed the terms of the loans without notice, but fails to obtain Mrs. Benis' or Mrs. Marek-Syke's consent.

22.    Mrs. Benis and Mrs. Marek-Sykes dispute the validity of the loans.

## VI.

### DISCOVERY OF THE MISREPRESENTATIONS AND CONCEALMENT

23.    Mrs. Benis and Mrs. Marek-Sykes discovered misrepresentations and concealment of the true meaning of capitalized interest after February 2, 2008, the date beginning the Repayment Period.

24.    On March 26, 2008, after the loans went into the Repayment Period, the principal amounts of all loans had increased with no explanation.  By September 17, 2008, the principal amounts of Exhibit A-B loans had increased from $32,045 to $44,697 with no explanation, as did the principal amounts of Exhibit C, E, F loans, with no explanation, from $60,840, to $80,491.

1    25.    *Within approximately six months* following the beginning of the Repayment Period,

2    *Sallie Mae had increased the principal amounts of all loans by $32,303.*   Mrs. Benis and Mrs.

3    Marek-Sykes are informed and believe that the increase is due to Capitalized Interest imposed by

4    Sallie Mae, the true meaning of which was concealed from them.

*VII.*

*DEFAULT ON THE UNEXPECTED LOAN INCREASES*

8    26.    Neither Todd Marek, Mrs. Benis or Mrs. Marek-Sykes were able to make payments

9    on the unexpectedly increased capitalized loans, notwithstanding that Mrs. Marek-Sykes never

10   signed or authorized her signature as a co-borrower.   The loans went into default.  Mrs. Benis

11   and Mrs. Marek-Sykes are informed and believe that Sallie Mae wrote-off the loans, including

12   the capitalized interest and unknown fees, took an income tax credit for the write-offs, and the

13   notes were sold to defendants, Alliance One, and Windham, third party debt collectors, for less

14   than the actual value of the debts.  There is no contractual relationship between Mrs. Benis and/or

15   Mrs. Marek-Sykes with Alliance One or Windham.

17   27.    Alliance One and Windham began to employ strategies for collection which Mrs.

18   Benis and Mrs. Marek-Sykes are informed and believe, were to extract unconscionable and

19   unreasonable amounts of alleged collection fees, charges and other costs from them, neither of

20   whom have any contractual obligation to Alliance One or Windham.

22   28.    On or about July 16, 2009, defendants, Windham, and Does 1 through 50, and each

23   of them, claimed in a billing notice that Mrs. Benis owed Windham $58,407, which is over

24   $13,710 more than the amount charged by Sallie Mae only nine months earlier on October 15,

25   2008.  Mrs. Benis disputes the validity of the loans and all increases.

27   29.    On or about September 22, 2009, Mrs. Benis, a senior citizen, paid to Sallie Mae,

28   through Alliance One, the sum of $14, 667, as payment in full of the Exhibit A and B loans.

30.     On or about November 11, 2009, defendants, Alliance One, and Does 1 through 50, and each of them, claimed in a billing notice that Mrs. Marek-Sykes owed Alliance One $115,403, which is $34,912 more than the amount charged by Sallie Mae as of October 15, 2008 only a year earlier.  Mrs. Marek-Sykes disputes the validity of the loans and all increases.

31.     On or about June 4, 2010, defendants, Windham, and Does 1 through 50, and each of them, claimed in a billing notice that Mrs. Marek-Sykes owed Windham $113,628, which is over $33,143 more than the amount charged by Sallie Mae on September 17, 2008.  Mrs. Marek-Sykes disputes the validity of all the loans and increases.

## VIII.

### THE MISREPRESENTATIONS, DECEIT AND CONCEALMENT

32.     Defendants, CEC, Sallie Mae and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and made omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     failing to disclose the true meaning of "Capitalized Interest" including, but not limited to, the reality that "Capitalized Interest" would dramatically increase the principal balances of the loans, what would trigger the addition of "Capitalized Interest" and when "Capitalized Interest" would be added to the loans;

B.     providing disclosure statements with no reference to "Capitalized Interest";

C.     adding "Capitalized Interest" and/or other amounts of unknown charges to the Exhibit A-B loans which *increased the principal amounts* of the Exhibit A-B loans from $32,045, to $44,697, by September 17, 2008, an increase of $12,652;

1    D.   adding "Capitalized Interest" and/or other amounts of unknown charges to the Exhibit C,

2         E and F loans which *increased the principal amounts* of the Exhibit C, E and F loans from

3         $60,840, to $80,491, by September 17, 2008, an increase of $19,651; and

4

5    E.   failing to provide an end date for the loans;

6

7    F.   collecting $14,667 for Exhibits A and B loans as payment in full without applying the

8         payment; and

9

10   G.   writing off the loans after default, which makes the loans non-existent; and selling the

11        non-existent loans to Alliance One and Windham.

12

13        33.    Defendants, Windham and Does 1 through 50, and each of them, through their

14   representatives, employees and agents, gave false and misleading information and omissions of

15   critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

16

17   A.   charging Mrs. Benis an additional sum of $13,710, and stating that she owes $58,407, to

18        satisfy the non-existent loans, an amount which is *almost double the original principal*

19        amounts;

20

21   B.   charging Mrs. Marek-Sykes an additional sum of $33,137, and stating that she owes

22        $113,628, to satisfy the non-existent loans, an amount which is *almost double the original*

23        *principal* amounts; and

24

25   C.   engaging in prohibited collection practices which violate the California Fair Debt

26        Collections Practices Act (Civil Code §§1788, *et seq.*).

27   ///

28   ///

34.     Defendants, Alliance One and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     collecting $14,667 from Mrs. Benis for Exhibits A and B loans as payment in full without applying the payment; and

B.     charging Mrs. Marek-Sykes an additional amount in excess of $34,912, and stating that she owes $115,403, to satisfy the non-existent loans, an amount which is *almost double the original principal* amounts; and

C.     engaging in prohibited collection practices which violate the California Fair Debt Collections Practices Act (Civil Code §§1788, *et seq.*).

*IX.*

*FIRST CAUSE OF ACTION*

*(Violations of The Reform Act - Against Defendants CEC, Sallie Mae and Does 1 through 50)*

35.     Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

36.     The Sallie Mae Signature Loans are private student loans, and, as such, are consumer loans.

37.     As consumer credit contracts, the Sallie Mae Signature Loans are subject to all claims and defenses which the borrower could assert against the school ("Consumer Claims and Defenses Notice").  16 CFR 433.2.   When the Consumer Claims and Defenses Notice is not written in the consumer contracts with the specific statutory notice language, in ten point bold face type, the consumer student loan contracts are deemed to be "... an unfair or deceptive act or practice ..." 16 CFR 433.2.

1    38.    The Consumer Claims and Defenses Notice is not written in Mrs. Benis' and

2    Mrs. Marek-Sykes' loans identified as Exhibits A through C, which, as a matter of law, are

3    deemed to be an unfair or deceptive act or practice under 16 CFR 433.2.

4

5    39.    The Private Postsecondary and Vocational Education Reform Act of 1989, being

6    Education Code §§94700, *et seq.* was repealed by sunset provisions in 2008 and revived by the

7    California Private Postsecondary Education Act of 2009, being Education Code §§94800,

8    94800.5, 94809.5, 94809.6 (collectively, "The Reform Act").

9

10    40.    The actions, and failures to act, by defendants, CEC, Sallie Mae, Does 1 through

11    50, and each of them, violate The Reform Act.   Education Code §§94814, 94816 and 94832.

12

13    41.    Section 94814 of the California Education Code states in relevant part that a

14    postsecondary and vocational institution, such as Brooks:

15       (a)    shall provide to students *and other interested persons*, prior to enrollment, a
16              catalog or brochure containing at a minimum the following information:

17       (a)(7)  For institutions that participate in federal and state financial aid programs
18              *all consumer information* that the institution is required to disclose to the
                student.

19       (a)(8)  All other *material facts* concerning the institution and the program or course
20              of instruction that are reasonably likely to affect the decision of the student
                to enroll, as prescribed by rules and regulations adopted by the council.

21       Cal. Educ. Code §94814(a) (*italics* added)

22

23    42.    Defendants, Sallie Mae, and Does 1 through 50, are subject to all claims which

24    Mrs. Benis and Mrs. Marek-Sykes could make against Brooks under 16 CFR 433.2.   CEC and

25    Sallie Mae violated The Reform Act by failing to provide all consumer information, disclosures

26    and material facts to Mrs. Marek-Sykes and Mrs. Benis, as "other interested persons," which

27    disclosures would reasonably likely affect the decisions to provide CEC/Sallie Mae Signature

28    Loans for Todd Marek's education at Brooks.

43.     Defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, violated Education Code §94814 by not disclosing the true meaning of capitalized interest and its effect on the loans, failing to provide an end date for the loans, and other matters which were reasonably likely to affect the decisions to provide CEC/Sallie Mae Signature Loans for Todd Marek's education at Brooks.

44.     Section 94832 of the California Education Code, subsections (a), (b), and (h) provide, in pertinent part as follows:

(a)     no institution or representative of an institution shall make or cause to be made *any statement that is in any manner untrue or misleading, either by actual statement, omission, or intimation.*
Educ Code §94832(a).

(b)     No institution or representative of an institution shall engage in *any false, deceptive, misleading, or unfair act in connection with any matter*, including *... loan or grant funds ....*
Educ. Code §94832(b)

(h)(1)  No institution or any representative of an institution shall in any manner make any *... untrue or misleading statement related to ... financial information ...*
Educ. Code §94832(h)(1)

45.     The representations made by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, in catalogs, loan applications and promissory notes as set forth hereinabove, was untrue, false, deceptive, misleading and unfair acts in connection with loan funds and violate §94832 of the California Education Code.

46.     Any institution that wilfully violates any provision of Education Code §§94814 or 94832 may not enforce any contract or agreement arising from the transaction in which the violation occurred.   Education Code §94985(a).   Defendants, Sallie Mae, and Does 1 through 50, are subject to all claims which Mrs. Benis and Mrs. Marek-Sykes could make against Brooks under 16 CFR 433.2.

47.     As a direct result of the violations of Education Code §§94814 and 94832 by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Benis and Mrs. Marek-Sykes request rescission of all loans which are contracts arising from the transactions in which the violations occurred.

48.     As a direct result of the violations of Education Code §§94814 and/or 94832 by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Benis has paid economic damages in excess of $14,667, for payment of the Exhibits A-B loans, and requests restitution for the payments made by her for those loans.

49.     As a direct result of the violations of Education Code §§94814 and/or 94832 by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Marek-Sykes requests economic damages in the amount of $115,403, the balances of Exhibits C-E loans, which are contracts arising from the transactions in which the violations occurred.

50.     The remedies available under The Reform Act supplement other legal remedies to which plaintiffs are entitled.  Educ. Code §94985(d).

## X.

### SECOND CAUSE OF ACTION

*(Violations of the Fair Debt Collection Practices Act -*

*Against Defendants, Alliance One, Windham and Does 1 through 50)*

51.     Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

52.     California Fair Debt Collection Practices Act (FDCPA) governs the collection of consumer debts by debt collectors under the provisions of Civil Code §1788, *et seq.*  Under the

///

FDCPA the loans attributed to Mrs. Benis and Mrs. Marek-Sykes are consumer debts resulting from a consumer credit transactions.  Civil Code §1788.2.

53.     The FDCPA prohibits debt collectors from (a) making misleading or false representations and (b) threatening or harassing consumer debtors, among other proscribed practices.  Civil Code §§1788.14-1788.16.  The FDCPA subjects debt collectors to the Federal Fair Debt Collection Practices Act ("Federal FDCPA"), preventing collectors from making false or misleading representations under 15 USC §1692e.   Civil Code §1788.17.

54.     On or about July 18, 2009, written notice was sent to Windham by counsel for Mrs. Benis, and on or about July 9, 2009, July 20, 2009, and August 8, 2009, written notices were sent to Windham and on or about December 15, 2009, written notice was sent to Alliance One by the attorney for Mrs. Marek-Sykes, disputing the validity of the loans, requesting that all communications be sent to their attorney, and that all communications with Mrs. Benis and Mrs. Marek-Sykes cease.

55.     Defendants, Alliance One, Windham, and Does 1 through 50, and each of them, violated the FDCPA by making misleading and false representations that Mrs. Benis and/or Mrs. Marek-Sykes have contractual obligations to Alliance One and/or Windham, as stated herein, made repeated telephone calls so as to annoy them, and attempted to communicate with them by telephone so unreasonably often as to constitute harassment, including communicating with Mrs. Benis and Mrs. Marek-Sykes after notice that they are represented by counsel. (Civ Code §§1788.11;1788.14-1788.18)

56.     Debt collection fees, charges and expenses totaling $34,912, have been charged to Mrs. Marek-Sykes by Alliance One, and Windham has charged debt collection, fees, charges and expenses of $33,138 to Mrs. Marek-Sykes, and $13,710 to Mrs. Benis.  None of these charges are not collectible either by any alleged contract or the non-existent contract with Alliance One

1    and/or Windham. Plaintiffs are informed and believe that such debt collection fees, charges and

2    expenses are usurious in nature and not actual collection expenses. Plaintiffs are informed and

3    believe that the collection costs imposed by Alliance One and Windham constitute unlawful

4    liquidated damages. Civil Code §1671(d).

5

6        57.    Neither Alliance One, Windham or Does 1 through 50, or any of them, notified

7    Mrs. Benis or Mrs. Marek-Sykes of debtor's rights in the language required by the FDCPA as

8    follows:

9          The state Rosenthal Fair Debt Collection Practices Act and the federal
            Fair Debt Collection Practices Act require that, except under unusual

10       circumstances, collectors may not contact you before 8 a.m. or after
            9 p.m. They may not harass you by using threats of violence or arrest

11       or by using obscene language. Collectors may not use false or misleading
            statements or call you at work if they know or have reason to know that

12       you may not receive personal calls at work. For the most part, collectors
            may not tell another person, other than your attorney or spouse, about

13       your debt. Collectors may contact another person to confirm your location
            or enforce a judgment. For more information about debt collection

14       activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP
            or www.ftc.gov.

15
         Civil Code §1812.700, *et seq.*.

16

17        58.    Any one of the violations committed by Alliance One, Windham and/or Does 1

18    through 50, or any of them, of the FDCPA is a violation of the state FDCPA.

19

20        59.    As a direct and proximate result of the wilful and knowing violations of the

21    FDCPA, defendants, Alliance One, and Does 1 through 50, and each of them, are liable for, and

22    Mrs. Benis requests, actual damages paid by her in the amount of $14,667. Civil Code

23    §1788.30(a).

24

25        60.    As a direct and proximate result of the wilful and knowing violations of the

26    FDCPA, defendants, Alliance One, Windham, and Does 1 through 50, and each of them, are

27    liable for, and Mrs. Marek-Sykes requests, actual damages incurred by Mrs. Marek-Sykes, being

28    the alleged debt collection fees of $60,181. Civil Code §1788.30(a).

61. As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Alliance One and Does 1 through 50, and each of them, are liable for, and Mrs. Benis and Mrs. Marek-Sykes each request One Thousand Dollars ($1,000), payable to each plaintiff, as a penalty to imposed upon defendant, Alliance One, and Does 1 through 50, and each of them. Civil Code §1788.30(b).

62. As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Windham, and Does 1 through 50, and each of them, are liable for, and Mrs. Benis and Mrs. Marek-Sykes each request One Thousand Dollars ($1,000), payable to each plaintiff, as a penalty to imposed upon defendant, Alliance One, and Does 1 through 50, and each of them. Civil Code §1788.30(b).

63. As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Alliance One, Windham and Does 1 through 50, and each of them, are liable for, and Mrs. Benis and Mrs. Marek-Sykes request, attorney fees.  Civil Code §1788.30(c).

64. The remedies available under the FDCPA are cumulative and in addition to other rights and remedies to which Mrs. Benis and Mrs. Marek-Sykes are entitled under any other provision of law.  Civil Code §1788.32.

## XI.

### THIRD CAUSE OF ACTION

*(Fraud by Intentional Misrepresentation Against All Defendants)*

65. Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

66. Defendants, and each of them, represented to Mrs. Benis and Mrs. Marek-Sykes that important facts were true, as alleged herein, knowing that the representations were false when they made it, or making the representations recklessly and without regard for the truth.

---

1    67.    Defendants, and each of them, intended that Mrs. Benis and Mrs. Marek-Sykes rely

2    on the representations.

3    68.    Mrs. Benis and Mrs. Marek-Sykes reasonably relied upon the representations,

4    which were a substantial factor in causing their harm.

5    69.    In reliance on the representations made by defendants, and each of them, as alleged

6    herein, Mrs. Benis has been damaged in the amount of $14,667, paid by her.

7    70.    In reliance on the representations made  by defendants, and each of them, as alleged

8    herein, Mrs. Marek-Sykes has been damaged in an amount exceeding $19,651, over the original

9    principal amount of $60,840, charged by Sallie Mae and Does 1 through 50, and each of them.

10    71.    In reliance on the representations made by defendants, and each of them, as alleged

11    herein, Mrs. Marek-Sykes has been damaged in an additional amount of $34,912, charged by

12    Alliance One, Windham, and Does 1 through 50.

13    72.    In reliance on the representations by defendants, and each of them, as alleged

14    herein, Mrs. Benis and Mrs. Marek-Sykes each suffered a loss of their valuable credit rating, as a

15    compensatory damage, according to proof.

16    73.    Mrs. Benis and Mrs. Marek-Sykes each request punitive damages against

17    defendants, and each of them, as a result of the fraudulent misrepresentations alleged, to be stated

18    at the appropriate time.

*XII.*

*FOURTH CAUSE OF ACTION*

*(Deceit by Concealment Against All Defendants)*

23    74.    Plaintiffs reallege and incorporate herein by reference each of the foregoing

24    paragraphs as though fully set forth herein.

25    75.    Defendants, and each of them, disclosed some facts to Mrs. Benis and Mrs. Marek-

26    Sykes, but intentionally failed to disclose other important and material facts, making the

27    disclosure deceptive, as stated herein.   Defendants, and each of them, failed to disclose important

28    facts that were known only to them, and which neither Mrs. Benis or Mrs. Marek-Sykes could

COMPLAINT FOR DAMAGES, RESCISSION & RESTITUTION

17

1   have discovered.  Defendants, and each of them, actively concealed important facts from Mrs.

2   Benis and Mrs. Marek-Sykes and/or prevented them from discovering those facts.

3       76.    Neither  Mrs. Benis or Mrs. Marek-Sykes knew about the concealed facts.

4   Defendants, and each of them, intended to deceive  Mrs. Benis and Mrs. Marek-Sykes by

5   concealing these facts.

6       77.    Mrs. Benis and Mrs. Marek-Sykes reasonably relied upon the deceptions  made by

7   defendants, and each of them, which was a substantial factor in causing their harm.

8       78.    In reliance on the deceptions and concealments made by defendants, and each of

9   them, as alleged herein,  Mrs. Benis has been damaged in the amount of $14,667, paid by her.

10      79.    In reliance on the deceptions and concealments made  by defendants, and each of

11  them, as alleged herein, Mrs. Marek-Sykes has been damaged in an amount in excess of $19,651

12  over the original principal amount of $60,840, charged by Sallie Mae and Does 1 through 50, and

13  each of them.

14      80.    In reliance on the deceptions and concealments made by defendants, and each of

15  them, as alleged herein, Mrs. Marek-Sykes has been damaged in an additional amount of

16  $34,912, charged by Alliance One, Windham, and Does 1 through 50.

17      81.    In reliance on the deceptions and concealments by defendants, and each of them, as

18  alleged herein, Mrs. Benis and Mrs. Marek-Sykes each suffered a loss of their valuable credit

19  rating, as a compensatory damage, according to proof.

20      82.    Mrs. Benis and Mrs. Marek-Sykes each request punitive damages against

21  defendants, and each of them, as a result of the deceptions and concealments alleged, to be stated

22  at the appropriate time.

23      83.    Mrs. Benis and Mrs. Marek-Sykes each request punitive damages against

24  defendants, and each of them, as a result of the deceptions and concealments alleged, to be stated

25  at the appropriate time.

26  ///

27  ///

28  ///

*PRAYER*

WHEREFORE, plaintiffs, and each of them, pray for judgment against defendants, and each of them, jointly and severally, for the following:

1. An order of rescission of the Sallie Mae Signature Loans;

2. Restitution or compensatory damages of $14,667 in favor of Mrs. Benis;

3. Compensatory damages of $19,651 in favor of Mrs. Marek-Sykes against Sallie Mae;

4. Compensatory damages of $34,912 in favor of Mrs. Marek-Sykes against Alliance One and Windham;

5. Civil statutory penalty of One Thousand Dollars ($1,000) in favor of Mrs. Benis and One Thousand Dollars ($1,000) in favor of Mrs. Marek-Sykes, against Alliance One;

6. Civil statutory penalty of One Thousand Dollars ($1,000) in favor of Mrs. Benis and One Thousand Dollars ($1,000) in favor of Mrs. Marek-Sykes, against Windham;

7. Compensatory damages for loss of valuable credit ratings, according to proof;

8. Punitive and exemplary damages;

9. Prejudgment Interest;

10. Postjudgment Interest;

11. Attorneys Fees

12. Costs of suit;

13. Such other and further relief as the court deems just and proper.

DATED:    October 4, 2010            LEWIS LAW FIRM


PATRICIA LEWIS,
Attorney for Plaintiffs,
Edna Benis and Pamela Marek-Sykes

**RECEIVED JUN 21 2004**

# CEC Signature Loan
*Application and Promissory Note*
For Loans First Disbursed Through May 31, 2005

**Sallie Mae**
1-800-695-3317 press 1 for English
or 2 for Spanish, then extension 7

**Academic Year**
2004-2005

Lender: Stillwater National Bank Stillwater, Oklahoma

Lender Code: 809081

## Section A:  Student Applicant Section:      Please read Instructions before completing this section.

1. 2. Last Name Jr./Sr. **MAREK**   First Name **TODD**   MI **A**

3. Academic period this loan will help fund (mm/yy)
Academic period may not exceed 12 months.
From $8/30/04$ To $8/24/04$

4. Permanent Home Street Address (PO Box not acceptable) **3618 BERNWOOD PL #42**   City **SAN DIEGO**   State **CA**   Zip Code **92130**   5. Home Phone Number

6. Address While in School **9605 SERRANO AVE**   City **SAN LUIS OBISPO**   State **CA**   Zip Code   7. Alternate Phone While in School

8. US Citizenship (circle one)   Please Refer to Instructions
US Citizen or National   Non-Citizen Permanent Resident   Foreign Student   Alien ID#

9. Date of Birth
Federal $ **3200**   Private $ **0**

10. Line Level (outstanding educational loan debt. (Refer to Instructions.)

Non-citizen permanent residents and other eligible aliens must submit a copy of the front and back of their
CIS (formerly INS) card (CIS Form I-551). Foreign students must submit a copy of either their student
VISA (type F1, H1B or J1) or a copy of their CIS Form. CIS forms I-688 B, I-766, or I-94 are accepted. If
CIS form I-94 is submitted, the student must also attach a copy of his/her valid passport including the
student's photo.

11. You should apply for a federal loan before applying for this CEC Signature Loan, if eligible. (Refer to Instructions.)
If you have applied for a federal loan please check here and list your lender:
☐ Yes, I have applied for a federal loan.  Lender Name: _____   ☐ No, I am not eligible.

12. Loan Amount Requested (Refer to Instructions) **7528**

13. School Name, City & State **BROOKS INSTITUTE SANTABARBARA, CA**

14. Grade Level **FRESHMAN**   : Major (Refer to Instructions) **FILM/VIDEO**

15. Have you ever defaulted on a student loan?
Yes ☐
(If yes, see Instructions for required action.)

16. E-mail Address **TODDYSTYLE2003@NETSCAPE.NET**

17. Reference (Do not use co-borrower) **PAM MAREK**

18. Relationship **MOTHER**

19. Reference's Permanent Address (PO Box not acceptable) **3618 BERNWOOD PL #42 SAN DIEGO**   State **CA**   Zip Code **92130**   20. Reference's Home Phone Number

## Section B:  Co-borrower Information:     Please read Instructions before completing this section.

21. Last Name Jr./Sr. **BENIS**   First Name **EDNA**   MI   22. Date of Birth   23. Social Security Number

24. Current Street Address (PO Box not acceptable) **2712 N. BEVERLY ST**   City **TUCSON**   State **AZ**   Zip Code **85712**   25. Home Phone Number

Note: For boxes 26, 27 and 43, you do not have to reveal any alimony, child
support or separate maintenance income unless you wish it to be
considered as a basis for loan repayment. (Refer to Instructions)

26. Gross Monthly Salary/Wage Income
$ **2500**

27. Other Gross Monthly Income
$ **1100**  Source **SS. SEC $ 539**

28. Gross Monthly Housing Payment
$ _____   circle one  Own  Rent

29. Other Monthly
Payments
$

30. Employer's Name **ARIZONA ACCOUNTING**   31. Employer's Address **1842 W. GRANT RD STE #105 TUCSON**   City   State **AZ**   Zip Code **85745**   32. Work Phone

33. Bank Name **COMPASS BANK**   Checking Account  Savings Account

34. Have you ever defaulted on a
student loan? (Refer to Instructions)
Yes ☐   No ☐

35. Citizenship (Circle One), US Citizen  Permanent Resident*
* Non-citizen Permanent Residents must submit a copy of the
front and back of their CIS card (CIS Form I-551).

36. Reference:  DO NOT use student.  **PAM MAREK**

37. Reference's Permanent Address (PO Box not acceptable) **3618 BERNWOOD PL #42 SAN DIEGO**   City   State **CA**   Zip Code **92130**   38. Reference's Home Phone
Number

39. Relationship **DAUGHTER**

AS A CO-BORROWER, YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER. However, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him/her complete boxes
40-44. Complete boxes 43 and 44 only if not included in boxes 27 and 29 above.  Second Co-borrower must reside at same residence.  Non-citizen Permanent resident must submit CIS card.

40. Last Name Jr./Sr.   First Name   MI   41. Date of Birth
(mm/dd/yy)   42. Social Security Number   43. Gross Monthly Income   44. Total monthly
payments

## Section C:  Borrower and Co-borrower(s) Signatures:

45. **CAUTION – IT IS IMPORTANT
THAT YOU THOROUGHLY READ
THE CONTRACT BEFORE YOU
SIGN IT.  I/WE, THE CO-
BORROWER(S), HAVE READ THE
APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read
the promissory note even if otherwise advised. (b) Do
not sign this if it contains any blank spaces. (c) You are
entitled to an exact copy of any agreement you sign. (d)
You have the right at any time to pay in advance the
unpaid balance due under this agreement and you may
be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my
knowledge and belief.  I have read the Promissory Note (SS2004-F) accompanying
this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally
with the other signers below, I promise to pay the lender or any other holder of this
loan all sums disbursed under the terms of the Promissory Note, plus interest and all
other charges that may become due. The terms and conditions set forth in the
Promissory Note constitute the entire agreement between us.

Signature of Borrower _____ (seal)   Date **6/17/04**

Co-borrower Signature **Edna Benis** (seal)   Date **6/17/04**

Second Co-borrower Signature (if boxes 40-44 completed) _____ (seal)   Date _____

## Section D:  School Section:      Must be completed by an authorized school official.

46. School Name
CEC:

47. School Code/Branch

48. Authorized Loan Amounts and Disbursement Dates

| | | mm/dd/yy | Amount |
|---|---|---|---|
| 49. Grade Level (Circle One) | | 50. Loan period (mm/dd/yy) | |
| Undergraduate | Graduate | From: ___  To: ___ | 1ˢᵗ Disbursement ___ $ ___ |
| 01 - Freshman | A - First Year | | 2ⁿᵈ Disbursement ___ $ ___ |
| 02 - Sophomore | B - Second Year | 52. Anticipated Graduation Date (mm/yy) | 3ʳᵈ Disbursement ___ $ ___ |
| 03 - Junior | C - Third Year | | 4ᵗʰ Disbursement ___ $ ___ |
| 04 - Senior | D - Fourth Year | 53. Enrollment Status (Circle One): | |
| 05 - Fifth Year | | Students must be enrolled at least half-time. | Total Approved Amount ___ $ ___ |
| | | Full Time    Half Time | |

51. Discipline/Major

54. I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Approved Amount does not exceed the student's cost of education minus any other financial aid; that the
school will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and
provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official
Sign and date: _____   Print or type
name and title: _____   Phone: _____   Certification Sent Electronically ☐

CEC print

(Copyright Sallie Mae 2003.04 1/2004)

**LENDER COPY**

**EXHIBIT  A-1**

# CO-BORROWER APPLICATION AND PROMISSORY NOTE

THIS CO-BORROWER APPLICATION AND PROMISSORY NOTE amends the Loan Application ("Loan Application") and the Promissory Note ("Promissory Note") for the Student Applicant listed in Section A below, for the purpose of adding the undersigned as Co-borrower(s) to the Loan Application and the Promissory Note.

**Instructions:**

➤ Please print or type. You can apply to be a co-borrower in your name alone, regardless of your marital status
➤ Please provide proof of income for all sources of income listed below. Applicable proof of income is an automated pay stub (which lists your year-to-date income) or a copy of a non-automated pay stub and your most recent W2 form. If you are self-employed you must provide your most recent signed tax return.
➤ Question 13: Gross monthly salary/wage income is the amount you are paid BEFORE taxes and deductions.
➤ Question 14: Other gross monthly income includes part-time job, retirement income, etc.
➤ Question 16: Total other monthly payments includes installment payments (car payments), revolving payment (credit card), and recurring obligation such as child support or alimony.
➤ NOTE: If you, reside in Iowa, South Carolina, New York, West Virginia or Wisconsin you must sign the applicable state notice (enclosed). The student's loan—if approved—will not be disbursed unless this requirement is met.

## Section A:  Name of the Student Borrower
Please add the student borrower's information for whom you wish to be a co-borrower below

| 1. Full Name | Last MAREK | First TODD | MI ALLEN | Jr./Sr. | 2. Student's Social Security Number | 3. Loan Amount 7,529. | 4. Date of Loan Application 6/18/04 |
|---|---|---|---|---|---|---|---|

## Section B: Co-borrower Information Section:   Please complete all information in this section ONLY if you are an U.S. Citizen or Non-Citizen Permanent Resident.

| 5. Full Name | Last BENIS | First EDNA | MI | Jr./Sr. | 6. Date of Birth (mm/dd/yy) 8/31/27 | 7. Social Security Number |
|---|---|---|---|---|---|---|

| 8. Current Street Address (PO Box not acceptable) 2712 N. BEVERLY AVE | City TUCSON | State AZ | Zip Code 85712 | 9. Home Phone |
|---|---|---|---|---|

| 10. How Long at Current Address years 20 months 6 | 11. E-mail Address | 12. Have you ever defaulted on a student loan? NO |
|---|---|---|

Note: For boxes 13,14, and 31 you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment.

| 13. Gross Monthly Salary/Wage Income: $ 2500 | 14. Other Gross Monthly Income: $ 1109 | Source: Soc. Sec | 15. Monthly Housing Payment $ 539.48 | Circle One: (Own) Rent | 16 Total Other Monthly Payments $ |
|---|---|---|---|---|---|

| 17. Employer's Name FRITZ ERBE AZ ACCOUNTING SVC INC | 18. Employer's Address 1842 W. GRANT 105, Tucson, Az 85745 | 19. Work Phone | 20. Length of Employment years 22 months 4 |
|---|---|---|---|

| 21. Bank Name COMPASS BK | Checking Account # 0040122666 | Savings Account # 113 9000 341 WASHINGTON FEDERAL | 22. Citizenship (Circle One) (US Citizen) Permanent Resident | Non Citizen Permanent Residents must submit a copy of the front and back of your CIS (formerly INS) card |
|---|---|---|---|---|

| 23. Reference: nearest relative Not living with you. (Do NOT use borrower.) LINDA S. MORGAN | 24. Reference's Permanent Address 10660 W. RUDASILL | City TUCSON | State AZ | Zip Code 85743 |
|---|---|---|---|---|
| 25. Reference's Home Phone | 26. Relationship DAUGHTER | | 27. E-mail Address | |

YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER, however, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him/her complete boxes 28-35. A second co-borrower must be an adult residing at the same residence as the co-borrower. Non citizen permanent resident must submit a copy of the front and back of their INS card.

| 28. Full Name | Last | First | MI | Jr./Sr. | 29. Date of Birth (mm/dd/yy) | 30. Social Security Number | 31. Gross Monthly Income $ | 32. Total Other Monthly Payments $ |
|---|---|---|---|---|---|---|---|---|

| 33. Citizenship (Circle One) US Citizen Non Citizen Permanent Resident* | *Non Citizen Permanent Residents must submit a copy of the front and back of your INS card | 34. Have you ever defaulted on a student loan? (circle one) Yes   No | 35. E-mail Address |
|---|---|---|---|

## Section C: Co-borrower(s) Signatures:

**36. CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-A) accompanying this application and the Notice to Cosigner(s) Promise to pay: Jointly and severally with the Student Borrower and any other co-borrower, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Co-borrower _Edna Benis_ _____ (seal) Date 6/18/04

Signature of Second Co-Borrower (if boxes 28-32 completed) _____ (seal) Date _____

Call Signature Student Loan Customer Service at:   1-800-695-3317

**EXHIBIT   A-2**

# CEC Signature Loan
*Application and Promissory Note*
For Loans First Disbursed Through May 31, 2005

**Sallie Mae**
1-800-695-3317 push 1 for English
or 2 for Spanish, then extension 7

**Academic Year 2004-2005**

| Lender: | Stillwater National Bank   Stillwater, Oklahoma | Lender Code: 809081 |

## Section A:   Student Applicant Section:   Please read Instructions before completing this section.

| 1. Social Security Number | 2. Last Name Jr./Sr. MAREK   First Name TODD   MI A | 3. Academic period this loan will help fund (mm/yy) From: JUL/04   To: FEB/05 |

4. Permanent Home Street Address (PO Box not acceptable) 3618 BEENWOOD PL #42   City SAN DIEGO   State CA   Zip 92  5. Home Phone Number

6. Address While in School   City   State   Zip Code   7. Alternate Phone While in School

8. Citizenship (circle one)   Please Refer to Instructions
US Citizen or National   Non-Citizen Permanent Resident *   Foreign Student *   Alien ID#

9. Date of Birth 03/03/81   10. Total outstanding educational loan debt. (Refer to Instructions.)   Federal $   Private $

11. Would you apply for a federal loan before applying for this CEC Signature Loan, if eligible. (Refer to Instructions.)   If you have applied for a federal loan please check here and list your lender.   ☑ Yes, I have applied for a federal loan.   Lender Name:   ☐ No, I am not eligible.

Non-citizen permanent residents and other eligible aliens must submit a copy of the front and back of their CIS (formerly 'INS') card (CIS Form I-551). Foreign students must submit a copy of either their student VISA (type F1, H1B or J1) or a copy of their CIS Form. CIS form I-688 B, I-766, or I-94 are acceptable. If CIS form I-94 is submitted, the student must also attach a copy of his/her valid passport including the student's photo.

| 12. Loan Amount Requested (Refer to Instructions) 25714 | 13. School Name, City & State BROOK INSTITUTE, S.B., CA | 14. Grade Level 4 YR | 15. Major (Refer to Instructions) ART | 15. Have you ever defaulted on a student loan? ☐ (If yes, see Instructions for required action.) |

16. E-mail Address JAY531@HOME.COM #42   17. Reference (not a co-borrower)   Name: PAM MAREK   18. Relationship MOTHER

19. Reference's Permanent Address (PO Box not acceptable) 3618 BEENWOOD PL #42 SAN DIEGO CA   Zip Code 92150   20. Reference's Home Phone Number

## Section B:   Co-borrower Information:   Please read Instructions before completing this section.

21. Last Name Jr./Sr.   First Name   MI   22. Date of Birth (mm/yy)   23. Social Security Number

24. Current Street Address (PO Box not acceptable)   City   State   Zip Code   25. Home Phone Number

Note: For boxes 26, 27 and 43, you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment. (Refer to Instructions)   26. Gross Monthly Salary/Wage Income $   27. Other Gross Monthly Income $ Source:   28. Monthly Housing Payment $ circle one: Own Rent   29. Other Monthly Payments $

30. Employer's Name   31. Employer's Address   City   State   Zip Code   32. Work Phone

33. Bank Name   Checking Account or Savings Account #   34. Have you ever defaulted on a student loan? (Refer to Instructions) Yes No   35. Citizenship (Circle One) US Citizen   Permanent Resident * * Non-citizen Permanent Residents must submit a copy of the front and back of their CIS card (CIS Form I-551).   36. Reference: DO NOT use student.

37. Reference's Permanent Address (PO Box not acceptable)   City   State   Zip Code   38. Reference's Home Phone Number   39. Relationship

AS A CO-BORROWER, YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER. However, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him/her complete boxes 40-44. Complete boxes 43 and 44 only if not included in boxes 27 and 29 above.   Second Co-borrower must reside at primary co-borrower's residence.   Non-citizen Permanent resident must submit CIS card.

40. Last Name Jr./Sr.   First Name   MI   41. Date of Birth (mm/yy)   42. Social Security Number   43. Gross Monthly Income   44. Total monthly payments

## Section C:   Borrower and Co-borrower(s) Signatures:

**45. CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-F) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Borrower _____ (seal)   Date 7/8/04

Co-borrower Signature _____ (seal)   Date _____

Second Co-borrower Signature (if boxes 40-44 completed) _____ (seal)   Date _____

## Section D: School Section:   Must be completed by an authorized school official.

46. School Name   CEC:

47. School Code/Branch

48. Authorized Loan Amounts and Disbursement Dates   mm/dd/yy   Amount

49. Grade Level (Circle One)
Undergraduate   Graduate
01 – Freshman   A - First Year
02 – Sophomore   B - Second Year
03 – Junior   C - Third Year
04 – Senior   D - Fourth Year
05 – Fifth Year

50. Loan period (mm/dd/yy) From:   To:

51. Discipline/Major

52. Anticipated Graduation Date (mm/yy)

53. Enrollment Status (Circle One): Students must be enrolled at least half-time.   Full Time   Half Time

1st Disbursement _____ $ _____
2nd Disbursement _____ $ _____
3rd Disbursement _____ $ _____
4th Disbursement _____ $ _____
Total Approved Amount   $ _____

54. I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Approved Amount does not exceed the student's cost of education minus any other financial aid; that the school will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official Sign and date:   Print or type name and title:   Phone   Certification Sent Electronically ☐

CEC print

Copyright Sallie Mae 2000-04-1/2011

**EXHIBIT   B-1**

# CO-BORROWER APPLICATION AND PROMISSORY NOTE

THIS CO-BORROWER APPLICATION AND PROMISSORY NOTE amends the Loan Application ("Loan Application") and the Promissory Note ("Promissory Note") for the Student Applicant listed in Section A below, for the purpose of adding the undersigned as Co-borrower(s) to the Loan Application and the Promissory Note.

**Instructions:**
- Please print or type. You can apply to be a co-borrower in your name alone, regardless of your marital status
- Please provide proof of income for all sources of income listed below. Applicable proof of income is an automated pay stub (which lists your year-to-date income) or a copy of a non-automated pay stub and your most recent W2 form. If you are self-employed you must provide your most recent signed tax return.
- Question 13: Gross monthly salary/wage income is the amount you are paid BEFORE taxes and deductions.
- Question 14: Other gross monthly income includes part-time job, retirement income, etc.
- Question 16: Total other monthly payments includes installment payments (car payments), revolving payment (credit card), and recurring obligation such as child support or alimony.
- NOTE: If you reside in Iowa, South Carolina, New York, West Virginia or Wisconsin you must sign the applicable state notice (enclosed). The student's loan—if approved—will not be disbursed unless this requirement is met.

## Section A: Name of the Student Borrower
Please add the student borrower's information for whom you wish to be a co-borrower below

| 1. Full Name | Last | First | MI | Jr./Sr. | 2. Student's Social Security Number | 3. Loan Amount | 4. Date of Loan Application |
|---|---|---|---|---|---|---|---|
| | MAREK | TODD | ALLEN | | | 2551700 | 7/9/2004 |

## Section B: Co-borrower Information Section:
Please complete all information in this section ONLY if you are an U.S. Citizen or Non-Citizen Permanent Resident.

| 5. Full Name | Last | First | MI | Jr./Sr. | 6 Date of Birth (mm/dd/yy) | 7. Social Security Number |
|---|---|---|---|---|---|---|
| | BENIS | EDNA | | | 8/31/1927 | |

| 8. Current Street Address (PO Box not acceptable) | City | State | Zip Code | 9. Home Phone |
|---|---|---|---|---|
| 2712 N. BEVERLY AVE | TUCSON | AZ | 85712 | |

| 10. How Long at Current Address | 11. E-mail Address | 12. Have you ever defaulted on a student loan? |
|---|---|---|
| years 22 months 6 | | NO |

Note: For boxes 13, 14, and 31 you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment

| 13. Gross Monthly Salary/Wage Income: | 14. Other Gross Monthly Income: Source: | 15. Monthly Housing Payment | Circle One: Own/Rent | 16 Total Other Monthly Payments |
|---|---|---|---|---|
| $ 2500 | $ 1109 Soc Sec | $ 539.48 | Own | $ |

| 17. Employer's Name | 18. Employer's Address | 19. Work Phone | 20. Length of Employment years / months |
|---|---|---|---|
| FRITZ ERBE AZ ACCOUNTING SVG Inc | 1842 W. GRANT *105, TUCSON AZ 85745 | | 22 4 |

| 21. Bank Name | Checking Account # 004012268L | Savings Account # 118900341 | 22. Citizenship (Circle One) US Citizen / Non Citizen Permanent Resident | Non Citizen Permanent Residents must submit a copy of the front and back of your CIS (formerly INS) card |
|---|---|---|---|---|
| COMPASS BK | | WASHINGTON FEDERAL | US Citizen | |

| 23. Reference; nearest relative Not living with you. (Do NOT use borrower.) | 24 Reference's Permanent Address | City | State | Zip Code |
|---|---|---|---|---|
| LINDA S. MORGAN | 10660 W. RAVENHILL | TUCSON | AZ | 85743 |

| 25. Reference's Home Phone | 26. Relationship | 27. E-mail Address |
|---|---|---|
| | DAUGHTER | |

YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER, however, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him / her complete boxes 28-35. A second co-borrower must be an adult residing at the same residence as the co-borrower. Non citizen permanent resident must submit a copy of the front and back of their INS card.

| 28. Full Name | Last | First | MI | Jr./Sr. | 29. Date of Birth (mm/dd/yy) | 30. Social Security Number | 31. Gross Monthly Income $ | 32. Total Other Monthly Payments $ |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| 33. Citizenship (Circle One) US Citizen / Non Citizen Permanent Resident* | *Non Citizen Permanent Residents must submit a copy of the front and back of your INS card | 34. Have you ever defaulted on a student loan? (circle one) Yes No | 35. E-mail Address |
|---|---|---|---|
| | | | |

## Section C: Co-borrower(s) Signatures:

**36. CAUTION—IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-A) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the Student Borrower and any other co-borrower, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Co-borrower _Edna Benis_ (seal) Date 7/9/2004

Signature of Second Co-borrower (if boxes 28-32 completed) _____ (seal) Date _____

Call Signature Student Loan Customer Service at: 1-800-695-3317

Mail completed application to: Sallie Mae Servicing • PO Box 59030 • Panama City, FL 32412-9030

**EXHIBIT B-2**

TRUE AND EXACT COPY OF THE ORIGINAL

# CEC Signature Loan®

Application and Promissory Note
For Loans First Disbursed Through May 31, 2006

Sallie Mae
1-800-695-3317  Press 1 for English
2 for Spanish, then #7

Academic Year
2005-2006
XS

| Lender Name | Lender City | Lender State | Lender Code |
|---|---|---|---|
| Stillwater National Bank & Trust Co (809081) | STILLWATER | OK | 8090810000 |

**Section A: Borrower Information**  Please read instructions before completing this section.

| | First Name | MI |
|---|---|---|
| Social Security Number  Last Name and Suffix  MAREK | TODD | A |

| Permanent Address (No PO Boxes) | City SAN DIEGO | State CA | Zip Code 92130 1882 |
|---|---|---|---|
| Permanent Phone Number | Time At Address (If less than 1 year, provide prior address.) | Years | Months |
| Prior Address | City | State | Zip Code |
| Address While In School | City San Luis Obispo | State CA | Zip Code 93405 |

| Phone Number While In School | Date of birth (mm/dd/yy) 03/03/1981 | Email Address toddystyle2003@netscape.net |
|---|---|---|

Citizenship (select one)  a) U.S. citizen___  b) Non-Citizen Permanent Resident___  c) Foreign Resident___   Have you ever defaulted on a student loan?  Yes___  No___  If yes, see instructions for required action
Note: For options b or c, see instructions

Total Loan Amount Requested  We encourage you to borrow conservatively, but try to borrow the full   Amount requested is for you  From (mm/yy) 03/05   To (mm/yy) 12/05
$ 26,105.00   amount you need so you do not have to submit another application. (See instructions)

| School Name | City | State |
|---|---|---|
| BROOKS INST OF PHOTOGRAPHY | SANTA BARBARA | CA |

| Grade Level (Refer to instructions) 02 | Course of Study (Refer to instructions) OTH | Student Loan Education Debt  Total Federal $ | Total Non-Federal / Private $ |
|---|---|---|---|

Reference -- You must provide an adult reference other than the cosigner(s)

| Last Name and Suffix | First Name | MI | Relationship to Borrower MOTHER |
|---|---|---|---|
| Address (No PO Boxes) | City SAN DIEGO | State CA  Zip Code 92130 | Phone Number (cell phone not acceptable) |

**Section B: Cosigner Information**  Please read instructions before completing this section.
As a cosigner, you are not required to add a second cosigner. However, if you want a second cosigner's income and debts to be considered in the loan decision, please have him/her complete the second cosigner section. Second cosigner must reside at primary cosigner's address.

| | First Name | MI |
|---|---|---|
| Social Security Number  Last Name and Suffix  MAREK | PAM | B |

| Address (No PO Boxes) | City SAN DIEGO | State CA | Zip Code 92130 | Phone Number |
|---|---|---|---|---|
| Date of Birth (mm/dd/yy) 09/13/1956 | Email Address pmarek@san.rr.com | | | |

How you are defaulted on a student loan?  Yes___ / No___   Bank Name   Checking Account or Savings Account #   Citizenship (select one)  a) U.S. citizen___  b) Non-Citizen Permanent Resident___  Note: For option b, see instructions

| Present Employer Name PRACA INSTITUTE | Employer Address (City, State, Zip Code) 12325 KERRAN ST   POWAY CA 92064 | Work Phone Number |
|---|---|---|

Gross Monthly Income (See instructions) Note: You do not have to reveal alimony, child support or   Monthly Mortgage/Rent Amount   Other Monthly Payment
separate maintenance income unless you wish it to be considered as a basis for loan repayment   $ 1,200.00   Circle one: Own / Rent   $ 1,000.00
Salary $3,665.00   Other $   Source

Reference -- You must provide an adult reference other than the borrower

| Last Name and Suffix | First Name | MI | Relationship to Cosigner WIFE |
|---|---|---|---|
| Address (No PO Boxes) 2712 N. BEVERLY   TUCSON | City | State AZ  Zip Code 85712 | Phone Number (cell phone not acceptable) |

**Second Cosigner Information**

| | First Name | MI |
|---|---|---|
| Social Security Number  Last Name and Suffix | | |

| Date of Birth (mm/dd/yy) | Have you ever defaulted on a student loan?  Yes___ / No___ | Citizenship (select one)  a) U.S. citizen___  b) Non-Citizen Permanent Resident___  Note: For option b, see instructions |
|---|---|---|
| Present Employer Name | Employer Address (City, State, Zip Code) | Work Phone Number | Gross Monthly Salary (See instructions) | Other Monthly Payment |

**Section C: Borrower and Cosigner(s) Signature**

CAUTION -- IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE COSIGNER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signer below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature _____  (seal)  Date _____

Cosigner Signature (if applicable) Pamela _____ R. Marek _____  (seal)  Date 05/02/2005
(signature)

Second Cosigner Signature (if applicable) _____  (seal)  Date _____

**Section D: School Certification**  Must be completed by an authorized school official.

| School Name BROOKS INST OF PHOTOGRAPHY | School Code/Branch 0011230000 | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|
| For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy)   To Date (mm/dd/yy) | Grade Level (Circle one) Please refer to instructions. Undergraduate   A B C D E  Graduate   A B C D | 1. $ | 2. $ |
| Enrollment Status (Circle one)  Full-time   Half-time | Course of Study (Refer to Instructions) OTH | Anticipated Grad Date (mm/dd/yy) | 3. $   4. $ |
| | | Total Certified Amount $ 26105 | 5. $ |

I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| Authorized School Official  Sign and date | Print or Type  Name and title | Phone Number (805) 966-3888 | Certification Sent Electronically  Yes / No |
|---|---|---|---|

EDOCS_RETURN Borrower Return Application To:  Sallie Mae Servicing • PO Box 59050 • Panama City, FL 32412 • 1-800-695-3317 (Copyright Sallie Mae 2000-05 1/2005)   389005-F

EXHIBIT C

# Signature Student Loan

SallieMae

**Application and Promissory Note**
For Loan Applications Received by May 31, 2007

1-800-377-4310   | XS |   9009770000

## Section A: Borrower Information   Please read instructions before completing this section.

Social Security Number: [redacted] | Last Name and Suffix: MAREK | First Name: TODD | MI: A

Permanent Address (No P.O. Boxes): 6117 Simpson Ave | City: North Hollywood | State: CA | ZIP Code: 91606

Permanent Phone Number: (805) 300-5340 | Cellular Phone Number: n/a | Time at Address (if less than one year, provide prior address): Years 0  Months 6

Prior Address: 123 Howard St. | City: Ventura | State: CA | ZIP Code: 93003

Address While in School: 6117 Simpson Ave | City: North Hollywood | State: CA | ZIP Code: 91606

Phone Number While in School: | Date of Birth (mm/dd/yy): [redacted] | Email Address: toddstyle@gmail.com

Citizenship (check one) a) U.S. Citizen [X]  b) Non-Citizen Permanent Resident [ ]  c) Foreign Resident [ ]  Note: For options b, c or d see instructions
d) Foreign Resident not eligible for a Social Security Number [ ]  Note: For options b, c or d see instructions | Have you ever defaulted on a student loan? (check one) Yes [ ]  No [X]   If yes, see instructions for required action

Total Loan Amount Requested: We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) $ 24,000.00 | Enrollment Period for which you want to borrow money (cannot exceed 12 months): From (mm/yy) 07/06  To (mm/yy) 03/07

School Name: BROOKS INST OF PHOTOGRAPHY | City: SANTA BARBARA | State: CA

Grade Level (refer to instructions): 02 | Course of Study (refer to instructions): FLM | Current Outstanding Student Loan Debt (refer to instructions): $ 96,605.00

References — You must provide two (2) adult references other than the cosigner
1) Last Name and Suffix: Benis | First Name: Edna | MI: | Relationship to Borrower: Relative

Email Address: n/a | Permanent Phone Number: (520) 327-0795 | Alternate Phone Number: n/a

2) Last Name and Suffix: Wagman | First Name: Justin | MI: | Relationship to Borrower: Friend

Email Address: justwags@yahoo.com | Permanent Phone Number: (818) 970-5913 | Alternate Phone Number: n/a

## Section B: Cosigner Information   Please read instructions before completing this section.

Social Security Number: [redacted] | Last Name and Suffix: Marek | First Name: Pamela | MI: E

Address (No P.O. Boxes): 3618 Bernwood Pl. #4 | City: San Diego | State: CA | ZIP Code: 92130

Permanent Phone Number: | Cellular Phone Number: [redacted] | Time at Residence (if less than one year, provide prior address): Years 10  Months 5

Prior Address (No P.O. Boxes): | City: | State: | ZIP Code:

Citizenship (check one) a) U.S. Citizen [X]  b) Non-Citizen Permanent Resident [ ]  Note: For option b, see instructions | Date of Birth (mm/dd/yy): [redacted] | Have you ever defaulted on a student loan? (check one) Yes [ ]  No [X]   If yes, see instructions for required action

Present Employer Name: | Employer Address (City, State, ZIP Code): | Work Phone Number:

Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment Salary $ 4,000.00  Other $  Source | Monthly Mortgage/Rent Amount (check one) $ 1,200.00  Own [X] Rent [ ] | Cosigner's Email Address: pmarek@san.rr.com

References — You must provide two (2) adult references other than the borrower
1) Last Name and Suffix: Benis | First Name: Edna | MI: | Relationship to Cosigner: Mother

Email Address: N/A | Permanent Phone Number: [redacted] | Alternate Phone Number: N/A

2) Last Name and Suffix: Morley | First Name: Anne | MI: | Relationship to Cosigner: Friend

Email Address: amorley@amorleydesign.com | Permanent Phone Number: [redacted] | Alternate Phone Number: N/A

## Section C: Borrower and Cosigner Signature

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.

Notice to Customer (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature: Todd   A   Marek  4CF706C0B41B3866DA5D8AAB2835D27E9 (seal)  Date 07/18/2006

Cosigner Signature (if applicable): Pamela   E   Marek  AA75B2FB7C45DD86EC7CC713AA3D681B (seal)  Date 07/18/2006

## Section D: School Certification   Must be completed by an authorized school official.

School Name: BROOKS INST OF PHOTOGRAPHY | School Code/Branch: 0011230000 | Disbursement Date (mm/dd/yy) | Disbursement Amount

For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy) 07/14/2006  To Date (mm/dd/yy) 03/03/2007 | Grade Level (circle one) Please refer to instructions. Undergraduate 1 2 3 4 5  Graduate A B C D | 1. / / | 1. $

Enrollment Status (check one) Full-time [X]  Half-time [ ] | Course of Study (refer to instructions): FLM | Anticipated Graduation Date (mm/dd/yy): | 2. / / ... 3. / / ... 4. / / | 2. $ ... 3. $ ... 4. $

Total Certified Amount: $

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official: | Print or type name and title: | Phone

ONWLD_SWIS   Return Application To: Sallie Mae • PO Box 147023 • Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)   App Code: ICEC9601  Prom Note Code: JXSP06o2

**EXHIBIT E**

# Signature Student Loan

2006-2007

Application and Promissory Note

For Loan Applications Received by May 31, 2007

1-800-377-4310  | XS |  900977

| Section A: Borrower Information | Please read instructions before completing this section. | | | |
|---|---|---|---|---|

**Social Security Number:** (redacted)  **Last Name and Suffix:** MAREK  **First Name:** TODD  **MI:** A

**Permanent Address (No P.O. Boxes):** 3618 Bernwood Pl.#42  **City:** San Diego  **State:** CA  **ZIP Code:** 92130

**Permanent Phone Number:** (redacted)  **Cellular Phone Number:** (redacted)  **Time at Address (if less than one year, provide prior address):** Years 12  Months 0

**Prior Address:** 6117 Simpson Ave  **City:** North Hollywood  **State:** CA  **ZIP Code:** 91606

**Address While in School:** 1520 N. Vista St.  **City:** Los Angeles  **State:** CA  **ZIP Code:** 90046

**Phone Number While in School:** (redacted)  **Date of Birth (mm/dd/yy):** (redacted)  **Email Address:** toddystyle@gmail.com

**Citizenship (check one):** a) U.S. Citizen ☐  b) Non-Citizen Permanent Resident ☐  c) Foreign Resident ☐  **Note:** for options c, or d see instructions  **Have you ever defaulted on a student loan?** Yes ☐ No ☐  If yes, see instructions for required action

d) Foreign Resident not eligible for a Social Security Number ☐  Note: for options c, or d see instructions

**Total Loan Amount Requested** (see instructions): $12,500.00  We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application.  **Enrollment Period for which you want to borrow** (cannot exceed 12 months): From (mm/yy) 03/07  To (mm/yy) 10/07

**School Name:** BROOKS INST OF PHOTOGRAPHY  **City:** SANTA BARBARA  **State:** CA

**Grade Level (refer to instructions):** 03  **Course of Study (refer to instructions):** FLM  **Current Outstanding Student Loan Debt (refer to instructions):** $100,000.00

**References — You must provide two (2) adult references other than the borrower.**

1) **Last Name and Suffix:** Benis  **First Name:** Edna  **MI:**  **Relationship to Borrower:** Relative  **Alternate Phone Number:** (redacted)

**Email Address:** n/a  **Permanent Phone Number:** (redacted)

2) **Last Name and Suffix:** Busalachi  **First Name:** Mike  **MI:**  **Relationship to Borrower:** Friend  **Alternate Phone Number:** n/a

**Email Address:** mike_busa@yahoo.com  **Permanent Phone Number:** (redacted)

| Section B: Cosigner Information | Please read instructions before completing this section. | | | |
|---|---|---|---|---|

**Social Security Number:** (redacted)  **Last Name and Suffix:** MAREK  **First Name:** PAMELA  **MI:** E

**Address (No P.O. Boxes):** 3618 BERNWOOD PL  #42  **City:** SAN DIEGO  **State:** CA  **ZIP Code:** 92130

**Permanent Phone Number:** (redacted)  **Cellular Phone Number:**  **Time at Address (if less than one year, provide prior address):** Years 0  Months 0

**Prior Address (No P.O. Boxes):**  **City:**  **State:**  **ZIP Code:**

**Citizenship (check one):** a) U.S. Citizen ☐  b) Non-Citizen Permanent Resident ☐  Note: for option b, see instructions  **Date of Birth (mm/dd/yy):** (redacted)  **Have you ever defaulted on a student loan?** Yes ☐ No ☐  If yes, see instructions for required action

**Present Employer:**  **Employer Address (City, State, ZIP Code):** 12325 KERRAN ST POWAY CA 92064  **Work Phone Number:** (redacted)

**Gross Monthly Income (see instructions):** Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment. Salary $4,000.00  Other $  Source  **Monthly Mortgage/Rent Amount (check one):** $1,200.00  Own ☐ Rent ☐  **Cosigner's Email Address:** PMAREK@SAN.RR.COM

**References — You must provide two (2) adult references other than the cosigner.**

1) **Last Name and Suffix:** MORLEY  **First Name:** ANNE  **MI:**  **Relationship to Cosigner:** Friend  **Alternate Phone Number:** (redacted)

**Email Address:** AMORLEY@AMORLEYDESIGN.COM  **Permanent Phone Number:** (redacted)

2) **Last Name and Suffix:** BENIS  **First Name:** EDNA  **MI:**  **Relationship to Cosigner:** Mother  **Alternate Phone Number:** N/A

**Email Address:** N/A  **Permanent Phone Number:** (redacted)

| Section C: Borrower and Cosigner Signature | | |
|---|---|---|

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and understand the terms of the Promissory Note. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**Borrower Signature** Todd  005EF05EB32B8137894632D63501D2F1  A  Marek  (seal)  **Date** 03/12/2007

**Cosigner Signature (if applicable)** Pamela  874AE8F984EB1221C2A29FCBA82C418F  B  Marek  (seal)  **Date** 03/15/2007

| Section D: School Certification | Must be completed by an authorized school official. | | |
|---|---|---|---|

**School Name:** BROOKS INST OF PHOTOGRAPHY  **School Code/Branch:** 0011230000

**For the Enrollment Period (not to exceed 12 months)** From Date (mm/dd/yy) 03/09/2007  To Date (mm/dd/yy) 10/27/2007  **Grade Level (circle one)** Please refer to instructions: Undergraduate 1 2 4 5  Graduate A B C D

**Enrollment Status (check one):** Full-time ☒  Half-time ☐  **Course of Study (refer to instructions):** FLM  **Anticipated Graduation Date (mm/dd/yy):**

| | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|
| 1. | / / | 1. $6,250.00 |
| 2. | / / | 2. $6,250.00 |
| 3. | / / | 3. $ |
| 4. | / / | 4. $ |
| | Total Certified Amount: $ | |

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

**Authorized school official**  Sign and date

**Print or type name and title:**

**App Code:** 1CEC0601  **Prom Note Code:** 3XSP0603

ONWLD_SWIS  **Return Application To:** Sallie Mae • PO Box 147023 • Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)

EXHIBIT F

**SUMMONS** *ON FIRST AMENDED COMPLAINT*

**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAREER EDUCATION CORPORATION; SALLIE MAE, INC., ALLIANCE ONE, INC.; WINDHAM PROFESSIONALS, INC., and

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDNA BENIS and PAMELA MAREK SITES

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

VENTURA
SUPERIOR COURT
**FILED**
NOV 3 0 2010
MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
D. LUGO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA
COUNTY OF VENTURA, VENTURA DIVISION
800 South Victoria Avenue, Ventura, California  93009

CASE NUMBER:
*(Número del Caso):*
56-2010-00382972-CU-FR-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PATRICIA LEWIS, SBN 212728, 1202 Kettner Blvd, #6100, San Diego, CA 92101, tele 619-225-0747

DATE: NOV 3 0 2010      MICHAEL D. PLANET      Clerk, by _____, Deputy
*(Fecha)*                                   *(Secretario)*      D. LUGO      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*ON FIRST AMENDED COMPLAINT*

1  PATRICIA LEWIS, SBN 212728
   LEWIS LAW FIRM
2  1202 Kettner Boulevard, Suite 6100
   San Diego, California  92101-3312
3  Telephone:   (619) 225-0747
   Facsimile:   (619) 255-2452
4
   Attorney for Plaintiffs
5
6
7

VENTURA
SUPERIOR COURT
**FILED**

NOV 3 0 2010

MICHAEL D. PLANET
Executive Officer and Clerk
BY:_____, Deputy
D. LUGO

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF VENTURA, VENTURA DIVISION**

| | |
|---|---|
| 10  EDNA BENIS, and<br>PAMELA MAREK SITES, | CASE NUMBER 56-2010-00382972-CU-FR-VTA |
| 11 | *FIRST AMENDED COMPLAINT FOR*<br>*RESCISSION, RESTITUTION  AND DAMAGES* |
| 12              Plaintiffs, | *FOR:* |
| 13         -v- | *1.    Violations of the Education Code* |
| 14  CAREER EDUCATION | *2.    Fraud and Deceit*<br>*3.    Breach of Contract* |
|    CORPORATION; | *4.    Violations of the Fair Debt Collection* |
| 15  SALLIE MAE, INC.; | *Practices Act* |
|    ALLIANCE ONE, INC.; | |
| 16  WINDHAM PROFESSIONALS, INC.,<br>and DOES 1 through 50, | Department:        40 |
| 17 | Judge:                Hon. Glen Reiser |
|              Defendants. | |
| 18 | |

19        Plaintiffs, Edna Benis ("Mrs. Benis"), and Pamela Marek Sites ("Mrs. Marek-Sites"),

20  allege as follows:

21                                              *I.*

22                          *SUMMARY OF ALLEGATIONS*

23        1.      Mrs. Benis is the grandmother, and Mrs. Marek-Sites is the mother, of Todd

24  Marek, a former student of Brooks Institute of Photography ("Brooks"), owned and operated by

25  Career Education Corporation ("CEC").   At the recommendation of CEC, defendant, Sallie Mae,

26  Inc. ("Sallie Mae"), issued private consumer student loans for Todd, listing plaintiffs as co-

27  signers for five loans totaling $92,885, which principal amounts increased to $125,188.  Mrs.

28  Benis alleges she was fraudulently induced to agree to the loans without knowledge of their true

nature, and Mrs. Marek-Sites denies that she agreed to co-sign the private consumer loans. Plaintiffs allege the consumer loans are void, and therefore, request rescission of the private loans and punitive damages for fraud and deceit, or alternative compensatory damages for breach of contract.

2.     Sallie Mae is subject to all claims which plaintiffs could make against CEC under 16 CFR 433.2, and, as such, CEC and Sallie Mae violated California Private Postsecondary and Vocational Education Reform Act of 1989, being Education Code §§94700, *et seq.* ("The Reform Act"), by failing to make disclosures regarding student financial aid, including the meaning of capitalized interest.

3.     After the loans defaulted, defendants, Alliance One, Inc. ("Alliance One") and Windham Professionals, Inc. ("Windham"), engaged in prohibited practices in an attempt to collect the private student loans, including charging unconscionable and unreasonable collection costs and interest exceeding a combined $81,760 by Alliance and Windham against Mrs. Benis and Mrs. Marek-Sites.

*II.*

*JURISDICTION AND VENUE*

4.     This court has jurisdiction over this action pursuant to Code of Civil Procedure §410.10.  This action is properly brought in Ventura County because CEC and Sallie Mae do business in Ventura County, where the underlying transactions which are the subject of this litigation took place.  Venue is proper in this court and the acts of the defendants occurred in Ventura County, California.

*III.*

*THE PARTIES*

5.     Mrs. Benis is the grandmother, and Mrs. Marek-Sites is the mother, of Todd Marek, who enrolled at Brooks to study Visual Effects & Animation at the campus located in Ventura County, California and attended Brooks from July 2004 until August 2007.

---

6.      Defendant, CEC, is a foreign corporation, transacting intrastate business in the State of California.  At all material times, CEC has not obtained a certificate of qualification by the California Secretary of State, as required by Corporations Code §2105(a), to transact intrastate business in California.  CEC is one of the largest providers of private, for-profit post-secondary education in North America, and has owned and operated Brooks since June 1999, with campuses in Santa Barbara and Ventura, California.

7.      Defendant, Sallie Mae, is a foreign corporation, transacting intrastate business in the State of California.   Sallie Mae is a major private source of college funding contributions in America.   Sallie Mae owns or manages student loans for 10 million customers, and manages more than $17.5 billion in college savings plans.   In 2004 Sallie Mae terminated its ties to the United States government.  Sallie Mae is recognized as a Fortune 500 Company.

8.      Defendant, Alliance One, is a suspended California corporation not authorized to transact intrastate business in California.   Alliance One is a professional debt collector for Sallie Mae and was formed in 1999 through acquisitions and mergers of national receivables management companies.  Alliance One has offices in the United States and foreign lands.

9.      Defendant, Windham, is a foreign corporation, transacting intrastate business in the State of California.  Windham is a professional debt collector for Sallie Mae student loans. Windham was created in 1982 to provide educational account collections for education debt.

10.      The true names and capacities of defendants sued herein under CCP §474 as Does 1 through 50, inclusive, are presently unknown to plaintiffs who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint with the identity of the true names and capacities of the Doe defendants when ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the damages suffered by plaintiffs.

11.   Plaintiffs are informed and believe and thereon allege, that, at all relevant times, the defendants, and each of them, were, and acted as, the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, successors in interest and/or predecessors in interest of some of the other defendants, and authorized, ratified, adopted, approved, controlled, aided and abetted, and knew or should have known about the conduct of other defendants.

12.   Plaintiff is informed and believe, and thereon alleges, that defendants, and each of them, conspired and cooperated to do the things alleged herein, that defendants, and each of them, were aware that the plans made were to commit the wrongs alleged herein, that defendants, and each of them, agreed and intended to commit the wrongs alleged herein, and that defendants and Does 1 through 50, and each of them, profited as a result.

*IV.*

*THE SIGNATURE STUDENT LOANS*

13.   Defendants, CEC, and Does 1 through 50, and each of them, published a catalog containing the rules, policies and procedures for obtaining an education at Brooks.  The enrollment agreements between Brooks and Todd, requires an agreement to "... abide by the terms stated in the catalog ..."  Plaintiffs are informed and believe that defendants, CEC, and Does 1 through 50, and each of them, gave Todd the 2003 Brooks Catalog which provides, on page 3, that Brooks' authority to operate is given by the California Bureau which implements The Reform Act.   The catalog was not provided to Mrs. Benis or Mrs. Marek-Sites.

14.   To pay for tuition and the costs of Todd's education, defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, encouraged and recommended that plaintiffs sign applications as co-signers for Todd Marek's student loans with Sallie Mae.   Plaintiffs are informed and believe that loans were disbursed directly to CEC, and Does 1 through 50, and each of them, by defendants, Sallie Mae, and Does 1 through 50, and each of them.   The loan applications and notes contain the names of both CEC and Sallie Mae at the top.

---

15.     Mrs. Benis was added as a co-signer on two CEC/Sallie Mae Signature Loans:

     a.     $7,528 dated on or about June 17 and June 18, 2004 (Exhibit A), and

     b.     $24,517 dated on or about July 8 and July 9, 2004 (Exhibit B),

for a total principal amount of $32,045.  Mrs. Benis disputes the validity of these loans.

16.     Mrs. Marek-Sites was added as a co-signer, without her permission or knowledge, on three CEC/Sallie Mae Signature Loans:

     a.     $26,105, dated on or about May 2,2005 (Exhibit C),

     b.     $22,235, dated on or about July 18, 2006 (Exhibit E), and

     c.     $12,500, dated on or about March 15, 2007 (Exhibit F) ,

for a total principal amount of $60,840.  Mrs. Marek-Sites did not sign, and did not authorize her signature, either electronically or otherwise, on any of these loans.   Mrs. Marek-Sites disputes the validity of these loans[1].

17.     The promissory notes incorporated into each of the Sallie Mae Signature Loans provide that no payments are due during the "Interim Period," which is the time beginning with disbursement of the loan until six months after Todd Marek is no longer enrolled as a student; and that the "Repayment Period" begins on the day after the Interim Period ends.

18.     Todd Marek stopped attending Brooks in August 2007, meaning the Repayment Period of his loans began on or about February 2, 2008.

19.     Neither the loan applications or the promissory notes clearly explain the true meaning of Capitalized Interest, when "Capitalized Interest" would be added to the outstanding principal, or the ultimate effect that "Capitalized Interest" would have on the loans.   Capitalized Interest is a material disclosure required for Mrs. Benis and/or Mrs. Marek-Sites to have a true understanding of the terms of the loans.

---

[1]All references to "loans" in this complaint refer to Exhibits A-F, unless otherwise stated.

1       20.   The promissory notes for the loan applications, contain the following: "Capitalized

2   Interest or Fees - From time to time, interest or fees due and not yet paid may be added, without

3   notice, to the principal amount of the loan.  This addition is called 'capitalizing.'   Since interest

4   accrues on the outstanding principal balance, capitalized interest and fees increase the total cost

5   of the loan."

6   *V.*

7   *SALLIE MAE CHANGES THE TERMS OF THE LOANS*

8       21.   On or about July 7, 2004 and September 15, 2004, Sallie Mae sent notices to Mrs.

9   Benis, and on May 18, 2005, August 9, 2006, and April 4, 2007, Sallie Mae sent notices to Mrs.

10   Marek-Sites, regarding the loans, failing to disclose potential capitalized interest and the end date

11   for repayment of the loans.

12

13       22.   On March 26, 2008, Sallie Mae sent letters to Mrs. Benis and Mrs. Marek-Sites

14   which stated, "Unpaid interest will be capitalized (added to the principal of your loan(s)) no more

15   frequently than quarterly during the forbearance and at the end of the forbearance, *even if your*

16   *promissory note indicates otherwise."* (*Italics* added).  Sallie Mae has now changed the terms of

17   the loans without notice, but fails to obtain Mrs. Benis' or Mrs. Marek-Syke's consent.

18

19       23.   Mrs. Benis and Mrs. Marek-Sites dispute the validity of the loans.

20   *VI.*

21   *DISCOVERY OF THE MISREPRESENTATIONS AND CONCEALMENT*

22

23       24.   Mrs. Benis and Mrs. Marek-Sites discovered misrepresentations and concealment

24   of the true meaning of capitalized interest after February 2, 2008, the date beginning the

25   Repayment Period.

26

27       25.   On March 26, 2008, after the loans went into the Repayment Period, the principal

28   amounts of all loans had increased with no explanation.  By September 17, 2008, the principal

---

FIRST AMENDED COMPLAINT FOR RESCISSION, RESTITUTION & DAMAGES

amounts of Exhibit A-B loans had increased from $32,045 to $44,697 with no explanation, as did the principal amounts of Exhibit C, E, F loans, with no explanation, from $60,840, to $80,491.

26.    *Within approximately six months* following the beginning of the Repayment Period, *Sallie Mae had increased the principal amounts of all loans by $32,303.*  Mrs. Benis and Mrs. Marek-Sites are informed and believe that the increase is due to Capitalized Interest imposed by Sallie Mae, the true meaning of which was concealed from them.

*VII.*

*DEFAULT ON THE UNEXPECTED LOAN INCREASES*

27.    Neither Todd Marek, Mrs. Benis or Mrs. Marek-Sites were able to make payments on the unexpectedly increased capitalized loans, notwithstanding that Mrs. Marek-Sites never signed or authorized her signature as a co-borrower.   The loans went into default.  Mrs. Benis and Mrs. Marek-Sites are informed and believe that Sallie Mae wrote-off the loans, including the capitalized interest and unknown fees, took an income tax credit for the write-offs, and the notes were sold to defendants, Alliance One, and Windham, third party debt collectors, for less than the actual value of the debts.  There is no contractual relationship between Mrs. Benis and/or Mrs. Marek-Sites with Alliance One or Windham.

28.    Alliance One and Windham began to employ strategies for collection which Mrs. Benis and Mrs. Marek-Sites are informed and believe, were to extract unconscionable and unreasonable amounts of alleged collection fees, charges and other costs from them, neither of whom have any contractual obligation to Alliance One or Windham.

29.    On or about July 16, 2009, defendants, Windham, and Does 1 through 50, and each of them, claimed in a billing notice that Mrs. Benis owed Windham $58,407, which is over $13,710 more than the amount charged by Sallie Mae only nine months earlier on October 15, 2008.  Mrs. Benis disputes the validity of the loans and all increases.

---

FIRST AMENDED COMPLAINT FOR RESCISSION, RESTITUTION & DAMAGES

7

30.     On or about September 22, 2009, Mrs. Benis, a senior citizen, paid to Sallie Mae, through Alliance One, the sum of $14, 667, as payment in full of the Exhibit A and B loans.

31.     On or about November 11, 2009, defendants, Alliance One, and Does 1 through 50, and each of them, claimed in a billing notice that Mrs. Marek-Sites owed Alliance One $115,403, which is $34,912 more than the amount charged by Sallie Mae as of October 15, 2008 only a year earlier.  Mrs. Marek-Sites disputes the validity of the loans and all increases.

32.     On or about June 4, 2010, defendants, Windham, and Does 1 through 50, and each of them, claimed in a billing notice that Mrs. Marek-Sites owed Windham $113,628, which is over $33,143 more than the amount charged by Sallie Mae on September 17, 2008.  Mrs. Marek-Sites disputes the validity of all the loans and increases.

*VIII.*

*THE MISREPRESENTATIONS, DECEIT AND CONCEALMENT*

33.     Defendants, CEC, Sallie Mae and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and made omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     signing Mrs. Marek-Sites' signature on the loans without her permission;

B.     failing to disclose the true meaning of "Capitalized Interest" including, but not limited to, the reality that "Capitalized Interest" would dramatically increase the principal balances of the loans, what would trigger the addition of "Capitalized Interest" and when "Capitalized Interest" would be added to the loans; and

C.     failing to disclose that the loans did not carry an end date.

///

FIRST AMENDED COMPLAINT FOR RESCISSION, RESTITUTION & DAMAGES

8

34.     Defendants, Sallie Mae and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and made omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     providing disclosure statements with no reference to "Capitalized Interest";

B.     adding "Capitalized Interest" and/or other amounts of unknown charges to the Exhibit A-B loans which *increased the principal amounts* of the Exhibit A-B loans from $32,045, to $44,697, by September 17, 2008, an increase of $12,652;

C.     adding "Capitalized Interest" and/or other amounts of unknown charges to the Exhibit C, E and F loans which *increased the principal amounts* of the Exhibit C, E and F loans from $60,840, to $80,491, by September 17, 2008, an increase of $19,651; and

D.     collecting $14,667 for Exhibits A and B loans as payment in full without applying the payment.

35.     Defendants, Windham and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     charging Mrs. Benis an additional sum of $13,710, and stating that she owes $58,407, to satisfy the non-existent loans, an amount which *doubles the original principal* amounts;

B.     charging Mrs. Marek-Sites an additional sum of $33,137, and stating that she owes $113,628, to satisfy the non-existent loans, an amount which *doubles the original principal*; and

---

C.     engaging in prohibited collection practices which violate the California Fair Debt Collections Practices Act (Civil Code §§1788, *et seq.*).

36.     Defendants, Alliance One and Does 1 through 50, and each of them, through their representatives, employees and agents, gave false and misleading information and omissions of critical information, in a pervasive pattern, in writing, including, but not limited to, the following:

A.     collecting $14,667 from Mrs. Benis for Exhibits A and B loans as payment in full without applying the payment; and

B.     charging Mrs. Marek-Sites an additional amount in excess of $34,912, and stating that she owes $115,403, to satisfy the non-existent loans, an amount which is *almost double the original principal* amounts; and

C.     engaging in prohibited collection practices which violate the California Fair Debt Collections Practices Act (Civil Code §§1788, *et seq.*).

*IX.*

*FIRST CAUSE OF ACTION*

*(Violations of The Reform Act - Against Defendants CEC, Sallie Mae and Does 1 through 50)*

37.     Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

38.     The Sallie Mae Signature Loans are private student loans, and, as such, are consumer loans.

39.     As consumer credit contracts, the Sallie Mae Signature Loans are subject to all claims and defenses which the borrower could assert against the school ("Consumer Claims and Defenses Notice").  16 CFR 433.2.  When the Consumer Claims and Defenses Notice is not

1   written in the consumer contracts with the specific statutory notice language, in ten point bold

2   face type, the consumer student loan contracts are deemed to be "... an unfair or deceptive act or

3   practice ..." 16 CFR 433.2.

4        40.    The Consumer Claims and Defenses Notice is not written in Mrs. Benis' and

5   Mrs. Marek-Sites' loans identified as Exhibits A through C, which, as a matter of law, are

6   deemed to be an unfair or deceptive act or practice under 16 CFR 433.2.

7        41.    The Private Postsecondary and Vocational Education Reform Act of 1989, being

8   Education Code §§94700, *et seq.* was repealed by sunset provisions in 2008 and revived by the

9   California Private Postsecondary Education Act of 2009, being Education Code §§94800,

10   94800.5, 94809.5, 94809.6 (collectively, "The Reform Act").

11        42.    The actions, and failures to act, by defendants, CEC, Sallie Mae, Does 1 through

12   50, and each of them, violate The Reform Act.  Education Code §§94814, 94816 and 94832.

13        43.    Section 94814 of the California Education Code states in relevant part that a

14   postsecondary and vocational institution, such as Brooks:

15

16       (a)    shall provide to students *and other interested persons*, prior to enrollment, a catalog or brochure containing at a minimum the following information:

17

18       (a)(7)  For institutions that participate in federal and state financial aid programs *all consumer information* that the institution is required to disclose to the student.

19

20       (a)(8)  All other *material facts* concerning the institution and the program or course of instruction that are reasonably likely to affect the decision of the student to enroll, as prescribed by rules and regulations adopted by the council.

21       Cal. Educ. Code §94814(a) (*italics* added)

22

23        44.    Defendants, Sallie Mae, and Does 1 through 50, are subject to all claims which

24   Mrs. Benis and Mrs. Marek-Sites could make against Brooks under 16 CFR 433.2.  CEC and

25   Sallie Mae violated The Reform Act by failing to provide all consumer information, disclosures

26   and material facts to Mrs. Marek-Sites and Mrs. Benis, as "other interested persons," which

27   disclosures would reasonably likely affect decisions regarding CEC/Sallie Mae Signature Loans

28   for Todd Marek's education at Brooks.

---

45.     Defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, violated Education Code §94814 by not disclosing the true meaning of capitalized interest and its effect on the loans, failing to provide an end date for the loans, and other matters which were reasonably likely to affect the decisions regarding CEC/Sallie Mae Signature Loans for Todd Marek's education at Brooks.

46.     Section 94832 of the California Education Code, subsections (a), (b), and (h) provide, in pertinent part as follows:

> (a)     no institution or representative of an institution shall make or cause to be made *any statement that is in any manner untrue or misleading, either by actual statement, omission, or intimation.*
> Educ Code §94832(a).

> (b)     No institution or representative of an institution shall engage in *any false, deceptive, misleading, or unfair act in connection with any matter*, including *... loan or grant funds ....*
> Educ. Code §94832(b)

> (h)(1)  No institution or any representative of an institution shall in any manner make any ... *untrue or misleading statement related to ... financial information ...*
> Educ. Code §94832(h)(1)

47.     The representations made by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, in catalogs, loan applications and promissory notes as set forth hereinabove, was untrue, false, deceptive, misleading and unfair acts in connection with loan funds and violate §94832 of the California Education Code.

48.     Any institution that wilfully violates any provision of Education Code §§94814 or 94832 may not enforce any contract or agreement arising from the transaction in which the violation occurred.   Education Code §94985(a).  Defendants, Sallie Mae, and Does 1 through 50, are subject to all claims which Mrs. Benis and Mrs. Marek-Sites could make against Brooks under 16 CFR 433.2.

49.     As a direct result of the violations of Education Code §§94814 and 94832 by defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Benis and Mrs.

///

1  Marek-Sites request rescission of all loans which are contracts arising from the transactions in

2  which the violations occurred.

3     50.    As a direct result of the violations of Education Code §§94814 and/or 94832 by

4  defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Benis has paid

5  economic damages in excess of $14,667, for payment of the Exhibits A-B loans, and requests

6  restitution for the payments made by her for those loans.

7     51.    As a direct result of the violations of Education Code §§94814 and/or 94832 by

8  defendants, CEC, Sallie Mae, and Does 1 through 50, and each of them, Mrs. Marek-Sites

9  requests economic damages in the amount of $115,403, the balances of Exhibits C, E, F loans,

10  which are contracts arising from the transactions in which the violations occurred.

11     52.    The remedies available under The Reform Act supplement other legal remedies

12  to which plaintiffs are entitled.  Educ. Code §94985(d).

13

14                                        X.

15                        SECOND CAUSE OF ACTION

16                   (Fraud and Deceit Against All Defendants)

17

18     53.    Plaintiffs reallege and incorporate herein by reference each of the foregoing

19  paragraphs as though fully set forth herein.

20     54.    Defendants, and each of them, represented to Mrs. Benis and Mrs. Marek-Sites

21  that important facts were true, as alleged herein, knowing that the representations were false

22  when they made it, or making the representations recklessly and without regard for the truth.

23     55.    Defendants, and each of them, intended that Mrs. Benis and Mrs. Marek-Sites rely

24  on the representations.

25     56.    Defendants, and each of them, disclosed some facts to Mrs. Benis and Mrs. Marek-

26  Sites, but intentionally failed to disclose other important and material facts, making the disclosure

27  deceptive, as stated herein.   Defendants, and each of them, failed to disclose important facts that

28  were known only to them, and which neither Mrs. Benis or Mrs. Marek-Sites could have

---

discovered.   Defendants, and each of them, actively concealed important facts from Mrs. Benis and Mrs. Marek-Sites and/or prevented them from discovering those facts.

56.   Neither  Mrs. Benis or Mrs. Marek-Sites knew about the concealed facts. Defendants, and each of them, intended to deceive  Mrs. Benis and Mrs. Marek-Sites by concealing these facts.

57.   Mrs. Benis and Mrs. Marek-Sites reasonably relied upon the representations and deceptions, which were a substantial factor in causing their harm.

58.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Benis has been damaged in the amount of $14,667, paid by her.

59.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Marek-Sites has been damaged in an amount exceeding $19,651, over the original principal amount of $60,840, charged by Sallie Mae and Does 1 through 50, and each of them.

60.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Marek-Sites has been damaged in an additional amount of $34,912, charged by Alliance One, Windham, and Does 1 through 50.

61.   In reliance on the representations and deceptions by defendants, and each of them, as alleged herein, Mrs. Benis and Mrs. Marek-Sites each suffered a loss of their valuable credit rating, as a compensatory damage, according to proof.

62.   Mrs. Benis and Mrs. Marek-Sites each request punitive damages against defendants, and each of them, as a result of the fraudulent misrepresentations and deceptions alleged, to be stated at the appropriate time.

X.

*THIRD CAUSE OF ACTION*

*(Breach of Contract Against Defendants, Sallie Mae, and Does 1 through 50)*

63.   Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

64.   The promissory notes provided that capitalized interest would be added to the loans only when there were unpaid amounts of fees, interest and other charges.

65.   Defendants, Sallie Mae, and Does 1 through 50, and each of them, breached the loan agreements when, without consent of Mrs. Benis or Mrs. Marek-Sites, on or about March 26, 2008, defendants, Sallie Mae, and Does 1 through 50, and each of them, informed them that capitalized interest would be added to the loans even if the promissory notes indicated otherwise.

66.   Defendants, Sallie Mae, and Does 1 through 50, and each of them breached the loan agreements when they sold the loans dated June 17, 2004 (Exhibit A) and July 8, 2004 (Exhibit B) to defendants, Windham and Oxford, and Does 1 through 50, for collection proceedings, after Exhibits A and B had been paid in full by Mrs. Benis.

67.   Mrs. Benis and Mrs. Marek-Sites did all, or substantially all, of the significant things required of them by the agreements with defendants, Sallie Mae, and Does 1 through 50, and each of them, except complete repayment of the private loans, which is excused because of the breaches by defendants, Sallie Mae, and Does 1 through 50, and each of them.

68.   As a result of the breaches by defendants, Sallie Mae, and Does 1 through 50, and each of them Mrs. Benis incurred debt and paid $14,667 which she requests as consequential damages.

69.   As a result of the breaches by defendants, Sallie Mae, and Does 1 through 50, and each of them Mrs. Marek-Sites incurred debt in the amount of $80,491, which she requests as consequential damages.

## XI.

### FOURTH CAUSE OF ACTION

### (Violations of the Fair Debt Collection Practices Act -

### Against Defendants, Alliance One, Windham and Does 1 through 50)

70.   Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

72.   California Fair Debt Collection Practices Act (FDCPA) governs the collection of consumer debts by debt collectors under the provisions of Civil Code §1788, *et seq.*  Under the

1  FDCPA the loans attributed to Mrs. Benis and Mrs. Marek-Sites are consumer debts resulting

2  from a consumer credit transactions.  Civil Code §1788.2.

3      73.    The FDCPA prohibits debt collectors from (a) making misleading or false

4  representations and (b) threatening or harassing consumer debtors, among other proscribed

5  practices.  Civil Code §§1788.14-1788.16.  The FDCPA subjects debt collectors to the Federal

6  Fair Debt Collection Practices Act ("Federal FDCPA"), preventing collectors from making false

7  or misleading representations under 15 USC §1692e.  Civil Code §1788.17.

8      74.    On or about July 18, 2009, written notice was sent to Windham by counsel for Mrs.

9  Benis, and on or about July 9, 2009, July 20, 2009, and August 8, 2009, written notices were sent

10  to Windham and on or about December 15, 2009, written notice was sent to Alliance One by the

11  attorney for Mrs. Marek-Sites, disputing the validity of the loans, requesting that all

12  communications be sent to their attorney, and that all communications with Mrs. Benis and Mrs.

13  Marek-Sites cease.

14      75.    Defendants, Alliance One, Windham, and Does 1 through 50, and each of them,

15  violated the FDCPA by making misleading and false representations that Mrs. Benis and/or Mrs.

16  Marek-Sites have contractual obligations to Alliance One and/or Windham, as stated herein,

17  made repeated telephone calls so as to annoy them, and attempted to communicate with them by

18  telephone so unreasonably often as to constitute harassment, including communicating with

19  Mrs. Benis and Mrs. Marek-Sites after notice that they are represented by counsel. (Civ Code

20  §§1788.11;1788.14-1788.18)

21      76.    Debt collection fees, charges and expenses totaling $34,912, have been charged to

22  Mrs. Marek-Sites by Alliance One, and Windham has charged debt collection, fees, charges and

23  expenses of $33,138 to Mrs. Marek-Sites, and $13,710 to Mrs. Benis.  None of these charges are

24  collectible either by any alleged contract or the non-existent contract with Alliance One

25  and/or Windham.  Plaintiffs are informed and believe that such debt collection fees, charges and

26  expenses are usurious in nature and not actual collection expenses.  Plaintiffs are informed and

27  believe that the collection costs imposed by Alliance One and Windham constitute unlawful

28  liquidated damages.   Civil Code §1671(d).

77.     Neither Alliance One, Windham or Does 1 through 50, or any of them, notified Mrs. Benis or Mrs. Marek-Sites of debtor's rights in the language required by the FDCPA as follows:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.   They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.   For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Civil Code §1812.700, *et seq.*.

78.     Any one of the violations committed by Alliance One, Windham and/or Does 1 through 50, or any of them, of the FDCPA is a violation of the state FDCPA.

79.     As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Alliance One, and Does 1 through 50, and each of them, are liable for, and Mrs. Benis requests, actual damages paid by her in the amount of $14,667. Civil Code §1788.30(a).

80.     As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Alliance One, Windham, and Does 1 through 50, and each of them, are liable for, and Mrs. Marek-Sites requests, actual damages incurred by Mrs. Marek-Sites, being the debt collection fees charged to her of $60,181. Civil Code §1788.30(a).

81.     As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Alliance One and Does 1 through 50, and each of them, are liable for, and Mrs. Benis and Mrs. Marek-Sites each request One Thousand Dollars ($1,000), payable to each plaintiff, as a penalty to imposed upon defendant, Alliance One, and Does 1 through 50, and each of them. Civil Code §1788.30(b).

82.     As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Windham, and Does 1 through 50, and each of them, are liable for, and Mrs.

---

FIRST AMENDED COMPLAINT FOR RESCISSION, RESTITUTION & DAMAGES

17

1   Benis and Mrs. Marek-Sites each request One Thousand Dollars ($1,000), payable to each

2   plaintiff, as a penalty to imposed upon defendant, Alliance One, and Does 1 through 50, and each

3   of them. Civil Code §1788.30(b).

4       83.    As a direct and proximate result of the wilful and knowing violations of the

5   FDCPA, defendants, Alliance One, Windham and Does 1 through 50, and each of them, are liable

6   for, and Mrs. Benis and Mrs. Marek-Sites request, attorney fees.  Civil Code §1788.30(c).

7       84.    The remedies available under the FDCPA are cumulative and in addition to other

8   rights and remedies to which Mrs. Benis and Mrs. Marek-Sites are entitled under any other

9   provision of law.  Civil Code §1788.32. XI.

10                                  *PRAYER*

11      WHEREFORE, plaintiffs, and each of them, pray for judgment against defendants, and

12   each of them, jointly and severally, for the following:

13      1.    An order of rescission of the Sallie Mae Signature Loans;

14      2.    Restitution or compensatory damages of $14,667 in favor of Mrs. Benis;

15      3.    Punitive and exemplary damages;

16      4.    Compensatory damages in excess of $80,491 in favor of Mrs. Marek-Sites against

17            Sallie Mae;

18      5.    Compensatory damages of $34,912 in favor of Mrs. Marek-Sites against Alliance

19            One and Windham;

20      6.    Civil statutory penalty of One Thousand Dollars ($1,000) in favor of Mrs. Benis

21            and One Thousand Dollars ($1,000) in favor of Mrs. Marek-Sites, against Alliance

22            One;

23      7.    Civil statutory penalty of One Thousand Dollars ($1,000) in favor of Mrs. Benis

24            and One Thousand Dollars ($1,000) in favor of Mrs. Marek-Sites, against

25            Windham;

26      8.    Compensatory damages for loss of valuable credit ratings, according to proof;

27      9.    Prejudgment Interest;

28      10.   Postjudgment Interest;

FIRST AMENDED COMPLAINT FOR RESCISSION, RESTITUTION & DAMAGES

18

1   11.   Attorneys Fees

2   12.   Costs of suit;

3   13.   Such other and further relief as the court deems just and proper.

4

5   DATED:   November 27, 2010          LEWIS LAW FIRM

6

7                                      PATRICIA LEWIS,
                                       Attorney for Plaintiffs,
8                                      Edna Benis and Pamela Marek-Sites

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
JUN 21 2004

# CEC Signature Loan
*Application and Promissory Note*

For Loans First Disbursed Through May 31, 2005

**Sallie Mae**
1-800-695-3317 press 1 for English
or 2 for Spanish, then extension 7

Academic Year
2004-2005

Lender Code: 809081

**Lender:** Stillwater National Bank  Stillwater, Oklahoma

*Please read Instructions before completing this section.*

## Section A: Student Applicant Section:

2. Last Name Jr/Sr.: MAREK  First Name: TODD  MI: A

1. Academic period this loan will help fund (mm/yy)
From: 8/16/04  To: 5/20/04

3. Home Phone Number

4. Permanent Home Street Address (PO Box not acceptable): 3618 Bernwood PL #42  City: SAN DIEGO  State: CA  Zip Code: 92130  6. Alternate Phone While in School

6. Address While Attending School: 602 SERRANO AVE  City: SAN LUIS OBISPO  State: CA  Zip Code: 93405  Private: 0

7. Citizenship (check one): US Citizen or National  Non-Citizen Permanent Resident  Foreign Student  Alien ID#

8. Date of Birth: Federal 1

9. Date of Birth

10. Have you applied for a federal loan before applying for this CEC Signature Loan, if eligible. (Refer to Instructions.)
☐ No, I am not eligible.
☑ Yes, I have applied for a federal loan.  Lender Name:

11. Loan Amount Requested (Refer to Instructions): $ 7528

12. School Name, City & State: BROOKS INSTITUTE, SANTA BARBARA, CA

13. Grade Level: FRESHMAN  14. Major (Refer to Instructions): FILM/VIDEO

15. Have you ever defaulted on a student loan?
☐ Yes  ☐ No
(If yes, see Instructions for required action.)

16. E-mail Address: TODDYSTYLE2003@NETSCAPE.NET  17. Reference (Do not use co-borrower.) First Name: PAM MAREK  18. Relationship: MOTHER  18. Reference's Home Phone Number

19. Reference's Permanent Address (PO Box not acceptable): 3618 BERNWOOD PL #42  City: SAN DIEGO  State: CA  Zip Code: 92130

## Section B: Co-borrower Information:

*Please read Instructions before completing this section.*

21. Last Name Jr/Sr.: BENIS  First Name: EDNA  22. Date of Birth  23. Home Phone Number

24. Current Street Address (PO Box not acceptable): 2712 N. BEVERLY ST  City: TUCSON  State: AZ  Zip Code: 85712  26. Home Phone Number

Note: For item 26, 27 and 43, you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment. (Refer to Instructions)

26. Gross Monthly Salary/Wage Income: $ 2500  27. Other Gross Monthly Income: $ 1100  Source: SO. SEC.  28. Monthly Housing Payment: $ 539 (circle one) Own Rent  29. Other Monthly Income

30. Employer's Name: ARIZONA ACCOUNTING  31. Employer's Address: 1842 W. GRANT RD STE #105 TUCSON AZ 85745  32. Work Phone

33. Bank Name: COMPASS BANK  34. Have you ever defaulted on a student loan? (Refer to Instructions)  35. Citizenship (Circle One): US Citizen  Permanent Resident  Non-Citizen Permanent Resident must submit a copy of the front and back of their CIS card (CIS Form I-551).  36. Reference: DO NOT use student. PAM MAREK

37. Reference's Permanent Address (PO Box not acceptable): 3618 BERNWOOD PL #42  City: SAN DIEGO  State: CA  Zip Code: 92130  38. Reference's Home Phone Number  39. Relationship: DAUGHTER

AS A CO-BORROWER, YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER. However, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him/her complete boxes 40-41. Complete boxes 43 and 44 only if not included in boxes 27 and 29 above. Second Co-borrower must reside at primary co-borrower's residence. Non-Citizen Permanent resident must submit CIS card.

40. Last Name Jr/Sr.  First Name  41. MI  41. Date of Birth (mm/dd/yy)  42. Social Security Number  43. Gross Monthly Income  44. Total monthly payments

## Section C: Borrower and Co-borrower(s) Signatures:

45. **CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-F) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Borrower _____ (seal)  Date 6/17/04

Co-borrower Signature _Edna Benis_ _____ (seal)  Date 6/17/04

Second Co-borrower Signature (if boxes 40-44 completed) _____ (seal)  Date

## Section D: School Section:  Must be completed by an authorized school official.

46. School Name: CEC  47. School Code/Branch

49. Grade Level (Circle One)
Undergraduate
01 - Freshman
02 - Sophomore
03 - Junior
04 - Senior
05 - Fifth Year

Graduate
A - First Year
B - Second Year
C - Third Year
D - Fourth Year

50. Loan period (mm/dd/yy)  From:  To:

52. Anticipated Graduation Date (mm/yy)

51. Discipline/Major

53. Enrollment Status (Circle One): Students must be enrolled at least half-time.  Full Time  Half Time

48. Authorized Loan Amounts and Disbursement Dates
mm/dd/yy  Amount
1st Disbursement _____ $ ____
2nd Disbursement _____ $ ____
3rd Disbursement _____ $ ____
4th Disbursement _____ $ ____
Total Approved Amount $ ____

54. I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Approved Amount does not exceed the student's cost of education minus other financial aid; that the School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official  Print or type name and title  Phone  Certification Sent Electronically ☐
Sign and date

CEC print

Mail application to: Sallie Mae Servicing • PO Box 59030 • Panama City FL 32412-9030

(Copyright Sallie Mae 2003 04 1/2004)

EXHIBIT A-1

**LENDER COPY**



# CO-BORROWER APPLICATION AND PROMISSORY NOTE

THIS CO-BORROWER APPLICATION AND PROMISSORY NOTE amends the Loan Application ("Loan Application") and the Promissory Note ("Promissory Note") for the Student Applicant listed in Section A below, for the purpose of adding the undersigned as Co-borrower(s) to the Loan Application and the Promissory Note.

**Instructions:**
- Please print or type. You can apply to be a co-borrower in your name alone, regardless of your marital status
- Please provide proof of income for all sources of income listed below. Applicable proof of income is an automated pay stub (which lists your year-to-date income) or a copy of a non-automated pay stub and your most recent W2 form. If you are self-employed you must provide your most recent signed tax return.
- Question 13: Gross monthly salary/wage income is the amount you are paid BEFORE taxes and deductions.
- Question 14: Other gross monthly income includes part-time job, retirement income, etc.
- Question 16: Total other monthly payments includes installment payments (car payments), revolving payment (credit card), and recurring obligation such as child support or alimony.
- NOTE: If you, reside in Iowa, South Carolina, New York, West Virginia or Wisconsin you must sign the applicable state notice (enclosed). The student's loan—if approved—will not be disbursed unless this requirement is met.

**Section A: Name of the Student Borrower**
Please add the student borrower's information for whom you wish to be a co-borrower below

| 1. Full Name | Last MAREK | First TODD | MI ALLEN | Jr./Sr. | 2. Student's Social Security Number | 3. Loan Amount 7,529. | 4. Date of Loan Application 6/18/04 |
|---|---|---|---|---|---|---|---|

**Section B: Co-borrower Information Section:** Please complete all information in this section ONLY if you are an U.S. Citizen or Non-Citizen Permanent Resident.

| 5. Full Name | Last BENIS | First EDNA | MI | Jr./Sr. | 6. Date of Birth (mm/dd/yy) 8/31/27 | 7. Social Security Number |
|---|---|---|---|---|---|---|

| 8. Current Street Address (PO Box not acceptable) 2712 N. BEVERLY AVE | City TUCSON | State AZ | Zip Code 85712 | 9. Home Phone |
|---|---|---|---|---|

| 10. How Long at Current Address yrs 20 months 6 | 11. E-mail Address | 12. Have you ever defaulted on a student loan? NO |
|---|---|---|

| For boxes 13, 14, and 31 you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment. | 13. Gross Monthly Salary/Wage Income: $ 2500 | 14. Other Gross Monthly Income: $ 1109 | Source: Soc. Sec. | 15. Monthly Housing Payment $ 539.48 Circle One: (Own) Rent | 16. Total Other Monthly Payments $ |
|---|---|---|---|---|---|

| 17. Employer's Name FRITZ ERBE AZ ACCOUNTING SVC INC | 18. Employer's Address 1842 W. GRANT RD, TUCSON, AZ 85745 | 19. Work Phone | 20. Length of Employment years 22 months 4 |
|---|---|---|---|

| 21. Bank Name COMPASS BK | Checking Account # 004012266 | Savings Account # 113 9000 341 WASHINGTON FEDERAL | 22. Citizenship (Circle One) (US Citizen) Permanent Resident | Non Citizen Permanent Residents must submit a copy of the front and back of your Non-citizen, Permanent Resident (formerly INS) card |
|---|---|---|---|---|

| 23. Reference: nearest relative Not living with you (Do NOT use co-borrower) LINDA S. MORGAN | 24. Reference's Permanent Address 10660 W. RUDASILL | City TUCSON | State AZ | Zip Code 85743 |
|---|---|---|---|---|

| 25. Reference's Home Phone | 26. Relationship DAUGHTER | 27. E-mail Address |
|---|---|---|

YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER, however, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him / her complete boxes 28-35. A second co-borrower must be an adult residing at the same residence as the co-borrower. Non citizen permanent resident must submit a copy of the front and back of their INS card.

| 28. Full Name | Last | First | MI | Jr./Sr. | 29. Date of Birth (mm/dd/yy) | 30. Social Security Number | 31. Gross Monthly Income $ | 32. Total Other Monthly Payments $ |
|---|---|---|---|---|---|---|---|---|

| 33. Citizenship (Circle One) US Citizen Non Citizen Permanent Resident* | *Non Citizen Permanent Residents must submit a copy of the front and back of your INS card | 34. Have you ever defaulted on a student loan? (circle one) Yes No | 35. E-mail Address |
|---|---|---|---|

**Section C: Co-borrower(s) Signatures:**

36. CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.

**Notice to Customer:** (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-A) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the Student Borrower and any other co-borrower, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

| Signature of Co-borrower Edna Benis | (seal) Date 6/18/04 |
|---|---|

| Signature of Second Co-borrower (if boxes 28-32 completed) | (seal) Date |
|---|---|

Call Signature Student Loan Customer Service at:   1-800-695-3317

EXHIBIT A-2

CEC Signature Loan Promissory Note
Signature Student Loan Program
Document SS2004-F

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and co-borrower(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Promissory Note.

A. PROMISE TO PAY
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

B. DEFINITIONS
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment my Repayment Period begins on the day of my first disbursement
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except **as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS:** I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
**WISCONSIN RESIDENTS:** I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the

Note.
5. Disbursement Date – The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Fees", and "Supplemental Fees" are defined in the sections so titled. "Variable Rate" is defined under Section C, Interest.

C. INTEREST
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. For loans first disbursed before June 1, 2004 The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the current index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the highest Prime Rate as published in *The Wall Street Journal* (Eastern Edition) "Credit Markets" section, "Money Rates" table on the fifteenth day of the last month of the quarter prior to my loan's Disbursement or Change Date (the "Current Index") plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). For example, the Variable Rate for each quarter beginning January 1st will be determined by the applicable Prime Rate published on the preceding December 15th.)
For loans first disbursed on or after June 1, 2004 The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the highest Prime Rate as published in *The Wall Street Journal* (Eastern Edition) "Credit Markets" section, "Money Rates" table the next to the last business day before the end of the prior month (the "Current Index"), plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A business day is defined as a day the Federal Reserve is open. For example, the Variable Rate for January will be determined by the Prime Rate published in *The Wall Street Journal* on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and co-borrower's credit history. Once set, the Margin does not change. If *The Wall Street Journal* is not published or the Prime Rate is not stated in the "Money Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute index.

D. TERMS OF REPAYMENT
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.
3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule of whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month or the unpaid balance, whichever is less on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

E. LATE CHARGE
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

Copyright Sallie Mae 2000-04 (1/2004)

*EXHIBIT  A-3*

## F. SUPPLEMENTAL FEES

1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue any disbursement, you may either deduct from the disbursement or add to the principal loan balance an amount equal to the Supplemental Fee. Your decision to deduct or add the Supplemental Fee will depend upon the School.

2. Fee at Repayment – You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and co-borrower's credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

## G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any monthly payment to you when due; or

2. I fail to provide a notice required in Section L.1 on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim or Repayment Period; or

6. I die or any co-borrower dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the same rate of interest applicable to this loan prior to such event. The interest rate will be subject to adjustment in the same manner as before.

## K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or school enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus.

4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS: (For purposes of the following notices to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND

CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any co-borrower, not the lender.) NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

Copyright Sallie Mae 2000-04 (1/2004)

*EXHIBIT A-4*

M.  ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if, after you agree to make the loan, (a) I cease to be enrolled at least half time at the School and I do not owe the School for financial need incurred before I ceased to be enrolled at least half time, or (b) any co-borrower notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing me or any co-borrower from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. Any provision of this Note may be modified if jointly agreed upon in writing by you and me or by you and any co-borrower. Any modification will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you apply for a student loan, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

N. BORROWER'S CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I, the borrower, certify that the information contained in Sections A and B of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agent, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agent, the guarantor or its agent to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the

School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, the terms of this Note and this 'Borrower's Certification and Consent to Information Sharing' and that the program is funded in part by non-profit organizations.

O. CORRECTION OF ERRORS
All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

P. CO-BORROWER/STUDENT RELEASE
I agree that, if any co-borrower applicant fails to qualify for this loan, said co-borrower applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining co-borrower. I also agree that an approved co-borrower may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such co-borrower release. As co-borrower, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright  Sallie Mae 2000-04 (1/2004)

*EXHIBIT  A-5*

# CEC Signature Loan
*Application and Promissory Note*

**For Loans First Disbursed Through May 31, 2005**

**Sallie Mae**
1-800-695-3317 push 1 for English
or 2 for Spanish, then extension 7

**Academic Year 2004-2005**

Lender Code: 809081

Lender: **Stillwater National Bank Stillwater, Oklahoma**

*Please read Instructions before completing this section.*

## Section A: Student Applicant Section:

| | |
|---|---|
| 1. Social Security Number: ~~[redacted]~~ | 2. Last Name Jr./Sr. **MAREE** First Name **TODD** MI **A** | 3. Academic period this loan will help fund (mm/yy) Academic Period not to exceed 12 months From **7/04** To **7/8/05** |

4. Permanent Home Street Address (PO Box not acceptable) **5618 BRENWOOD PL #42** City **SAN DIEGO** State **CA** Zip Code **92152** 5. Home Phone Number ~~[redacted]~~

6. Address While in School *Please Refer to Instructions* City State Zip Code 7. Alternate Phone While in School

8. Citizenship: (circle one) **US Citizen or National** Non-Citizen Permanent Resident * Foreign Student * Alien ID#

Non-citizen permanent residents and other eligible aliens must submit a copy of the front and back of their CIS (formerly 'INS') card (CIS Form I-551). Foreign students must submit a copy of either their student VISA (type F1, H1B or J1) or a copy of their CIS Form. CIS forms I-688 B, I-766, or I-94 are accepted. If CIS form I-94 is submitted, the student must also attach a copy of his/her valid passport including the student's photo.

9. Date of Birth (mm/dd/yy) **3/09/81** 10. List total outstanding educational loan debt. (Refer to Instructions.) Private $____

11. Did you apply for a federal loan before applying for this CEC Signature Loan, if eligible. (Refer to Instructions.) If you have applied for a federal loan please check here and list your lender: Yes, I have applied for a federal loan. Lender Name: ☐ No, I am not eligible.

| 12. Loan Amount Requested (Refer to Instructions) $ **9574** | 13. School Name, City & State **BROOK INSTITUTE, S.B., CA** | 14. Grade Level **1st YR** Major (Refer to Instructions) **ART** | 15. Have you ever defaulted on a student loan? Yes ___ No ✓ (If yes, see instructions for required action.) |
|---|---|---|---|

16. E-mail Address **TODDSMIDGET@AOL** 17. Reference (A co-borrower is not a co-borrower) Name: **PAM MAREE** 18. Relationship **MOTHER**

19. Reference's Permanent Address (PO Box not acceptable) **5618 BRENWOOD PL#42 SAN DIEGO CA 92152** 20. Reference's Home Phone Number ~~[redacted]~~

## Section B: Co-borrower Information:

*Please read Instructions before completing this section.*

| 21. Last Name Jr./Sr. | First Name | MI | 22. Date of Birth (mm/dd/yy) | 23. Social Security Number |
|---|---|---|---|---|

24. Current Street Address (PO Box not acceptable) City State Zip Code 25. Home Phone Number

Note: For boxes 26,27 and 43, you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment. (Refer to Instructions) 26. Gross Monthly Salary/Wage Income $____ 27. Other Gross Monthly Income $____ Source: 28. Monthly Housing Payment $____ circle one: Own Rent 29. Other Monthly Payments $____

30. Employer's Name 31. Employer's Address City State Zip Code 32. Work Phone

33. Bank Name Checking Account or Savings Account # 34. Have you ever defaulted on a student loan? (Refer to Instructions) Yes ___ No ___ 35. Citizenship (Circle One) US Citizen Permanent Resident* • Non-citizen Permanent Residents must submit a copy of the front and back of their CIS card (CIS Form I-551). 36. Reference: DO NOT use address.

J. Reference's Permanent Address (PO Box not acceptable) City State Zip Code 38. Reference's Home Phone Number 39. Relationship

AS A CO-BORROWER, YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER. However, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him/her complete boxes 40-44. Complete boxes 43 and 44 only if not included in boxes 27 and 29 above. Second co-borrower must reside at primary co-borrower's residence. Non-citizen permanent resident must submit CIS card.

| 40. Last Name Jr./Sr. | First Name | MI | 41. Date of Birth (mm/dd/yy) | 42. Social Security Number | 43. Gross Monthly Income | 44. Total monthly payments |
|---|---|---|---|---|---|---|

## Section C: Borrower and Co-borrower(s) Signatures:

**45. CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-F) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Borrower _____ (seal) Date **7/8/04**

Co-borrower Signature _____ (seal) Date _____

Second Co-borrower Signature (if boxes 40-44 completed) _____ (seal) Date _____

## Section D: School Section:

*Must be completed by an authorized school official.*

46. School Name **CEC:** 47. School Code/Branch 48. Authorized Loan Amounts and Disbursement Dates (mm/dd/yy) Amount

49. Grade Level (Circle One) *Undergraduate* 01 - Freshman 02 - Sophomore 03 - Junior 04 - Senior 05 - Fifth Year | *Graduate* A - First Year B - Second Year C - Third Year D - Fourth Year

50. Loan period (mm/dd/yy) From: ___ To: ___ 51. Discipline/Major 52. Anticipated Graduation Date (mm/yy) 53. Enrollment Status (Circle One): Student must be enrolled at least halftime. Full Time Half Time

1st Disbursement $____
2nd Disbursement $____
3rd Disbursement $____
4th Disbursement $____
Total Approved Amount $____

54. I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Approved Amount does not exceed the student's cost of education minus other financial aid; that the School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official Sign and date: ___ Print or type name and title: ___ Phone ___ Certification Sent Electronically ☐

CEC print

Mail application to: Sallie Mae Servicing • PO Box 59030 • Panama City FL 32412-9030 (Copyright Sallie Mae 2003 01 1/2003)

**EXHIBIT B-1**

# CO-BORROWER APPLICATION AND PROMISSORY NOTE

THIS CO-BORROWER APPLICATION AND PROMISSORY NOTE amends the Loan Application ("Loan Application") and the Promissory Note ("Promissory Note") for the Student Applicant listed in Section A below, for the purpose of adding the undersigned as Co-borrower(s) to the Loan Application or Promissory Note.

**Instructions:**
- Please print or type. You can apply to be a co-borrower in your name alone, regardless of your marital status
- Please provide proof of income for all sources of income listed below. Applicable proof of income is an automated pay stub (which lists your year-to-date income) or a copy of a non-automated pay stub and your most recent W2 form. If you are self-employed you must provide your most recent signed tax return.
- Question 13: Gross monthly salary/wage income is the amount you are paid BEFORE taxes and deductions.
- Question 14: Other gross monthly income includes part-time job, retirement income, etc.
- Question 16: Total other monthly payments includes installment payments (car payments), revolving payment (credit card), and recurring obligation such as child support or alimony.
- NOTE: If you, reside in Iowa, South Carolina, New York, West Virginia or Wisconsin you must sign the applicable state notice (enclosed). The student's loan—if approved—will not be disbursed unless this requirement is met.

## Section A: Name of the Student Borrower
Please add the student borrower's information for whom you wish to be a co-borrower below

| 1. Full Name | Last MARCUS | First TODD | MI ALLEN | Jr./Sr. | 2. Student's Social Security Number 255 17 00 | 3. Loan Amount | 4. Date of Loan Application 7/9/2004 |
|---|---|---|---|---|---|---|---|

## Section B: Co-borrower Information Section:
Please complete all information in this section ONLY if you are an U.S. Citizen or Non-Citizen Permanent Resident.

| 5. Full Name | Last BENIS | First EDNA | MI | Jr./Sr. | 6. Date of Birth (mm/dd/yy) 8/31/1927 | 7. Social Security Number |
|---|---|---|---|---|---|---|

| 8. Current Street Address (PO Box not acceptable) 2712 N. BEVERLY AVE. | City TUCSON | State AZ | Zip Code 85712 | 9. Home Phone |
|---|---|---|---|---|

| 10. How Long at Current Address years 20 months 6 | 11. E-mail Address | 12. Have you ever defaulted on a student loan? NO |
|---|---|---|

Note: For items 13, 14, and 31 you do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan payment.

| 13. Gross Monthly Salary/Wage Income: $ 2500 | 14. Other Gross Monthly Income: $ 1109 | Source: SOC SEC | 15. Monthly Housing Payment $ 539.48 | Circle One: (Own) Rent | 16. Total Other Monthly Payments $ |
|---|---|---|---|---|---|

| 17. Employer's Name FRITZ ERISE AZ ACCOUNTING SVG IN. | 18. Employer's Address 1842 W. GRANT #105, TUCSON, AZ 85745 | 19. Work Phone | 20. Length of Employment years 22 months 4 |
|---|---|---|---|

| 21. Bank Name COMPASS BK | Checking Account # 00401326 86 | Savings Account # 118 900 341 WASHINGTON FEDERAL | 22. Citizenship (Circle One) US Citizen Permanent Resident | Non Citizen Permanent Residents must submit a copy of the front and back of your CIS (formerly INS) card |
|---|---|---|---|---|

| 23. Reference; nearest relative Not living with you. (Do NOT use borrower.) LINDA S. MORGAN | 24. Reference's Permanent Address 10660 W. RUDASILL | City TUCSON | State AZ | Zip Code 85743 |
|---|---|---|---|---|

| 25. Reference's Home Phone | 26. Relationship DAUGHTER | 27. E-mail Address |
|---|---|---|

YOU ARE NOT REQUIRED TO ADD A SECOND CO-BORROWER, however, if you want a second co-borrower's income and debts to be considered in the loan decision, please have him / her complete boxes 28-35. A second co-borrower must be an adult residing at the same residence as the co-borrower. Non citizen permanent resident must submit a copy of the front and back of their INS card.

| 28. Full Name | Last | First | MI | Jr./Sr. | 29. Date of Birth (mm/dd/yy) | 30. Social Security Number | 31. Gross Monthly Income | 32. Total Other Monthly Payments $ |
|---|---|---|---|---|---|---|---|---|

| 33. Citizenship (Circle One) US Citizen Non Citizen Permanent Resident* | *Non Citizen Permanent Residents must submit a copy of the front and back of your INS card | 34. Have you ever defaulted on a student loan? (circle one) Yes No | 35. E-mail Address |
|---|---|---|---|

## Section C: Co-borrower(s) Signature:

**36. CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-A) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the Student Borrower and any other co-borrower, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Co-borrower _Edna Benis_ (seal) Date: 7/9/2004

Signature of Second Co-borrower (if boxes 28-32) completed) _____ (seal) Date _____

Call Signature Student Loan Customer Service at: 1-800-695-3317

Mail completed application to: Sallie Mae Servicing • PO Box 59030 • Panama City, FL 32412-9030

**EXHIBIT B-2**

CEC Signature Loan Promissory Note
Signature Student Loan Program
Document SS2004-F

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and co-borrower(s), unless the language specifically refers to only one or the other, "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Promissory Note.

A. PROMISE TO PAY
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

B. DEFINITIONS
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment my Repayment Period begins on the day of my first disbursement
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the

Note.
5. Disbursement Date -The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs", and "Supplemental Fees" are defined in the sections so titled. "Variable Rate" is defined under Section C, Interest.

C. INTEREST
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. For loans first disbursed before June 1, 2004 The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the current index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the Variable Rate as published in The Wall Street Journal (Eastern Edition) "Credit Markets" section, "Money Rates" table on the fifteenth day of the last month of the quarter prior to my loan's Disbursement or Change Date (the "Current Index") plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). For example, the Variable Rate for each quarter beginning January 1st will be determined by the applicable Prime Rate published on the preceding December 15th.)
For loans first disbursed on or after June 1, 2004 The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the highest Prime Rate as published in The Wall Street Journal (Eastern Edition) "Credit Markets" section, "Money Rates" table the next to the last business day before the end of the prior month (the "Current Index"), plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A business day is defined as a day the Federal Reserve is open. For example, the Variable Rate for January will be determined by the Prime Rate published in The Wall Street Journal on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and co-borrower's credit history. Once set, the Margin does not change. If The Wall Street Journal is not published or the Prime Rate is not stated in the "Money Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute index.

D. TERMS OF REPAYMENT
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.
3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule of whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month or the unpaid balance, whichever is less on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

E. LATE CHARGE
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

Copyright Sallie Mae 2000-04 (1/2004)

*EXHIBIT B-3*

**F. SUPPLEMENTAL FEES**

1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue any disbursement, you may either deduct from the disbursement or add to the principal loan balance an amount equal to the Supplemental Fee. Your decision to deduct or add the Supplemental Fee will depend upon the School.

2. Fee at Repayment - You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and co-borrower's credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

**G. PAYMENT RETURN FEE**

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

**H. CHARGES FOR OPTIONAL SERVICES**

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

**I. RIGHT TO PREPAY**

I have the right to prepay all or any part of my loan at any time without penalty.

**J. WHOLE LOAN DUE**

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any monthly payment to you when due; or

2. I fail to provide a notice required in Section L.1 on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim or Repayment Period; or

6. I die or any co-borrower dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the same rate of interest applicable to this loan prior to such event. The interest rate will be subject to adjustment in the same manner as before.

**K. COLLECTION COSTS**

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**L. NOTICES**

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or school enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report the status of this loan to the School and to any credit bureaus.

4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS: (For purposes of the following notices to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to a receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals of extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any co-borrower, not the lender.) NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

Copyright  Sallie Mae 2000-04 (1/2004)

*EXHIBIT  B-4*

M.  ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if, after you agree to make the loan, (a) I cease to be enrolled at least half time at the School and I do not owe the School for financial need incurred before I ceased to be enrolled at least half time, or (b) any co-borrower notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Disclosure, I will review it and, if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing me or any co-borrower from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. Any provision of this Note may be modified if jointly agreed upon in writing by you and me or by you and any co-borrower. Any modification will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations, You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you apply for a student loan, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

N.  BORROWER'S CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I, the borrower, certify that the information contained in Sections A and B of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agent, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agent, the guarantor or its agent to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the

School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the loan program explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Borrower's Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

O.  CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

P.  CO-BORROWER/STUDENT RELEASE

I agree that, if any co-borrower applicant fails to qualify for this loan, said co-borrower applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining co-borrower.  I also agree that an approved co-borrower may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such co-borrower release.  As co-borrower, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright  Sallie Mae 2000-04 (1/2004)

*EXHIBIT   B-5*

TRUE AND EXACT COPY OF THE ORIGINAL

# CEC Signature Loan®
*Application and Promissory Note*
For Loans First Disbursed Through May 31, 2006

**SallieMae**
1-800-695-3317 Press 1 for English
2 for Spanish, then #7

Academic Year
2005-2006

XS

| Lender Name | Lender City | Lender State | Lender Code |
|---|---|---|---|
| Stillwater National Bank & Trust Co (809081) | STILLWATER | OK | 8090810000 |

**Section A: Borrower Information   Please read instructions before completing this section.**

| Social Security Number | Last Name and Suffix | | First Name | MI |
|---|---|---|---|---|
| [redacted] | MAREK | | TODD | A |

| Permanent Address (No PO Boxes) | City | State | Zip Code |
|---|---|---|---|
| [redacted] | SAN DIEGO | CA | 92130 1882 |

| Permanent Phone Number | Time At Address (If less than 1 year, provide prior address) | | |
|---|---|---|---|
| [redacted] | | Years | Months |

| Prior Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Address While in School | City | State | Zip Code |
|---|---|---|---|
| | San Luis Obispo | CA | 93405 |

| Phone Number While in School | Date of birth (mm/dd/yy) | Email Address |
|---|---|---|
| [redacted] | 03/03/1981 | toddystyle2003@netscape.net |

Citizenship (select one) a) U.S. citizen ___ b) Non-Citizen Permanent Resident ___ c) Foreign Resident ___     Have you ever defaulted on a student loan? Yes ___ No ___ If yes, see instructions before completing section
Note: For option c, see instructions

| Total Loan Amount Requested   We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (See instructions) $ 26,105.00 | Amount requested is for the Enrollment Periods | From (mm/yy) 03/05 | To (mm/yy) 12/05 |
|---|---|---|---|

| School Name BROOKS INST OF PHOTOGRAPHY | City SANTA BARBARA | State CA |
|---|---|---|

| Grade Level (Refer to instructions) 02 | Course of Study (Refer to instructions) OTH | Student Loan Education Debt Total Federal $ | Total Non-Federal / Private $ |
|---|---|---|---|

**Reference – You must provide an adult reference other than the cosigner(s)**

| Last Name and Suffix | First Name | MI | Relationship to Borrower MOTHER |
|---|---|---|---|

| Address (No PO Boxes) | City SAN DIEGO | State CA | Zip Code 92130 | Phone Number (cell phone not acceptable) [redacted] |
|---|---|---|---|---|

**Section B: Cosigner Information   Please read instructions before completing this section.**

At a cosigner, you are jointly liable. However, if you want a second cosigner's income and debts to be considered in the loan decision, please have him/her complete the second cosigner section. Second cosigner must reside at primary cosigner's address.

| Social Security Number | Last Name and Suffix | | First Name | MI |
|---|---|---|---|---|
| [redacted] | MAREK | | PAM | B |

| Address (No PO Boxes) | City SAN DIEGO | State CA | Zip Code 92130 | Phone Number [redacted] |
|---|---|---|---|---|

| Date of Birth (mm/dd/yy) 09/13/1956 | Email Address pmarek@san.rr.com |
|---|---|

Have you ever defaulted on a student loan? Yes ___ No ___   Bank Name ___   Checking Account or Savings Account ___   Citizenship (select one) a) U.S. citizen X b) Non-Citizen Permanent Resident ___
Note: For option b, see instructions

| Present Employer Name RACE INSTITUTE | Employer Address (City, State, Zip Code) 12325 KERRAN ST   POWAY CA 92064 | Work Phone Number |
|---|---|---|

Are Monthly Income (See Instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment
Salary $ 3,666.00   Other $   Source

| Monthly Mortgage/Rent Amount $ 1,200.00 | Circle one: Own / Rent | Other Monthly Payment $ 1,000.00 |
|---|---|---|

**Reference – You must provide an adult reference other than the borrower**

| Last Name and Suffix | First Name | MI | Relationship to Cosigner WIFE |
|---|---|---|---|

| Address (No PO Boxes) 2712 N. BEVERLY   TUCSON | City | State AZ | Zip Code 85712 | Phone Number (cell phone not acceptable) [redacted] |
|---|---|---|---|---|

**Second Cosigner Information**

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|

| Date of Birth (mm/dd/yy) | Have you ever defaulted on a student loan? Yes ___ No ___ | Citizenship (select one) a) U.S. citizen ___ b) Non-Citizen Permanent Resident ___ |
|---|---|---|
Note: For option b, see instructions

| Present Employer Name | Employer Address (City, State, Zip Code) | Work Phone Number | Gross Monthly Salary (See Instructions) | Other Monthly Payment |
|---|---|---|---|---|

**Section C: Borrower and Cosigner(s) Signature**

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE COSIGNER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). Promise to pay: I totally and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature _____ (seal)   Date _____

Cosigner Signature (if applicable) Pam L. Marek [signature]   (seal)   Date 05/02/2005

Second Cosigner Signature (if applicable) _____ (seal)   Date _____

**Section D: School Certification   Must be completed by an authorized school official.**

| School Name BROOKS INST OF PHOTOGRAPHY | School Code/Branch 0011230000 | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|

| For the Enrollment Period (at least 12 months) From Date (mm/dd/yy) ___ To Date (mm/dd/yy) ___ | Grade Level (Circle one) Please refer to instructions Undergraduate 1 2 3 4 5   Graduate A B C D | 1. ___ | 1. $ |
|---|---|---|---|
| Enrollment Status (Circle one) Full-time / Half-time | Course of Study (Refer to instructions) OTH | Anticipated Grad Date (mm/dd/yy) | 2. ___   3. ___ | 2. $   3. $ |

| | | Total Certified Amount $ 26105 |
|---|---|---|

I hereby certify that the Borrower is eligible for a CEC Signature Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| Authorized School Official _____ | Print or Type name and title _____ | Phone (805) 966-3888 | Sent Electronically Yes / No |
|---|---|---|---|

EXHIBIT C

CEC Signature Loan Promissory Note
Signature Student Loan Program
Document SS2005-F

this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Note.

A. PROMISE TO PAY
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

B. DEFINITIONS
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment my Repayment Period begins on the day of my first disbursement.
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS; MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS ONLY: I will be in default. (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date –The date shown on the loan

check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth In Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs", and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

C. INTEREST
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in *The Wall Street Journal* (Eastern Edition) "Interest Rates & Bonds" section, "Consumer Rates" table or any successor section or table for the purposes of displaying such rate, the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in *The Wall Street Journal* on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and cosigners' credit history. Once set, the Margin does not change. If *The Wall Street Journal* is not published or the U.S. Prime Rate is not stated in the "Consumer Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

D. TERMS OF REPAYMENT
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.

3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full", or having similar language, without waiving your rights under this Note.

E. LATE CHARGE
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

F. SUPPLEMENTAL FEES
1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.
2. Fee at Repayment - You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.
3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when

Copyright Sallie Mae 2000-05 (1/2005)

EXHIBIT C-2

they are assessed and are not subject to rebate if I prepay my loan.

### G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

### H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

### I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

### J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

### K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

### L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.
4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and cosigner, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to a receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT

RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

### M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

Copyright Sallie Mae 2000-05 (1/2005)

EXHIBIT C-3

4. Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

**N.CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, the guarantor or its agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**
All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/STUDENT RELEASE**
I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner. I also agree that an approved cosigner may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright Sallie Mae 2000-05 (1/2005)

# EXHIBIT C-4

# Signature Student Loan

**Academic Year**
2006-2007

**Application and Promissory Note**
For Loan Applications Received by May 31, 2007

**SallieMae**

1-800-377-4310   | XS | | 9009770000

### Section A: Borrower Information   Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix MAREK | First Name TODD | MI A |

Permanent Address (No P.O. Boxes) **6117 Simpson Ave** | City **North Hollywood** | State **CA** | ZIP Code **91606**

Permanent Phone Number **(805) 300-5340** | Cellular Phone Number **n/a** | Time at Address (if less than one year, provide prior address) Years **0** Months **6**

Prior Address **123 Howard St.** | City **Ventura** | State **CA** | ZIP Code **93003**

Address While in School **6117 Simpson Ave** | City **North Hollywood** | State **CA** | ZIP Code **91606**

Phone Number While in School | Date of Birth (mm/dd/yy) | Email Address **toddystyle@gmail.com**

Citizenship (check one) a) U.S. Citizen  b) Non-Citizen Permanent Resident  c) Foreign Resident  d) Foreign Resident not eligible for a Social Security Number   Note: For options b, c or d see instructions | Have you ever defaulted on a student loan? (check one) Yes ☐  No ☒  If yes, see instructions for required action

Total Loan Amount Requested We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) $ **24,000.00** | Enrollment Period for which you want to borrow money (cannot exceed 12 months) From (mm/yy) **07/06** To (mm/yy) **03/07**

School Name **BROOKS INST OF PHOTOGRAPHY** | City **SANTA BARBARA** |

Grade Level (refer to instructions) **02** | Course of Study (refer to instructions) **FLM** | Current Outstanding Student Loan Debt (refer to instructions) $ **96,605.00**

References—You must provide two (2) adult references other than the cosigner.

1) Last Name and Suffix **Benis** | First Name **Edna** | MI | Relationship to Borrower **Relative**

Email Address **n/a** | Permanent Phone Number **(520) 327-0795** | Alternate Phone Number **n/a**

2) Last Name and Suffix **Wagman** | First Name **Justin** | MI | Relationship to Borrower **Friend**

Email Address **justwags@yahoo.com** | Permanent Phone Number **(818) 970-5913** | Alternate Phone Number **n/a**

### Section B: Cosigner Information   Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix **Marek** | First Name **Pamela** | MI E |

Address (No P.O. Boxes) **3618 Bernwood Pl. #4** | City **San Diego** | State **CA** | ZIP Code **92130**

Permanent Phone Number | Cellular Phone Number | Time at Residence (if less than one year, provide prior address) Years **10** Months **5**

Prior Address (No P.O. Boxes) | City | State | ZIP Code

Citizenship (check one) a) U.S. Citizen  b) Non-Citizen Permanent Resident ☐  Date of Birth (mm/dd/yy) | Have you ever defaulted on a student loan? Yes ☐  No ☐  If yes, see instructions for required action

Present Employer Name | Employer Address (City, State, ZIP Code) | Work Phone Number

Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment Salary $ **4,000.00**  Other $ ___ Source ___ | Monthly Mortgage/Rent Amount (check one) $ **1,200.00**  Own ☒  Rent ☐ | Cosigner's Email Address **pmarek@san.rr.com**

References—You must provide two (2) adult references other than the borrower.

1) Last Name and Suffix **Benis** | First Name **Edna** | MI | Relationship to Cosigner **Mother**

Email Address **N/A** | Permanent Phone Number | Alternate Phone Number

2) Last Name and Suffix **Morley** | First Name **Anne** | MI | Relationship to Cosigner **Friend**

Email Address **amorley@amorleydesign.com** | Permanent Phone Number | Alternate Phone Number **N/A**

### Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature **Todd**  *ICFFMCOB41B38660A5DEAAB285B27E9*  A. **Marek** (seal)  Date **07/18/2006**

Cosigner Signature (if applicable) **Pamela**  E **Marek**  *AA75D2FB3C45DD86BC7CC713AA3D6B1P* (seal)  Date **07/18/2006**

### Section D: School Certification   Must be completed by an authorized school official.

School Name **BROOKS INST OF PHOTOGRAPHY** | School Code/Branch **0011230000** | Disbursement Date (mm/dd/yy) | Disbursement Amount

For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy) **07/14/2006** To Date (mm/dd/yy) **03/03/2007** | Grade Level (check one) Please refer to instructions. Undergraduate 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☐ | 1. ___  $ ___

| Graduate  A ☐ B ☐ C ☐ D ☐ | 2. ___  $ ___

Enrollment Status (check one) Full-time ☐  Half-time ☐ | Course of Study (refer to instructions) **FLM**  Anticipated Graduation Date (mm/dd/yy) | 3. ___  $ ___

| | 4. ___  $ ___

| | Total Certified Amount: $ ___

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official Sign and date | Print or type name and type

ONWLD_SWIS   Return Application To: Sallie Mae • PO Box 147023 • Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)   App Code: ICECO601   Prom Note Code: XXSP0G07

**EXHIBIT** E

## Signature Student Loan Promissory Note Document 3XSP0602

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your" and "yours" mean the lender as listed below and any subsequent holder of this Note.

Lender:

Sallie Mae Bank

MURRAY                    UT

### A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

### B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 360 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment there is no interim period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender. WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10

days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").

6. Interim Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7. Final Disclosure - The Truth in Lending Disclosure that will be sent at the time the repayment schedule for my loan is established and which is incorporated into this Note. In the event of any conflict between the Interim Disclosure and the Final Disclosure, the Final Disclosure shall govern.

8. The terms "Interest," "Late Charge," "Payment Return Fee," "Collection Costs," and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

### C. INTEREST

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for any month during the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in *The Wall Street Journal* "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Interim Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in *The Wall Street Journal* on the preceding December 30th if both the 30th and 31st are New York business days.

3. The Margin is based on my School, credit history and cosigner's credit history. Once set, the Margin does not change. If *The Wall Street Journal* is not published on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published

U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

### D. TERMS OF REPAYMENT

1. I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.

2. You and I agree that the repayment schedule will be established as follows: subject to the terms of paragraph 4 of this section, prior to the start of the Repayment Period you will send me a Final Disclosure setting forth an initial repayment schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the entire Repayment Period. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. Subject to the terms of paragraph 4 of this Section, you will revise the repayment schedule so that I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

5. I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts and you may, but are not required to, lengthen the Repayment Period.

7. Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.

8. Payments will be applied first to applicable fees, then to accrued interest, and the remainder to principal, as permitted by applicable law. Payments in excess of the

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT  E-2

amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving my rights under this Note.

### E. LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosures.

### F. SUPPLEMENTAL FEES

1. You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosures and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.

2. You may charge me a Supplemental Fee, which will be identified on my Disclosures, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

### G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

### H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

### I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

### J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or my cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

### K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

### L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.
4. I understand that the following notice is required by federal law and that for purposes of this notice, the word "you" means the cosigner(s) who signed the application.

### NOTICE TO COSIGNER:

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The lender can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

5. I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

### NOTICE:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

6. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they sign this Note and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and

(Copyright © Sallie Mac 2000-06) 3XSP0602

EXHIBIT E-3

cosigner, not the lender.) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision.

## M.   ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 4 of this section has expired. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Interim Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Interim Disclosure, to return the funds to you. I understand and agree that if the information on my Interim or Final Disclosure conflicts with the information in this Note, the information on the Disclosures applies.

5. Your acceptance of past due payments does not waive or affect your right to

accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-4

**N. CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School and hereby authorize the School at its discretion, to refund any portion of my loan that exceeds direct institutional charges. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation under this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor, if any.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

**O. CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosures. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**P. COSIGNER/BORROWER RELEASE**

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the borrower. I also agree that an approved cosigner may be released from liability hereunder upon application by a borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**Q. ARBITRATION AGREEMENT – READ CAREFULLY**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note ("Note").

1. **RIGHT TO REJECT -** I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae, P.O. Box 59030, Panama City, FL 32412.

2. **IMPORTANT WAIVERS AND WARNING -** If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (C) join or consolidate Claim(s) with claims involving any other person; or (D) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

3. **DEFINITIONS -** In this Arbitration Agreement, the following definitions will apply:
   "I," "me" and "my" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae

subsidiary or all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. "Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.

4. **STARTING AN ARBITRATION -** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the

(Copyright © Sallie Mae 2000-06) 3XSP0602

**EXHIBIT E-5**

Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

5. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

6. DISCOVERY; GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

7. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

8. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

9. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; any cancellation, or request for cancellation, of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT  E-6

# Signature Student Loan

**SallieMae**

**Academic Year 2006-2007**

*Application and Promissory Note*
For Loan Applications Received by May 31, 2007

**1-800-377-4310**   | XS | 900977 |

## Section A: Borrower Information   Please read instructions before completing this section.

Social Security Number: [redacted]

Last Name and Suffix: **MAREK**   First Name: **TODD**   MI: **A**

Permanent Address (No P.O. Boxes): **3618 Bernwood Pl.#42**   City: **San Diego**   State: **CA**   ZIP Code: **92130**

Permanent Phone Number: [redacted]   Cellular Phone Number: [redacted]   Time at Address (if less than one year, provide prior address): Years **12**   Months **0**

Prior Address: **6117 Simpson Ave**   City: **North Hollywood**   State: **CA**   ZIP Code: **91606**

Address While in School: **1520 N. Vista St.**   City: **Los Angeles**   State: **CA**   ZIP Code: **90046**

Phone Number While in School: [redacted]   Date of Birth (mm/dd/yy): [redacted]   Email Address: **toddystyle@gmail.com**

Citizenship (check one): a) U.S. Citizen [X]   b) Non-Citizen Permanent Resident [ ]   c) Foreign Resident [ ]

d) Foreign Resident not eligible for a Social Security Number [ ]   Note: for options b, c or d see instructions

Have you ever defaulted on a student loan? (check one): Yes [ ]   No [X]   If yes, see instructions for required action

Total Loan Amount Requested: **$ 12,500.00**   We encourage you to borrow conservatively, but try to borrow the full amount you need so you won't have to submit another application. (see instructions)

Enrollment Period for which you want to borrow money (cannot exceed 12 months): From (mm/yy) **03/07**   To (mm/yy) **10/07**

School Name: **BROOKS INST OF PHOTOGRAPHY**   City: **SANTA BARBARA**   State: **CA**

Grade Level (refer to instructions): **03**   Course of Study (refer to instructions): **FLM**   Current Outstanding Student Loan Debt (refer to instructions): **$ 100,000.00**

References — You must provide two (2) adult references, other than the cosigner

1) Last Name and Suffix: **Benis**   First Name: **Edna**   MI:   Relationship to Borrower: **Relative**
   Email Address: **n/a**   Permanent Phone Number: [redacted]   Alternate Phone Number: **n/a**

2) Last Name and Suffix: **Busalachi**   First Name: **Mike**   MI:   Relationship to Borrower: **Friend**
   Email Address: **mike_busa@yahoo.com**   Permanent Phone Number: [redacted]   Alternate Phone Number: **n/a**

## Section B: Cosigner Information   Please read instructions before completing this section.

Social Security Number: [redacted]   Last Name and Suffix: **MAREK**   First Name: **PAMELA**   MI: **E**

Address (No P.O. Boxes): **3618 BERNWOOD PL** #42   City: **SAN DIEGO**   State: **CA**   ZIP Code: **92130**

Permanent Phone Number: [redacted]   Cellular Phone Number: [redacted]   Time at Residence (if less than one year, provide prior address): Years   Months

Prior Address (No P.O. Boxes):   City:   State:   ZIP Code:

Citizenship (check one): a) U.S. Citizen [X]   b) Non-Citizen Permanent Resident [ ]   Date of Birth (mm/dd/yy): [redacted]   Note: for option b, see instructions

Have you ever defaulted on a student loan? (check one): Yes [ ]   No [X]   If yes, see instructions for required action

Present Employer Name: [redacted]   Work Phone Number: **12325 KERRAN ST POWAY CA 92064**

Gross Monthly Income (see instructions) Notes: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment: Salary **$ 4,000.00**   Other **$**   Source

Monthly Mortgage/Rent Amount (check one): **$ 1,200.00**   Own [X]   Rent [ ]

Cosigner's Email Address: **PMAREK@SAN.RR.COM**

References — You must provide two (2) adult references, other than the borrower

1) Last Name and Suffix: **MORLEY**   First Name: **ANNE**   MI:   Relationship to Cosigner: **Friend**
   Email Address: **AMORLEY@AMORLEYDESIGN.COM**   Permanent Phone Number: [redacted]   Alternate Phone Number: [redacted]

2) Last Name and Suffix: **BENIS**   First Name: **EDNA**   MI:   Relationship to Cosigner: **Mother**
   Email Address: **N/A**   Permanent Phone Number: [redacted]   Alternate Phone Number: **N/A**

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.**

**Notice to Customer** (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature: Todd [signature] A Marek   (seal)   Date **03/12/2007**

Cosigner Signature (if applicable): Pamela [signature] B Marek   (seal)   Date **03/15/2007**

## Section D: School Certification   Must be completed by an authorized school official.

School Name: **BROOKS INST OF PHOTOGRAPHY**   School Code/Branch: **0011230000**

For the Enrollment Period (not to exceed 12 months): From Date (mm/dd/yy) **03/09/2007**   To Date (mm/dd/yy) **10/27/2007**

Grade Level (circle one) Please refer to instructions: Undergraduate 1 2 3 4 5   Graduate A B C D

Enrollment Status (check one): Full-time [X]   Half-time [ ]   Course of Study (refer to instructions): **FLM**   Anticipated Graduation Date (mm/dd/yy):

| | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|
| 1. | / / | 1. $6,250.00 |
| 2. | / / | 2. $6,250.00 |
| 3. | / / | 3. $ |
| 4. | / / | 4. $ |

Total Certified Amount: $

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official sign and date:   Print or type:   Phone:

ONWLD_SWIS   Return Application to: Sallie Mae • PO Box 147023 • Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)   App Code: ICEC0601   Prom Note Code: XXSP0603

**EXHIBIT F**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:

PATRICIA LEWIS, SBN 212728
LEWIS LAW FIRM
1202 Kettner Blvd #6100
San Diego, CA 92101-3312

TELEPHONE NO: 619-225-0747

**RECEIVED**
VENTURA SUPERIOR COURT

NOV 08 2010

FOR COURT USE ONLY

VENTURA
SUPERIOR COURT
**FILED**

NOV 30 2010

MICHAEL D. PLANET
Executive Officer and Clerk

BY: _____ Deputy

M. MIJARES

ATTORNEY FOR *(Name)*: Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

[X] 800 SOUTH VICTORIA AVE, VENTURA CA. 93009

[ ] 3855 - F ALAMO ST. SIMI VALLEY, CA. 93063-2110

[ ] Limited Civil Case

PLAINTIFF: EDNA BENIS and PAMELA MAREK SYKES

DEFENDANT: CAREER EDUCATION CORPORATION, et al.

**AMENDMENT TO COMPLAINT**

CASE NUMBER:
56-2010-00382972-CU-FR-VTA

## FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of _____

Having discovered the defendant's true name to be _____

the plaintiff(s)now amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

_____
Attorney(s) for Plaintiff(s)

## INCORRECT NAME (Requires order thereon)

Plaintiff(s) having designated a ~~defendant in~~ *PLAINTIFF* the complaint by the incorrect name of   PAMELA MAREK SYKES

Having discovered the true name of the ~~defendant~~ *PLAINTIFF* to be   PAMELA MAREK SITES

Plaintiff requests the complaint be amended by inserting such true name instead of such incorrect name wherever it appears in the complaint.

_____
Attorney(s) for Plaintiff(s)

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated  NOV 18, 2010          _____
Judge

Optional Form
VN004 [Rev. 7/1/03]

**AMENDMENT TO COMPLAINT**

C. C. P. Sec. 473-474

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PATRICIA LEWIS, SBN 212728<br>LEWIS LAW FIRM<br>1202 Kettner Boulevard, Suite 6100, San Diego, California 92101-3312<br>TELEPHONE NO.: 619-225-0747   FAX NO.: 619-255-2452<br>ATTORNEY FOR (Name): Plaintiffs, BENIS and MAREK-SYKES | VENTURA<br>SUPERIOR COURT<br>FILED<br>OCT 0 6 2010<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>By: _____ Deputy<br>M. SOTO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **VENTURA**
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: 800 South Victoria Avenue
CITY AND ZIP CODE: Ventura, California  93009
BRANCH NAME: Ventura Division

CASE NAME:
**BENIS and MAREK SYKES v. CAREER EDUCATION CORP., et al.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 56-2010-00382972-CU-FR-VTA |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 4, 2010

PATRICIA LEWIS
_____
(TYPE OR PRINT NAME)                                    ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 S. Victoria Avenue<br>CITY AND ZIP CODE: Ventura, CA 93009<br>BRANCH NAME:   Ventura | *VENTURA SUPERIOR COURT*<br># **FILED** |
| PLAINTIFF/ PETITIONER: Edna Benis et.al.<br>DEFENDANT/ RESPONDENT: Career Education Corporation et.al. | Michael D. Planet<br>Executive Officer and Clerk |
| Benis vs. Carrer Education Corporation | |
| In re the ☐ Conservatorship ☐ Guardianship ☐ Estate ☐ Trust of: | **12/17/2010** |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>56-2010-00382972-CU-FR-VTA |

TO ALL PARTIES AND/OR COUNSEL OF THE ABOVE ENTITLED CASE:

Please take notice that a(n) CMC: Service of Amended Complaint  - file proof of service in first amended complaint as to defendants Career Education Corporation; Sallie Mae Inc; Alliance One Inc; Windham Professionals Inc  has been scheduled for the above entitled case on 02/07/2011 at 08:30 AM in Department 22B  located in the Ventura courthouse at 800 South Victoria AVENUE Ventura, CA 93009.

Court records reflect that service as to the Amended Complaint; has not been effected on the above case.

You MUST file the Proof of Service and/or Affidavit of Publication and Order for Publication as to ALL cross-defendants at least 5 CALENDAR DAYS PRIOR to the hearing.

Court Rule 3.17: Failure of the parties to comply with these rules, submit any form or report required by these rules or to appear at any case management conference or any other scheduled event may result in the case being dismissed or sanctions imposed as authorized by statute or local rule.

To determine if the hearing has been taken off calendar or if an appearance is MANDATORY, call:

Ventura:      (805) 654-2609
Simi Valley:     (805) 582-8086

Tentative Rulings may be accessed from the Court website at www.ventura.courts.ca.gov

See California Rules of Court Rule 3.670 regarding telephonic appearances. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Clerk of the Court,

Dated:  12/17/2010

By: _____

Denise  Lugo, Clerk

| **SHORT TITLE:**  Benis vs. Carrer Education Corporation | CASE NUMBER:<br>**56-2010-00382972-CU-FR-VTA** |
| --- | --- |

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE MANAGEMENT CONFERENCE was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>Ventura</u>, California, on <u>12/20/2010</u>.

Clerk of the Court,

By: _____

Denise  Lugo, Clerk

PATRICIA LEWIS
1202  KETTNER BOULEVARD # 6100
SAN DIEGO, CA 92101-3312

VEN-FNR052

## NOTICE OF CASE MANAGEMENT CONFERENCE

CM-020

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
PATRICIA LEWIS, SBN 212728
LEWIS LAW FIRM
1202 Kettner Boulevard, Suite 6100
San Diego, California 92101-3312
TELEPHONE NO.: 619-255-0747    FAX NO. *(Optional):* 619-255-2452
E-MAIL ADDRESS *(Optional):* PALewis@LawFirmPal.com
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

RECEIVED
VENTURA SUPERIOR COURT
NOV 30 2010

VENTURA
SUPERIOR COURT
**FILED**
DEC 17 2010
MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____ Deputy
M. MIJARES

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** VENTURA
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: 800 South Victoria Avenue
CITY AND ZIP CODE: Ventura, California 93009
BRANCH NAME: VENTURA DIVISION

PLAINTIFF/PETITIONER:   EDNA BENIS, PAMELA MAREK SYKES

DEFENDANT/RESPONDENT:   CAREER EDUCATION CORP, et al.

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND** [✓] **ORDER EXTENDING TIME TO SERVE AND** [ ] **ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
56-2010-00382972-CU-FR-VTA

Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)

HEARING DATE:
DEPT.: 40          TIME:

1. Applicant *(name):*   EDNA BENIS and PAMELA MAREK SYKES
   is
   a. [✓] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*   October 6, 2010

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✓] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [ ] Other *(describe):*

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*   February 7, 2011

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✓] None
   b. [ ] The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   CAREER EDUCATION CORPORATION, SALLIE MAE, INC., ALLIANCE ONE, INC., WINDHAM PROFESSIONALS, INC., OXFORD MANAGEMENT SERVICE

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS**

Page 1 of 2
Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

| | CM-020 |
|---|---|
| **CASE NAME:** BENIS and SYKES v. CAREER EDUCATION CORP., et al. | **CASE NUMBER:** 56-2010-00382972-CU-FR-VTA |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons (*describe the efforts that have been made to serve the pleading and why service has not been completed*):

Plaintiff, Pamela Marek Sykes, submitted amendment for order correcting spelling of plaintiff's surname; which has not been returned by the court; Plaintiffs submit a first amended complaint with this application

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Order to correct spelling of surname of plaintiff, Pamela Marek Sykes, not yet returned.
After filing complaint, plaintiff's counsel discovered information requiring a first amended complaint be filed, which is submitted for filing concurrently with this application. All defendants have offices out of state and some may need to be served through the Secretary of State as some of the defendants are not registered to transact intrastate business in California.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by (*date*):
February 7, 2011

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required (*describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected*) or ☑ is not required (*state reasons*):

None of the defendants have been served

☐ Continued on Attachment 10.

11. Number of pages attached: __0__

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 27, 2010

PATRICIA LEWIS
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)          ► _____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** ☑ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than (*date*): February 7, 2011

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: DEC 0 7 2010          _____
JUDICIAL OFFICER

| CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS** | Page 2 of 2 |
|---|---|---|

ATTORNEY OF PARTY WITHOUT ATTORNEY (Name and address)
PATRICIA LEWIS, SBN 212728

Telephone Number  619-225-0747

LEWIS LAW FIRM

1202 Kettner Boulevard #6100, San Diego, CA 92101-3312

E-MAIL ADDRESS  PALewis@LawFirmPal.com

ATTORNEY FOR (Name):  Plaintiffs, BENIS and MAREK-SYKES

FOR COURT USE ONLY

VENTURA
SUPERIOR COURT
**FILED**

OCT 0 6 2010

MICHAEL D. PLANET
Executive Officer and Clerk

By: _____ Deputy

M. SOTO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

[✓]  800 SOUTH VICTORIA AVE. VENTURA, CA 93009

[ ]  3855 – F ALAMO ST. SIMI VALLEY, CA 93063-2110

PLAINTIFF/PETITIONER   EDNA BENIS and PAMELA MAREK SYKES

DEFENDANT/RESPONDENT   CAREER EDUCATION CORPORATION, et al.

**DECLARATION FOR COURT ASSIGNMENT**
(Family Law and Unlawful Detainer and all other General Civil actions **ONLY**)

CASE NUMBER:
56-2010-00382972-CU-FR-VTA

Family Law, Domestic Violence, Paternity, Harassment, Unlawful Detainer, and all other General Civil actions presented for filing MUST be accompanied by this declaration.

The undersigned declares that the above entitled matter is filed for proceedings in the:

[ ]  **East County Division -  Unlawful Detainer / Civil**, 3855 – F Alamo St., Simi Valley, Ca 93063 (Based upon Zip Code.)

| | | | | | |
|---|---|---|---|---|---|
| [ ] 91301 | [ ] 91302 | [ ] 91304 | [ ] 91307 | [ ] 91360 | [ ] 91362 |
| [ ] 91377 | [ ] 93020 | [ ] 93021 | [ ] 93062 | [ ] 93063 | [ ] 93064 |
| [ ] 93065 | [ ] 91363 | | | | |

**East County Division – Family Law only**, 3855 – F Alamo St., Simi Valley, Ca 93063 (Based upon Zip Code.)

| | | | | | |
|---|---|---|---|---|---|
| [ ] 93020 | [ ] 93021 | [ ] 93062 | [ ] 93063 | [ ] 93064 | [ ] 93065 | [ ] 91363 |

[✓]  **Ventura Division,** 800 S. Victoria Ave., Ventura, Ca 93009 (Venue does NOT fall within the Zip Codes above but is within Ventura County.)

For the checked reason:

| | | |
|---|---|---|
| [ ] | Contract | Performance in the division is expressly provided for |
| [ ] | Equity | The cause of action arose within the division |
| [ ] | Eminent Domain | The property is located within the division |
| [ ] | Family Law | Plaintiff, defendant, petitioner or respondent resides within the division |
| [ ] | Harassment | Plaintiff, defendant, petitioner or respondent resides within the division |
| [ ] | Mandate | The defendant functions wholly within the division |
| [ ] | Name Change | The petitioner resides within the division |
| [ ] | Paternity | Plaintiff, defendant, petitioner or respondent resides within the division |
| [ ] | Personal Injury | The injury occurred within the division or the defendant resides within the division |
| [ ] | Personal Property | The property is located within the division or the defendant resides within the division |
| [ ] | Prohibition | The defendant functions wholly within the division |
| [ ] | Review | The defendant functions wholly within the division |
| [ ] | Title to Real Property | The property is located within the division |
| [ ] | Unlawful Detainer | The property is located within the division |
| [ ] | Domestic Violence | Plaintiff, defendant, petitioner or respondent resides with the division |
| [✓] | Civil not otherwise specified | Claims arose in division |

(Venue Rule Applicable)

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the division:

Name:  Brooks Institute of Photography; Career Education Corp        Address:  5301 North Ventura Avenue, Ventura, CA 93001

Upon information and belief, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _October 4, 2010_____

_____
Signature of Attorney/Party

**DECLARATION FOR COURT ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 654-2609**

## NOTICE OF CASE ASSIGNMENT

### Case Number: 56-2010-00382972-CU-FR-VTA

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Glen Reiser | Ventura | 40 |

[ **x** ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions**

Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information**

You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date:  10/07/2010

By: _M. Soto_

Marisela Soto,  Clerk

VEN-FNR051

**NOTICE OF CASE ASSIGNMENT**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PATRICIA LEWIS, SBN 212728<br>LEWIS LAW FIRM<br>1202 Kettner Boulevard, Suite 6100<br>San Diego, California  92101-3312<br>TELEPHONE NO.: 619-225-0747    FAX NO. *(Optional):* 619-255-2452<br>E-MAIL ADDRESS *(Optional):* PALewis@LawFirmPal.com<br>ATTORNEY FOR *(Name):* Plaintiffs, BENIS and MAREK-SYKES | VENTURA<br>SUPERIOR COURT<br>F I L E D<br><br>OCT 0 6 2010<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>By _____ Deputy<br>M. SOTO |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  VENTURA | |
|---|---|
| STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, California  93009<br>BRANCH NAME: Ventura Division | |

| PLAINTIFF/PETITIONER: EDNA BENIS & PAMELA MAREK SYKES | CASE NUMBER:<br>56-2010-00382972-CU-FR-VTA |
|---|---|
| DEFENDANT/RESPONDENT: CAREER EDUCATION CORPORATION, et al. | JUDICIAL OFFICER: |

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: TODD MAREK v. SALLIE MAE, INC., et al.

   b. Case number:  filed concurrently

   c. Court: [✓] same as above

      [ ] other state or federal court *(name and address):*

   d. Department:

   e. Case type: [ ] limited civil  [✓] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

   f. Filing date:  filed concurrently

   g. Has this case been designated or determined as "complex?"  [ ] Yes  [✓] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      [ ] involves the same parties and is based on the same or similar claims.

      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [ ] involves claims against, title to, possession of, or damages to the same property.

      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      [ ] Additional explanation is attached in attachment 1h

   i. Status of case:

      [✓] pending

      [ ] dismissed  [ ] with  [ ] without prejudice

      [ ] disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: [ ] same as above

      [ ] other state or federal court *(name and address):*

   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | NOTICE OF RELATED CASE | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: EDNA BENIS & PAMELA MAREK SYKES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CAREER EDUCATION CORPORATION, et al | |

2. (continued)

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above (check all that apply):

     ☐ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

     ☐ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

3.  a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court (name and address):

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (specify):

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above (check all that apply):

     ☐ involves the same parties and is based on the same or similar claims.

     ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

     ☐ involves claims against, title to, possession of, or damages to the same property.

     ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

       ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

     ☐ pending

     ☐ dismissed ☐ with ☐ without prejudice

     ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: October 4, 2010

PATRICIA LEWIS
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER:   EDNA BENIS & PAMELA MAREK SYKES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   CAREER EDUCATION CORPORATION, et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the **Notice of Related Case** if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1.  I am at least 18 years old and **not a party to this action.**  I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
    a. ☐  deposited the sealed envelope with the United States Postal Service.
    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Related Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a. Name of person served:                          c. Name of person served:

    Street address:                                    Street address:
    City:                                              City:
    State and zip code:                                State and zip code:

    b. Name of person served:                          d. Name of person served:

    Street address:                                    Street address:
    City:                                              City:
    State and zip code:                                State and zip code:

☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____            ▶    _____
(TYPE OR PRINT NAME OF DECLARANT)                        (SIGNATURE OF DECLARANT)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)
PATRICIA LEWIS SBN 212728
1202 Kettner Blvd Ste 6100

San Diego          CA          92101

ATTORNEY FOR (Name)          Plaintiff

TELEPHONE NO.    (619) 225-0747

VENTURA
SUPERIOR COURT
**FILED**

JAN 0 5 2011

MICHAEL D. PLANET
Executive Officer and Clerk
By _____, Deputy
M. SOTO

Insert of Court Name of Judicial District and Branch Court If any
VENTURA COUNTY SUPERIOR COURT, VENTURA DIVISION

SHORT TITLE OF CASE
BENIS v CAREER

| 2055587 | (HEARING) Date | Time | Dept |

Case Number:
56201000382972CUFRVTA

REFERENCE NO.
Benis & Sites

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS ON FIRST AMENDED COMPLAINT & FIRST AMENDED COMPLAINT
   SUMMONS & COMPLAINT
   CIVIL CASE TRACK TIME SCHEDULE
   VOLUNTARY EARLY CIVIL MEDIATION QUESTIONNAIRE
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION
   NOTICE OF CASE ASSIGNMENT
   NOTICE OF RELATED CASE

3. a. PARTY SERVED:    SALLIE MAE, INC.

   CT Corporation, Agent for Service
   b. PERSON SERVED:   MARIA SANCHEZ, PERSON AUTHORIZED TO RECEIVE
   HISPANIC FEMALE 40YRS 5'04" 170LBS. BROWN HAIR BROWN EYES

4. c. ADDRESS:    818 W 7th St
   Los Angeles          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON    12/16/2010  AT   3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   SALLIE MAE, INC.

   CT Corporation, Agent for Service
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

7a. Person Serving:    V. Enrique          Mendez

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

d. The fee for service was          $28.50
e. I am:
   (1)          not a registered California process server:
   (3) X        registered California process server:
      (i) Independent Contractor
      (i) Registration No:  434/3428
      (i) County:    oc/la

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   V. Enrique          Mendez
12/29/2010

X _____
          SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* ___ *bar number, and address):*<br>PATRICIA LEWIS, SBN 212728<br>LEWIS LAW FIRM<br>1202 Kettner Boulevard, Suite 6100<br>San Diego, California 92101-3312<br>TELEPHONE NO.: 619-225-0747   FAX NO. *(Optional):* 619-255-2452<br>E-MAIL ADDRESS *(Optional):* PALewis@LawFirmPal.com<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br>VENTURA<br>SUPERIOR COURT<br>**FILED**<br>JAN 0 5 2011<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>By: _____ , Deputy<br>M. SOTO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   VENTURA
STREET ADDRESS:   800 South Victoria Avenue
MAILING ADDRESS:   800 South Victoria Avenue
CITY AND ZIP CODE:   Ventura, California  93009
BRANCH NAME:   VENTURA DIVISION

| | |
|---|---|
| PLAINTIFF/PETITIONER: EDNA BENIS and PAMELA MAREK SITES | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CAREER EDUCATION CORPORATION, et al. | 56-2010-00382972-CU-FR-VTA |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* amendment to complaint-incorrect name, notice of related case, case assig

3. a. Party served *(specify name of party as shown on documents served):*

   CAREER EDUCATION CORPORATION

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Jordan Grotzinger, Attorney for Career Education Corporation

4. Address where the party was served:

   Greenberg Traurig, 2450 Colorado Avenue, Suite 400E, Santa Monica, California  90404

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*   (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Addre.

PATRICIA LEWIS SBN 21272b
1202 Kettner Blvd Ste 6100

TELEPHONE NO.
(619) 225-0747

San Diego          CA          92101

ATTORNEY FOR (Name)          Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
VENTURA COUNTY SUPERIOR COURT, VENTURA DIVISION

SHORT TITLE OF CASE
BENIS v CAREER

FOR COURT USE ONLY
SUPERIOR COURT
**FILED**

JAN 0 5 2011

MICHAEL D. PLANET
Executive Officer and Clerk

By_____ Deputy

| 2055585 | (HEARING) Date | Time | Dept |
|---|---|---|---|

Case Number:
56201000382972CUFRVTA

REFERENCE NO.
Benis & Sites

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS ON FIRST AMENDED COMPLAINT & FIRST AMENDED COMPLAINT
   SUMMONS & COMPLAINT
   CIVIL CASE TRACK TIME SCHEDULE
   VOLUNTARY EARLY CIVIL MEDIATION QUESTIONNAIRE
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION
   NOTICE OF CASE ASSIGNMENT
   NOTICE OF RELATED CASE

3. a. PARTY SERVED:  WINDHAM PROFESSIONALS, INC.

   CT Corporation, Agent for Service
   b. PERSON SERVED: MARIA SANCHEZ, PERSON APPARENTLY IN CHARGE
   HISPANIC FEMALE 40YRS 5'04" 170LBS. BROWN HAIR BROWN EYES

4. c. ADDRESS:  818 W 7th St
   Los Angeles          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON  12/16/2010 AT  3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   WINDHAM PROFESSIONALS, INC.

   CT Corporation, Agent for Service
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

7a. Person Serving:          V. Enrique          Mendez

d. The fee for service was          $52.90
e. I am:

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

(1)          not a registered California process server:
(3) X          registered California process server:
   (i) Independent Contractor
   (i) Registration No:  434/3428
   (i) County:  oc/la

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  V. Enrique          Mendez

12/29/2010

X_____
SIGNATURE

| PLAINTIFF/PETITIONER: EDNA E. ...IS and PAMELA MAREK SITES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CAREER EDUCATION CORPORATION, et al. | 56-2010-00382972-CU-FR-VTA |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: December 15, 2010      (2) from *(city)*: San Diego, California

   (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* Career Education Corporation
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)       [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)   [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)        [ ] 415.46 (occupant)
                     [ ] other:

7. **Person who served papers**
  a. Name: Patricia Lewis, Lewis Law Firm
  b. Address: 1202 Kettner Boulevard, Suite 6100, San Diego, California  92101-3312
  c. Telephone number: 619-225-0747
  d. The fee for service was: $ 0
  e. I am:

    (1) [ ] not a registered California process server.
    (2) [✓] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner  [ ] employee  [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 3, 2010

PATRICIA LEWIS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶            (SIGNATURE )

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| PATRICIA LEWIS, SBN 212728<br>LEWIS LAW FIRM<br>1202 Kettner Boulevard, Suite 6100<br>San Diego, California  92101-3312<br><br>TELEPHONE NO.: 619-225-0747   FAX NO. *(Optional)*: 619-255-2452<br>E-MAIL ADDRESS *(Optional)*: PALewis@LawFirmPal.com<br>ATTORNEY FOR *(Name)*: Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: 800 South Victoria Avenue
CITY AND ZIP CODE: Ventura, California  93009
BRANCH NAME: VENTURA DIVISION

PLAINTIFF/PETITIONER: EDNA BENIS and PAMELA MAREK SITES

DEFENDANT/RESPONDENT: CAREER EDUCATION CORPORATION, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>56-2010-00382972-CU-FR- |
|---|---|

TO *(insert name of party being served)*: CAREER EDUCATION CORPORATION

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 15, 2010

PATRICIA LEWIS
_____
(TYPE OR PRINT NAME)                                        ▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

  summons on first amended complaint; first amended complaint;
  amendment to complaint-incorrect name; notice of related case; notice of case assignment;
  voluntary early civil mediation questi... ...pulation to use ADR process;
  civil case tack time schedule, ADR i... ...

*(To be completed by recipient)*:

Date this form is signed: 1-3-11

_Jordan Grotzinger, for _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNO...     ...RECEIPT — CIVIL**

# EXHIBIT B

1  GREENBERG TRAURIG, LLP
   JEFF E. SCOTT (SBN 126308)
2  JORDAN D. GROTZINGER (SBN 190166)
   2450 Colorado Avenue, Suite 400E
3  Santa Monica, California 90404
   Telephone: (310) 586-7700
4  Facsimile: (310) 586-7800

5  Attorneys for Defendant
   CAREER EDUCATION CORPORATION
6

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  EDNA BENIS and PAMELA MAREK     )   Case No. [TBD]
    SITES,                          )
13                                  )
                                    )
14           Plaintiffs,            )   **CONSENT OF DEFENDANT**
                                    )   **CAREER EDUCATION**
15       v.                         )   **CORPORATION TO REMOVAL**
                                    )
16  CAREER EDUCATION                )
    CORPORATION; SALLIE MAE, INC.;  )
17  ALLIANCE ONE, INC.; WINDHAM     )
    PROFESSIONALS, INC., and DOES 1 )
18  through 50,                     )
19                                  )
             Defendants.            )
20                                  )
                                    )
21

22

23

24

25

26

27

28

LA 51353515v1

1    Defendant Career Education Corporation, by and through undersigned

2    counsel, hereby expressly consents to the removal of this action by Defendant Sallie

3    Mae, Inc. to this Court from the Superior Court of the State of California for the

4    County of Ventura.

5    Dated:  January 13, 2011                    GREENBERG TRAURIG, LLP

6

7                                                 JORDAN D. GROTZINGER
                                                  Attorneys for Defendant
8                                                 CAREER EDUCATION CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 1 -

# EXHIBIT C

1   TOMIO B. NARITA (SBN 156576)
2   JEFFREY A. TOPOR (SBN 195545)
    SIMMONDS & NARITA LLP
3   44 Montgomery Street, Suite 3010
    San Francisco, CA 94104-4816
4   Telephone: (415) 283-1000
    Facsimile:   (415) 352-2625
5   tnarita@snllp.com
6   jtopor@snllp.com

7   Attorneys for Defendant
    ALLIANCEONE RECEIVABLE
8   MANAGEMENT, INC. (improperly
    sued as Alliance One, Inc.)
9

10

11                  **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14   EDNA BENIS and PAMELA MAREK      )  Case No. [TBD]
     SITES,                           )
15                                    )
           Plaintiffs,                )  **CONSENT OF DEFENDANT**
16                                    )  **ALLIANCE ONE, INC. TO**
           v.                         )  **REMOVAL**
17                                    )
18   CAREER EDUCATION                 )
     CORPORATION; SALLIE MAE, INC.;   )
19   ALLIANCE ONE, INC.; WINDHAM      )
     PROFESSIONALS, INC., and DOES 1  )
20                                    )
     through 50,                      )
21                                    )
           Defendants.                )
22                                    )
23

24

25

26

27

28

LA 51354156v1

1        Defendant Alliance One, Inc., by and through undersigned counsel, hereby

2    expressly consents to the removal of this action by Defendant Sallie Mae, Inc. to this

3    Court from the Superior Court of the State of California for the County of Ventura.

4

5    DATED:  January 11, 2011        SIMMONDS & NARITA LLP

6                                      TOMIO B. NARITA

7                                      JEFFREY A. TOPOR

8

9                          By:

10                                 Jeffrey A. Topor

11                                 Attorneys for defendant

                                  AllianceOne Receivables Management,

12                                 Inc. (improperly sued as Alliance One,

                                  Inc.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

# EXHIBIT D

1  David J. Kaminski, Esq. (State Bar No. 128509)
   kaminskid@cmtlaw.com
2  Martin Schannong, Esq. (State Bar No. 243297)
   schannom@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant
   WINDHAM PROFESSIONALS, INC.

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 EDNA BENIS and PAMELA MAREK        )  CASE NO.
   SITES,                            )
12                                    )
              Plaintiffs,            )  **DECLARATION OF CHERYL**
13                                    )  **GAJEWSKI RE: CONSENT OF**
       vs.                           )  **DEFENDANT WINDHAM**
14                                    )  **PROFESSIONALS, INC. TO**
   CAREER EDUCATION                  )  **REMOVAL**
15 CORPORATION; SALLIE MAE,          )
   INC.; ALLIANCE ONE, INC.;         )
16 WINDHAM PROFESSIONALS, INC.,       )
   and DOES 1 through 50,            )
17                                    )
              Defendants.            )
18                                    )
19                                    )
20

21              **DECLARATION OF CHERYL GAJEWSKI**

22      I, Cheryl Gajewski, declare as follows:

23      1.      I am Compliance Manager for Defendant WINDHAM PROFESSIONALS,

24 INC. ("Windham") and I am authorized to make this Declaration on Defendant

25 Windham's behalf. As Compliance Manager, I am familiar with the pleadings filed and

26 served by the parties in this matter. I have personal knowledge of the facts set forth in

27 this Declaration and if called as a witness, I could and would competently testify to

28 them.

                                    1
170652                           DECLARATION

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

2.      On December 15, 2010, Defendant Windham received Plaintiffs EDNA BENIS and PAMELA MAREK SITES' ("Plaintiffs") Complaint in the civil action entitled <u>Edna Benis and Pamela Marek Sites v. Career Education Corporation; Sallie Mae, Inc.; Alliance One, Inc.; Windham Professionals, Inc., and Does 1 through 50</u>, Case No. 56-2010-00382972-CU-FR-VTA, filed the Superior Court for the State of California, County of Ventura. This was the very first time Defendant Windham received a copy of Plaintiffs' Complaint.

3.      Defendant Windham is a Massachusetts corporation with its principal place of business in New Hampshire.

4.      Defendant Windham hereby expressly consents to the removal of this action by Defendant SALLIE MAE, INC. to this Court from the Superior Court of the State of California for the County of Ventura.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on January 12, 2011, at Salem, New Hampshire.

Cheryl Gajewski
Compliance Manager
Windham Professionals, Inc.

170652

2
DECLARATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 402 ODW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br><br>Edna Benis and Pamela Marek Sites | **DEFENDANTS**<br><br>Career Education Corporation; Sallie Mae, Inc.; Alliance One,Inc.; Windham Professionals, Inc. and DOES 1 through 50 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Patricia Lewis (SBN: 212728)<br>Lewis Law Group<br>1202 Kettner Blvd., Suite 6100<br>San Diego, California 92101-3312<br>Telephone: (619) 225-0747<br>Facsimile: (619) 255-2452 | Attorneys (If Known)<br><br>Stroock & Stroock & Lavan LLP, Attorneys for Sallie Mae, Inc.<br>Lisa M. Simonetti (SBN: 165996)<br>George S. Azadian (SBN: 253342)<br>2029 Century Park East, 16th Floor<br>Telephone: (310) 556-5800<br>Facsimile: (310) 556-5959 |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 134,070

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332(a). Plaintiffs allege violations of the California Education Code and Fair Debt Collection Practices Act, Fraud and Breach of Contract relating to private student loans

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV 11 00402**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                          CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [X]  A. Arise from the same or closely related transactions, happenings, or events; or

[X]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[X]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Edna Benis: Arizona<br>Pamela Sites: San Diego, California |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sallie Mae, Inc. Career Education Corp. and Alliance One, Inc. resides in Delaware; Windham Professionals, Inc. resides in Massachusets |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _George Azadian_  Date _1/13/2011_

George S. Azadian

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |