O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDNA BENIS, PAMELA SITES, TODD MAREK,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SALLIE MAE, INC., ALLIANCE ONE, INC., WINDHAM PROFESSIONALS INC., ALLIANCE ONE, INC., doing business as ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., OXFORD MANAGEMENT SERVICES,<br><br>　　　　　Defendants. | CASE CV 11-00402-ODW (VBKx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [93] |

## I. INTRODUCTION

Currently before the Court is Defendant, Sallie Mae, Inc.'s, Motion to Dismiss Plaintiffs Pamela Sites, Edna Benis and Todd Marek's (collectively known as "Plaintiffs") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 93.) The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** in part, and **DENIES** in part, Sallie Mae's Motion.

## II. BACKGROUND

Todd Marek ("Marek" or "Plaintiff"), attended Brooks Institute of Photography ("Brooks") from July 2004 through August 2007. (SAC ¶¶ 1, 5.) To finance his education, Marek obtained six private student loans from Defendant Sallie Mae ("Sallie Mae"), two of which were co-signed by Edna Benis (Marek's grandmother), and three of which were co-signed by Pamela Sites (Marek's mother). (SAC ¶¶ 5, 11-13.) Allegedly, Sallie Mae placed Pamela Site's signature on the loan documents without her permission. (SAC ¶ 27.) The initial principal of the six loans allegedly totaled $120,445. (SAC ¶ 1.)

Plaintiffs allege that during the "Interim Period,"[1] the time during which no payments were due on the loans, Sallie Mae sent letters to Plaintiffs that unilaterally changed the loans' contractual terms and failed to explain the potential impact capitalized interest could have on the loans.[2] In fact, once the "Repayment Period" began, Capitalized Interest was added to the principal, and by September 2008, the balance of the loans rose to $168,418. (SAC ¶ 23.) Marek was unable to make payments on the loans after the increases and soon defaulted. (SAC ¶ 24.) The loans were then allegedly sold to Alliance One, Inc. ("Alliance"), Windham Professionals, Inc. ("Windham") and Oxford Management Services ("Oxford" collectively known as "Debt Collectors"). (SAC ¶ 24.) Plaintiffs allege around September 22, 2009, Edna Benis paid $14,667 to Sallie Mae, through Alliance, as payment in full for two of the loans. (SAC ¶ 25.)

---

[1] Under the terms of the loan agreement, the "Interim Period" was defined as the time beginning with disbursement until six months after Marek was no longer enrolled as a student. (SAC ¶ 14.) During this time no payments were due on the loans. (SAC ¶ 14.) In this case, Marek stopped attending school in August 2007 so the "Interim Period" terminated in February of 2008. (SAC ¶ 15.) The "Repayment Period" was stipulated to begin the day after the conclusion of the "Interim Period," at which time, payments on the loans became due. (SAC ¶ 14.)

[2] Plaintiffs allege that Sallie Mae changed the terms of the loans through the following letters it mailed to Plaintiffs. On March 26, 2008, Plaintiffs allege, Sallie Mae sent letters ("March 26 Letters") to Plaintiffs stating, "Unpaid interest will be capitalized (added to the principal of your loan(s)) no more frequently than quarterly during the forbearance and at the end of the forbearance, *even if your promissory note indicates otherwise*." (SAC ¶ 19) (emphasis added).

Moreover, on September 17, 2008, Plaintiffs allege, Sallie Mae sent Marek a letter ("September 26 Letter") stating in all capital letters, "SALLIE MAE RESERVES THE RIGHT TO MODIFY OR DISCONTINUE LOAN PROGRAMS AT ANY TIME WITHOUT NOTICE." (SAC ¶ 20.)

However, Plaintiffs allege, Alliance still attempted to collect on the two loans after Edna Benis made the September 22nd payment. (SAC ¶ 29.)

### III. LEGAL STANDARD

**A.   Rule 12(b)(6)**

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id*. (citation and quotations omitted).

**B.   Rule 9**

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731

(9th Cir. 1985). The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted).

## IV. DISCUSSION

Sallie Mae seeks to dismiss Plaintiffs' second cause of action - breach of contract, as well as Plaintiff's first cause of action - fraud and deceit. Each cause of action will be addressed in turn.

### A. Breach of Contract

Under California law, breach of contract consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. *See First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001). Plaintiffs allege breach of contract against Sallie Mae for the following reasons: (1) the promissory notes provided that capitalized interest would be added to the loans only when there were unpaid amounts of fees; (2) the March 16th Letter's declaration that capitalized interest would be added to the loans even if the promissory notes indicated otherwise; (3) the September 17th Letter's declaration that Sallie Mae reserved the right to modify or discontinue his loans at any time without notice; and (4) Sallie Mae selling the loans that Edna Benis allegedly paid in full to Debt Collectors. (SAC ¶¶ 45-48.) Sallie Mae avers that: (1) Plaintiffs have failed to identify a specific provision of the promissory notes that have allegedly been breached; (2) all actions undertaken by Sallie Mae were pursuant to the terms of the loan agreements; and (3) even if Sallie Mae breached the terms of the contract, Plaintiffs have not suffered any damages. (Mot. at 5-7.)

#### 1. *Breach of Contract - Plaintiffs' First Allegation*

The Court finds that Plaintiffs' allegation that the promissory notes provided that capitalized interest would only be added to the loans only when there were unpaid fees -

4

fails to state a breach of contract claim. Plaintiffs' argument fails to consider the terms of the loan agreements which were agreed upon. The promissory notes contain the following provisions:

> Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

(SAC, Exs. A-E, at § B.3.)

> Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.

(SAC, Exs. A-E at § C.1.)

> I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period.

(SAC, Exs. A-E at § D.1.)

A fair reading of the contractual terms suggests that Sallie Mae was entitled to add the interest that accrued from the date of disbursement to the principal of the loan once the "Repayment Period" began. This is exactly what happened. Since Sallie Mae has acted in conformity with the provisions of the loan agreement, the Court finds that Plaintiffs have not sufficiently alleged a breach of contract by Sallie Mae.

### 2. *Breach of Contract - Plaintiffs' Second and Third Allegations*

Plaintiff's second and third allegations that Sallie Mae changed the terms of the agreement also fail to establish a breach of contract. It is Plaintiffs' responsibility to allege a causal link between a particular breach and resulting damages. Assuming that Sallie Mae did in fact declare in the March 17th Letter and September 16th Letter that

the contractual terms were changed, Plaintiffs have failed to establish how such declarations caused them any damages or which provisions were actually changed. Without identifying any particular provisions that were changed, or how Plaintiffs were damaged, the Court finds that Plaintiffs' allegations are not plausible on their face to constitute a claim. *See Perez v Ocwen Loan Servicing*, *LLC*, No. 10 CV 1403 JLS (WVG), 2011 U.S. Dist. LEXIS 73769, at *5 (S.D. Cal. July 8, 2011) (holding that plaintiff's breach of contract was not plausible in part where plaintiff neglected to identify a specific contractual provision). Thus, Plaintiffs' second and third allegations fail to state a claim.

### 3.     *Breach of Contract - Plaintiffs' Fourth Allegation*

Plaintiffs' final allegation does not state a valid claim. Plaintiffs allege that they have paid Sallie Mae in full and Sallie Mae has breached this agreement by selling the loans. The Court finds this allegation to be conclusory because it lacks sufficient factual support. *See Yanik v. Countrywide Home Loans, Inc.,* Case No. CV 10-6268 CAS (Rzx), 2010 U.S. Dist. LEXIS 115717, at *11 (C.D. Cal. Oct. 18, 2010) (holding plaintiff's breach of contract claim failed because plaintiff did not attach the loan agreement to his complaint). Without an accompanying exhibit, the Court is unable to determine if any terms of this agreement were actually breached. Therefore, Plaintiffs' allegations fail to state a plausible claim for relief.

In sum, the Court **GRANTS** Sallie Mae's Motion to Dismiss Plaintiffs' breach of contract claim.

### B.     Fraud and Deceit

Under California law, the elements of fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted if he had known of the concealed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Hahn v. Mirda*, 147 Cal. App. 4th 740,

747 (Cal. Ct. App. 2007). Furthermore, the elements of fraud under California law are: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Plaintiffs allege fraud and deceit against Sallie Mae for the following reasons: (1) Sallie Mae signed Pamela Sites's signature on the loan documents without her permission; (2) Sallie Mae failed to disclose the true meaning of "Capitalized Interest," including, but not limited to, the reality that "Capitalized Interest" would dramatically increase the principal balances of the loans, what would trigger the addition of "Capitalized Interest" and when 'Capitalized Interest' would be added to the loans; (3) providing disclosure statements with no reference to "Capitalized Interest;" (4) adding "Capitalized Interest" and/or other amounts of unknown charges to the Sallie Mae Signature loans which increased the principal amounts of the loans from $120,445 to $168,418, by September 2008; (5) failing to provide an end date for the loans; and (6) Sallie Mae sold two of the loans after they had been paid in full. (SAC ¶ 27.)

Sallie Mae counters by arguing that: (1) the economic loss rule bars Plaintiffs from asserting a fraud and deceit claim; (2) Plaintiffs have failed to identify any misrepresentation or concealment of material fact in the promissory notes; and (3) Plaintiffs have not met the heightened pleading requirement of Rule 9(b). (Mot. at 8, 9, 11.)

### 1.   *Fraud and Deceit - Plaintiffs' Sixth Allegation*

The Court begins by finding that Plaintiffs' allegation that Sallie sold two of the loans that Plaintiffs paid in full, is not sufficiently pled. These exact allegations were found conclusory under Plaintiffs' breach of contract claim. For the same reasons, these allegations fail to constitute a fraud claim as well.

### 2.   *Economic Loss Rule*

The threshold issue the Court must address for Plaintiffs' remaining fraud and deceit claims is whether they are barred by the economic loss rule. The economic loss

rule requires a party to a contract to recover in contract for a purely economic loss, unless he can demonstrate harm above a contractual promise. *Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 988. Accordingly, where a purchaser's expectations in sale are frustrated because a purchased product is not working properly, their remedy is in contract alone, as they have suffered only "economic losses." *Id*. However, tort damages are permitted in contract cases involving, but not limited to: a breach of duty which directly causes injury; a breach of the covenant of good faith and fair dealing in insurance contracts; a wrongful discharge in violation of public policy; or fraudulent inducement. *Id.* at 989-90. In these instances, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm. *Id.* at 990. Moreover, the California Supreme Court has emphasized that courts should focus on intentional conduct when considering whether to provide an exception to the rule. *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1181 (C.D. Cal. 2009).

The Court finds that the economic loss rule will not bar Plaintiffs' fraud claims which are sufficiently pled. Assuming Sallie Mae fraudulently concealed material facts in its loan documents, or forged a signature, tort liability would be independent of the contract or it would arise from conduct that was both intentional and intended to harm. *See Krzyzanowsky v. Orkin Exterminating Co.,* No. C 07-05362 SBA, 2009 U.S. Dist. LEXIS 14332, at *33 (N.D. Cal. Feb. 24, 2009) (finding plaintiff successfully pled an exception to the economic loss rule where defendant intentionally failed to disclose material information to consumers). The Court now turns to the question of whether Plaintiffs have properly pled their fraud claims.

### 3. *Fraud and Deceit - Plaintiffs' Second, Third, and Fourth Allegations*

The Court finds that Plaintiffs have failed to sufficiently plead a fraud and deceit claim with respect to the allegations that Sallie Mae concealed material provisions of the loan agreements, and added undisclosed amounts to the principal.[3] In this instance,

---

[3] The Court is grouping Plaintiffs' fourth allegation with Plaintiffs' second allegation because Sallie Mae would not be liable for fraud by adding Capitalized Interest to the loan principal unless it was discovered that the loan documents concealed the true meaning of "capitalized interest." In other words,

Plaintiffs have proffered conclusory allegations to the Court. Plaintiffs allege that the terms of the agreement, with respect to capitalized interest, were fraudulently concealed and they have been damaged accordingly. However, the Court is unable to determine why exactly Plaintiffs were obligated to pay $47,973 seven months after the "Repayment Period" began. Plaintiff is partially responsible for this development. In Plaintiffs' Complaint, there is no date provided for when Plaintiffs defaulted on their loans. (*See* SAC ¶ 24.) This information would be useful in determining whether the $47,973 was caused exclusively by capitalized interest or whether it included, or was entirely comprised of, penalties for missed payments. Since Plaintiffs do not discuss how much of the $47,973 is attributable to capitalized interest, or at the very least provide the date of default on the loans, the Court has no way of knowing whether capitalized interest is even responsible for Plaintiffs' loan increases. Thus Plaintiffs' allegations are deemed conclusory.

### 4. *Fraud and Deceit - Plaintiffs' Fifth Allegation*

The Court finds that Plaintiffs have failed to allege a fraud claim concerning Sallie Mae's alleged failure to provide an end date for the loans. Assuming this to be true, Plaintiffs have not demonstrated in their Complaint how this caused them any harm.[4] Since damages are a necessary element of a fraud claim, Plaintiffs' allegations fail to state a claim.

### 5. *Fraud and Deceit - Plaintiffs' First Allegation*

Finally, the Court finds that Plaintiffs' allegation that Sallie Mae forged Pamela Sites's signature sufficiently alleges a cause of action for fraud. Accepting as true Plaintiffs' allegations that Mrs. Sites did not consent to become a co-signer on any of Marek's loans, then Sallie Mae would have committed fraud by forging her signature. Thus, Plaintiffs' first allegation is not barred by the economic loss rule as it pleads a

---

Plaintiffs' fourth allegation could only be construed as fraudulent if Plaintiffs' second allegation was proved fraudulent to begin with.

[4]In their Opposition, Plaintiffs claim that the misrepresentations have caused them harm by the exponential increases in the loans. (Opp'n at 15.) However, unless Plaintiffs clearly articulate how the allegation of no end date provided for the loans caused the loan values to increase, or to increase without Plaintiffs' knowledge, the Court will find that no damages were caused with respect to this allegation.

willful act on the part of Sallie Mae to cause harm. Furthermore, the Court finds that this claim has been properly pled in accordance with the standards of Rule 9(b). Plaintiffs have identified the documents at issue and the party whose signature was allegedly forged. Under the circumstances, it would be unreasonable to expect Plaintiffs to name the actual person who forged Pamela Sites's signature. *See Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, No.Civ. S-07-1015 LKK/EFB, 2007 U.S. Dist. LEXIS 67172, at *27-28 (E.D. Cal. Aug. 29, 2007) (finding that the circumstances of fraud can make it unreasonable to require plaintiff to identify the specific individual who perpetuated the tortious activity).

In sum, the Court **DENIES** Sallie Mae's Motion to Dismiss Plaintiffs' fraud and deceit claim with respect to Plaintiffs' first allegation.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** in part, and **DENIES** in part, Sallie Mae's Motion to Dismiss with leave to amend. Plaintiffs may file an amended Complaint within twenty-one (21) days from the date of this Order.

IT IS SO ORDERED.

August 24, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE