1 PATRICIA LEWIS, California Bar No. 212728
  E-Mail - *PALewis@LawFirmPal.com*
2 LEWIS LAW FIRM
  1202 Kettner Boulevard, Suite 6100
3 San Diego, California   92101-3312
  Telephone:  (619) 225-0747
4 Facsimile:   (619) 255-2452

5 Attorney for Plaintiffs

```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                             SEP - 6 2011
                               10:51

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY                      DEPUTY
```

8 ## UNITED STATES DISTRICT COURT

9 ## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 11 EDNA BENIS, PAMELA SITES,<br>TODD MAREK, | ) CASE NUMBER  CV 11 - 402 ODW (VBKx) |
| 12 | ) *THIRD AMENDED COMPLAINT,* |
| 13                          Plaintiffs, | ) *CONSOLIDATED, FOR RESCISSION,*<br>) *RESTITUTION AND DAMAGES FOR:* |
| 14      -v- | ) *1.   Fraud and Deceit* |
| 15 SALLIE MAE, INC.;<br>ALLIANCE ONE, INC.; | ) *2.   Breach of Contract*<br>) *3.   Violations of the Fair Debt Collection* |
| 16 WINDHAM PROFESSIONALS,<br>INC., ALLIANCE ONE, INC., doing | ) *      Practices Act* |
| 17 business as ALLIANCE ONE<br>RECEIVABLES MANAGEMENT, | ) *[UNDER COURT ORDER  AUGUST 24, 2011]* |
| 18 INC., OXFORD MANAGEMENT<br>SERVICES, | ) Complaint Filed:   October 6, 2010<br>) Action Removed:   January 13, 2011 |
| 19 | ) |
|    | ) Courtroom          11 |
| 20                          Defendants. | ) District Judge:    Hon. Otis D. Wright |

22     Plaintiffs, Edna Benis ("Mrs. Benis"), Pamela Marek Sites ("Mrs. Sites"), and

23 Todd Marek, allege as follows:

24 ## *I.*

25 ## *SUMMARY OF ALLEGATIONS*

26     1.     Mrs. Benis is the grandmother, and Mrs. Sites is the mother, of Todd

27 Marek ("Todd" and "Todd Marek"), a former student of Brooks Institute of Photography

28 ("Brooks").  Defendant, Sallie Mae, Inc. ("Sallie Mae"), issued private consumer student

---

### THIRD AMENDED CONSOLIDATED COMPLAINT

1  loans for Todd, listing Mrs. Benis and Mrs. Sites as co-signers for five of six loans, in the
2  initial principal amount of $120,445, which principal increased within seven months after
3  the beginning of repayment to $168,418.

4

5      2.      Mrs. Benis and Todd Marek allege that Sallie Mae fraudulently induced their
6  agreement to the loans without knowledge of their true nature, including the meaning of
7  Capitalized Interest, and the length of the term for repayment.  Mrs. Sites denies she
8  agreed to sign as co-borrower on the loans.   Plaintiffs allege the loans are void and
9  request rescission and punitive damages for fraud and deceit, or alternative compensatory
10  damages against Sallie Mae.

11

12      3.      Mrs. Benis paid two loans in full, in a negotiated settlement agreement and
13  release of all claims with defendants, Sallie Mae and Alliance One, Inc., doing business
14  as Alliance One Receivables Management, Inc. ("Alliance One").  Subsequently,
15  collection proceedings on the paid loans were instituted by defendants, Sallie Mae and
16  Oxford Management Services ("Oxford").  Mrs. Benis requests restitution of $14,667
17  paid to Sallie Mae and Alliance.

18

19      4.      Plaintiffs allege that defendants, Windham Professionals, Inc. ("Windham"),
20  Alliance One, and Oxford, as collection agents for Sallie Mae, engaged in prohibited
21  practices in an attempt to collect the private student loans, including, among other things,
22  charging unconscionable and unreasonable collection costs not expressly authorized by
23  the agreement creating the debt or permitted by law, charging costs that are an invalid
24  attempt to impose a penalty, and charging unlawful liquidated damages.  Plaintiffs request
25  civil penalties of $1,000 per plaintiff, per loan, authorized by the Fair Debt Collection
26  Practices Act ("FDCPA").
27  ///
28  ///

---

THIRD AMENDED CONSOLIDATED COMPLAINT

2

## II.

### JURISDICTION AND VENUE

5.     On January 13, 2011, Sallie Mae removed this action from state court, on the basis of original jurisdiction over the Action under 28 USC § 1332(a) and diversity jurisdiction under 28 USC § 1441(b).   This action was originally filed on October 6, 2010, in California Superior Court, County of Ventura, under case number 56-2010-00382972-CU-FR-VTA, where the underlying transactions which are the subject of this litigation took place.

## III.

### THE PARTIES

6.     Mrs. Benis is the grandmother, and Mrs. Marek-Sites is the mother, of Todd Marek, who enrolled at Brooks to study Visual Effects & Animation at Brooks' campus in Ventura County, California, where he attended Brooks from 2004 through 2007.

7.     Defendant, Sallie Mae, is a foreign corporation, transacting intrastate business in the State of California.   Sallie Mae is a major private source of college funding contributions in America.   Sallie Mae owns or manages student loans for 10 million customers, and manages more than $17.5 billion in college savings plans.   In 2004 Sallie Mae terminated its ties to the United States government.  Sallie Mae is recognized as a Fortune 500 Company.

8.     Defendant, Alliance One, is a suspended California corporation not authorized to transact intrastate business in California.   Alliance One is a professional debt collector for Sallie Mae and was formed in 1999 through acquisitions and mergers of national receivables management companies.  Alliance One has offices in the United States and foreign lands.

///

///

9.      Defendant, Windham, is a foreign corporation, transacting intrastate business in the State of California.  Windham is a professional debt collector for Sallie Mae student loans.  Windham was created in 1982 to provide educational account collections for education debt.

10.     Plaintiffs are informed and believe and thereon allege, that, at all relevant times, the defendants, and each of them, were, and acted as, the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, successors in interest and/or predecessors in interest of some of the other defendants, and authorized, ratified, adopted, approved, controlled, aided and abetted, and knew or should have known about the conduct of other defendants.

11.     Plaintiffs are informed and believe, and thereon alleges, that defendants, and each of them, conspired and cooperated to do the things alleged herein, that defendants, and each of them, were aware that the plans made were to commit the wrongs alleged herein, that defendants, and each of them, agreed and intended to commit the wrongs alleged herein, and that each of the defendants profited as a result.

*IV.*

*THE SALLIE MAE SIGNATURE STUDENT LOANS*

12.     To pay for tuition and the costs of his education, Todd Marek was induced to sign applications for student loans with Sallie Mae.  The Sallie Mae Signature Student Loans are private consumer loans,[1] not federal student loans, and are subject to consumer remedies.  Todd signed loan applications as shown in the following Loan Chart, the validity of which are disputed by Todd:

///

---

[1]All references to "private consumer loans" or "loans" are to the Sallie Mae Signature Loans.

THIRD AMENDED CONSOLIDATED COMPLAINT

4

LOAN CHART

| Date of Loan | Loan Principal Borrowed | Exhibit | Referred to in this Complaint as: |
|---|---|---|---|
| June 17, 2004 | 7,528 | A | LOAN A |
| July 8, 2004 | 24,517 | B | LOAN B |
| May 2, 2005 | 26,105 | C | LOAN C |
| October 10, 2005[2] | 27,560 | D | LOAN D |
| July 18, 2006 | 22,235 | E | LOAN E |
| March 12, 2007 | 12,500 | F | LOAN F |
| | 120,445 | | |

13.    Mrs. Benis was added as a co-signer on LOANS A & B for a total principal amount of $32,045.  Mrs. Benis disputes the validity of these loans.

14.    Mrs. Sites was added as a co-signer, without her permission or knowledge, on LOANS C, E and F, for a total principal amount of $60,840.  Mrs. Sites did not sign, and did not authorize her signature, either electronically or otherwise, on any of these loans.   Mrs. Sites disputes the validity of these loans.

*V.*

*INTERIM & REPAYMENT PERIODS OF THE LOANS*

15.    The promissory notes incorporated into LOANS A through E provide that no payments are due during the "Interim Period," which is the time beginning with disbursement of the loan until six months after Todd Marek is no longer enrolled as a student; and that the "Repayment Period" begins on the day after the Interim Period ends. Neither Todd or Mrs. Sites have been given the promissory note for LOAN F but allege, on information and belief, that the LOAN F Interim Period and Repayment Period are the same as LOANS A through E.

---

[2]The LOAN D applications were signed on September 29, 2005 and October 10, 2005.  For ease of reference the October date will be used in this complaint.

THIRD AMENDED CONSOLIDATED COMPLAINT

16.     Todd Marek stopped attending Brooks in August 2007.  Plaintiffs are informed and believe that the Repayment Period of the loans began on or about February 2, 2008.   Plaintiffs allege that Sallie Mae has not told them the loan amounts owing on the date of the Repayment Period.

17.     Plaintiffs are informed and believe that the amounts owed to Sallie Mae on January 1, 2008, the month prior to the beginning of the Repayment Period, include capitalized interest added to the principal during the Interim Period.

18.     Sallie Mae's January 1, 2008, Loan Information Statement addressed to Todd Marek, and statements sent by Sallie Mae to each plaintiff in March 2008, show the balances owed approximately one month prior, and subsequent, to the Repayment Period, as outlined in the following Repayment Chart.

### REPAYMENT  CHART

|         | Date of Loan | Principal Borrowed | Increase From Date of Loan to 01/01/08 | Principal[3] 01/01/08 | Increase From 01/01/08 to 03/16/08 | Principal March 2008 |
|---------|---------|---------|---------|---------|---------|---------|
| LOAN A  | 06/17/04 | 7,528   | 301     | 7,829   | 2,371   | 10,200  |
| LOAN B  | 07/08/04 | 24,517  | 981     | 25,498  | 7,229   | 32,727  |
| LOAN C  | 05/02/05 | 26,105  | 1,566   | 27,671  | 9,492   | 37,163  |
| LOAN D  | 10/10/05 | 27,560  | 1,654   | 29,214  | 10,383  | 39,597  |
| LOAN E  | 07/18/06 | 22,235  | 889     | 23,124  | 3,641   | 26,765  |
| LOAN F  | 03/12/07 | 12,500[4] | -1,540 | 10,960  | 998     | 11,958  |
|         |         | 120,445 | 3,851   | 124,296 | 34,114  | 158,410 |

[3]Sallie Mae identifies the balances owed after increases as "Outstanding Principal."

[4]A portion of LOAN F was returned when Todd left Brooks.

THIRD AMENDED CONSOLIDATED COMPLAINT

19.     Plaintiffs are informed and believe that the $34,114 increase in the loans, added by Sallie Mae during the six week period after January 1, 2008 and the beginning of the Repayment Period, is due to Capitalized Interest.  Plaintiffs allege Sallie Mae has not explained these additional charges to plaintiffs, either under the terms of the promissory note or in any of the disclosure notices sent to the plaintiffs.

20.     Neither the loan applications or the promissory notes clearly explain the true meaning of Capitalized Interest, when "Capitalized Interest" would be added to the outstanding principal, or the ultimate effect that "Capitalized Interest" would have on the loans.   Capitalized Interest is a material disclosure required for plaintiffs to have a true understanding of the terms of the loans.

21.     The promissory notes for the LOANS A through E, contain the following: "Capitalized Interest or Fees - From time to time, interest or fees due and not yet paid may be added, without notice, to the principal amount of the loan.  This addition is called 'capitalizing.'   Since interest accrues on the outstanding principal balance, capitalized interest and fees increase the total cost of the loan."

*VI.*

*DISCOVERY OF THE MISREPRESENTATIONS;*

*FORBEARANCE OF THE LOANS*

22.     Plaintiffs discovered misrepresentations and concealment of the true meaning of capitalized interest after the Repayment Date when Sallie Mae sent the March 2008 notices to plaintiffs.

23.     The March 16, 2008, notice sent by Sallie Mae to Todd required a monthly payment of $1,979, an unexpected debt that could not be paid.    The loans were put in forbearance for six months, meaning payments would not be due during the forbearance period.  An additional one month forbearance was granted in August 2008.

THIRD AMENDED CONSOLIDATED COMPLAINT

7

24.     Sallie Mae sent notice to the plaintiffs dated September 17, 2008, of the new outstanding principal balances on the loans, which had increased as shown in the following Forbearance Chart:

FORBEARANCE   CHART

|  | Date of Loan | Principal Borrowed | Increase From Date of Loan to 01/01/08 | Principal Owed 01/01/08 | Increase From 01/01/08 to 09/17/08 | Principal Owed 09/17/08 |
|---|---|---|---|---|---|---|
| LOAN A | 06/17/04 | 7,528 | 301 | 7,829 | 2,792 | 10,621 |
| LOAN B | 07/08/04 | 24,517 | 981 | 25,498 | 8,578 | 34,076 |
| LOAN C | 05/02/05 | 26,105 | 1,566 | 27,671 | 11,918 | 39,589 |
| LOAN D | 10/10/05 | 27,560 | 1,654 | 29,214 | 14,016 | 43,230 |
| LOAN E | 07/18/06 | 22,235 | 889 | 23,124 | 5,147 | 28,271 |
| LOAN F | 03/12/07 | 12,500 | -1,540 | 10,960 | 1,671 | 12,631 |
|  |  | 120,445 | 3,851 | 124,296 | 44,122 | 168,418 |

25.     The increase in the loans is identified by Sallie Mae as "Outstanding Principal." *Sallie Mae increased the principal* amount of the loans *without explanation.* Plaintiffs are informed and believe that the increase is due to Capitalized Interest imposed by Sallie Mae, the true meaning of which was concealed from plaintiffs.

*VII.*

*DEFAULT ON THE UNEXPECTED LOAN INCREASES*

26.     None of the plaintiffs were able to make payments on the unexpectedly increased capitalized loans, notwithstanding that Mrs. Sites never signed or authorized her signature as a co-borrower.   The loans went into default *without notice to Todd.* Sallie Mae sent notice of default dated May 30, 2009, to Mrs. Benis for LOANS A and B, and to Mrs. Sites for LOANS C, E, and F.

## VIII.

## COLLECTION AFTER DEFAULT

27.    Plaintiffs are informed and believe that, when the loans went into default, Sallie Mae wrote-off the loans, including the capitalized interest and unknown fees, took an income tax credit for the write-offs, and sold or assigned the notes to defendants, Alliance One, Windham, and Oxford, third party debt collectors, for less than the actual value of the debts.  There is no contractual relationship between plaintiffs with Alliance One, Windham or Oxford.

28.    Alliance One, Windham and Oxford began to employ strategies for collection which plaintiffs are informed and believe, were to extract unconscionable and unreasonable amounts of alleged collection fees, charges and other costs from them.

29.    Windham asserted the following collection charges against plaintiffs:

### WINDHAM COLLECTION CHART - NO. 1

|        | Sallie Mae Principal Borrowed | Sallie Mae Principal Owed 05/30/09 | Increase Between 05/30/09 and 06/03/09 | Windham Collection Notice 06/03/09 | Increase Between 05/30/09 and 07/29/09 | Windham Collection Notice 07/29/09 |
|--------|-------------------------------|-------------------------------------|------------------------------------------|-------------------------------------|------------------------------------------|-------------------------------------|
| LOAN A | 7,528   | 10,621  | 3,176  | 13,797 | 3,283  | 13,904 |
| LOAN B | 24,517  | 34,076  | 10,191 | 44,267 | 10,503 | 44,579 |
| LOAN C | 26,105  | 39,589  | 13,294 | 52,883 | 13,936 | 53,525 |
| LOAN D | 27,560  | 43,230  |        |        | 17,290 | 60,520 |
| LOAN E | 22,235  | 28,271  | 9,104  | 37,375 | 9,487  | 37,758 |
| LOAN F | 12,500  | 12,631  | 4,067  | 16,698 | 4,239  | 16,870 |
|        | 120,445 | 168,418 |        |        | 58,738 | 227,156 |

THIRD AMENDED CONSOLIDATED COMPLAINT

9

30.    Alliance asserted the following collection charges against plaintiffs:

ALLIANCE COLLECTION CHART

| | Sallie Mae Principal Borrowed | Sallie Mae Principal Owed 05/30/09 | Increase Between 05/30/09 and 08/31/09 | Alliance Collection Notice 08/31/09 | Increase Between 05/30/09 and 11/11/09 | Alliance Collection Notice 11/11/09 |
|---|---|---|---|---|---|---|
| LOAN A | 7,528 | 10,621 | 3,328 | 13,949 | | |
| LOAN B | 24,517 | 34,076 | 10,644 | 44,720 | | |
| LOAN C | 26,105 | 39,589 | 14,240 | 53,829 | 17,826 | 57,415 |
| LOAN E | 22,235 | 28,271 | 9,666 | 37,937 | 11,809 | 40,080 |
| LOAN F | 12,500 | 12,631 | 4,320 | 16,951 | 5,277 | 17,908 |
| | 92,885 | 125,188 | 42,198 | 167,386 | 34,912 | 115,403 |

31.    Mrs. Benis and Todd paid LOANS A and B by negotiated settlement agreement and release of all claims ("Settlement") on or about September 17/18, 2009, with Sallie Mae and Alliance (Exhibit G).

32.    Windham again asserted more collection charges:

WINDHAM COLLECTION CHART - NO. 2

| | Sallie Mae Principal Borrowed | Sallie Mae Principal Owed 05/30/09 | Increase Between 05/30/09 and 07/29/09 | Windham Collection Notice 07/29/09 | Increase Between 05/30/09 and 06/04/10 | Windham Collection Notice 06/04/10 |
|---|---|---|---|---|---|---|
| LOAN C | 26,105 | 39,589 | 13,936 | 53,525 | 16,886 | 56,475 |
| LOAN E | 22,235 | 28,271 | 9,487 | 37,758 | 11,232 | 39,503 |
| LOAN F | 12,500 | 12,631 | 4,239 | 16,870 | 5,019 | 17,650 |
| | 60,840 | 80,491 | 27,662 | 108,153 | 33,137 | 113,628 |

THIRD AMENDED CONSOLIDATED COMPLAINT

33.    In or about August or September 2010, Oxford gave notice that Oxford is collecting all of the loans for Sallie Mae, and that the sum of $228,599 is owed on all LOANS A through F, which is over $60,181 more than the amount charged by Sallie Mae as of May 30, 2009, including  LOANS A and B, which were paid in full by the negotiated Settlement with Sallie Mae and Alliance (Exhibit "G").

## IX.

### NOTICES OF DISPUTED LOANS

34.    Notice was sent to Sallie Mae, that plaintiffs dispute the validity of the loans and request that collection efforts cease, by Mrs. Benis on or about July 18, 2009, and by Mrs. Sites and by Todd Marek on or about July 9, 2009.

35.    Notice was sent to Windham, that plaintiffs dispute the validity of the loans and request that collection efforts cease, by Mrs. Benis on or about July 18, 2009 , by Mrs. Sites on or about July 9 and 20, 2009, and by Todd Marek on or about August 5 and 8, 2009.

36.    Notice was sent to Alliance, that plaintiffs dispute the validity of the loans and request that collection efforts cease, by Mrs. Sites on or about December 15, 2009.

37.    Notice was sent to Oxford, that plaintiffs dispute the validity of the loans and request that collection efforts cease, by all plaintiffs on or about January 20, 2011.

## X.

### MISREPRESENTATIONS, DECEIT AND CONCEALMENT
### BY SALLIE MAE

38.    Defendant, Sallie Mae, through its representatives, employees and agents, gave deceitfully false and misleading information and made omissions of critical information, in a pervasive pattern, in writing, to plaintiffs including, but not limited to, the following:

A.   using equivocal and misleading language in the promissory notes such that there is no clear or conspicuous explanation of the true meaning of the terms related to capitalized interest.

B.   describing 'capitalized interest' as a process that "MAY" add interest or fees due, and not yet paid, to the principal amount when the operative word should be "SHALL" or "WILL" rather than "MAY" (LOANS A-E, para. B-3).

C.   failing to clearly explain with conspicuous language what will trigger the addition of capitalized interest to the principal;

D.   failing to clearly explain with conspicuous language that capitalization was certain to occur if the borrower is unable to make timely payments;

E.   failing to clearly explain with conspicuous language when the capitalized interest will be added to the principal;

F.   failing to clearly explain with conspicuous language the ultimate effect capitalization will have to cause the loan principal to dramatically increase;

G.   failing to clearly explain with conspicuous language how the capitalized interest will affect loan payments;

H.   adding "Capitalized Interest" and/or other amounts of unknown charges to the Sallie Mae Signature Loans which *increased the principal* of the loans to unexpected amounts as shown in the Repayment Chart and the Forbearance Chart in paragraphs 18 and 24 of this complaint;

///

THIRD AMENDED CONSOLIDATED COMPLAINT

12

I.      providing disclosure statements with no reference to "Capitalized Interest";

J.      signing Mrs. Sites' signature on the loans without her permission or consent;

K.      collecting $14,667 for LOANS A and B, as payment in full, and continuing to seek payment of the loans, in breach of the Settlement (Exhibit G).

*XI.*

*MISREPRESENTATIONS, DECEIT AND CONCEALMENT*

*BY WINDHAM, ALLIANCE ONE AND OXFORD*

39.     Defendants, Windham, Alliance One, Oxford, and each of them, through their representatives, employees and agents, gave false, deceitful and misleading information and omissions of critical information, in a pervasive pattern, in writing, to plaintiffs, including, but not limited to:

A.      charging fees which were not expressly authorized by the agreement creating the debt or permitted by law;

B.      charging fees which were designed to substantially exceed the damages suffered by Sallie Mae, if any;

C.      charging fees which are an invalid attempt to impose a penalty, as the primary purpose of the charges is to compel payment through threat of charges which have no rational relationship to Sallie Mae's damages, if any;

D.      charging fees which bear no rational relationship between the amounts charged and the actual expense required to collect on the account;

---

THIRD AMENDED CONSOLIDATED COMPLAINT

13

E.   charging fees which cannot be validated in that, plaintiff is informed and believes, Sallie Mae One was not required to pay  the charges;

F.   charging fees which violate the statutory provisions governing Civil Code §1671;

G.   charging increased interest rates, retroactive in amount, which is an invalid attempt to collect liquidated damages under Civil Code §1671;

H.   charging fees which are considered a means to increase the collector's revenues as opposed to obtain compensation for damages incurred by the lender;

I.   charging fees calculated to support its needs and desires in order to flourish;

J.   charging fees that cannot be shown would be impracticable or extremely difficult to fix as collection costs as required by Civil Code §1671;

K.   failing to provide the notice required by Cal. Civ. Code §1812.700, under the California FDCPA (Civ. Code §1788 *et seq.*);

L.   engaging in prohibited collection practices which violate the California FDCPA;

40.   There is no agreement between Mrs. Benis, Mrs. Sites, and/or Todd Marek and Windham, Alliance One and/or Oxford for the amount of collection costs charged to plaintiffs.

41.   Defendant, Alliance One, violated the negotiated Settlement (Exhibit "G") by accepting payment in full for LOANS A and B under the terms of the Settlement, and failing to transmit the payment and/or the settlement agreement to Sallie Mae.

THIRD AMENDED CONSOLIDATED COMPLAINT

14

42.     Defendant, Oxford, violated the negotiated Settlement (Exhibit "G") by attempting to collect on LOANS A and B, which had been paid in full.

*XII*

*FIRST CAUSE OF ACTION*

*(Fraud and Deceit Against All Defendants)*

43.     Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

44.     Defendants, and each of them, represented to plaintiffs that important facts were true, as alleged herein, knowing that the representations were false when they made it, or making the representations recklessly and without regard for the truth.

45.     Defendants, and each of them, intended that plaintiffs rely on the representations.

46.     Defendants, and each of them, disclosed some facts to plaintiffs, but intentionally failed to disclose other important and material facts, making the disclosure deceptive, as stated herein.

47.     Defendants, and each of them, failed to disclose important facts that were known only to them, and which the plaintiffs could not have discovered.

48.     Defendants, and each of them, actively concealed important facts from plaintiffs and/or prevented them from discovering those facts.

49.     None of the plaintiffs knew about the concealed facts.   Defendants, and each of them, intended to deceive plaintiffs by concealing these facts.

50.     Plaintiffs  reasonably relied upon the representations and deceptions, which were a substantial factor in causing their harm.

51.     In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Benis and Todd Marek have been damaged in the amount of $14,667, paid in full for the LOANS A and B.

///

THIRD AMENDED CONSOLIDATED COMPLAINT

15

52.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Sites and Todd Marek have been damaged in an amount of $19,651, over the original principal amount of $60,840, charged against them by Sallie Mae for the LOANS C, E and F.

53.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Todd Marek has been damaged in an amount of $15,670, over the original principal amount of $27,560, charged against him by Sallie Mae for LOAN D.

54.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Sites and Todd Marek have been damaged in an amount of $33,137, charged by Windham for collection charges on LOANS C, E and F.

55.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, Mrs. Sites and Todd Marek have been damaged in an amount of $34,912, charged by Alliance One for collection charges on LOANS C, E, and F.

56.   In reliance on the representations and deceptions made by defendants, and each of them, as alleged herein, plaintiffs have been damaged in an additional amount of $60,181 charged by Oxford for collection charges on all loans;

57.   In reliance on the representations and deceptions by defendants, and each of them, as alleged herein, each plaintiff has suffered a loss of their valuable credit rating, as a compensatory damage, according to proof.

58.   Plaintiffs request punitive damages against defendants, and each of them, as a result of the fraudulent misrepresentations and deceptions alleged, to be stated at the appropriate time.

///

///

///

///

THIRD AMENDED CONSOLIDATED COMPLAINT

*XIII.*

*SECOND CAUSE OF ACTION*

*(Breach of Contract Against Sallie Mae and Alliance One)*

59.     Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

60.     Mrs. Benis entered into an accord and satisfaction with defendants, Sallie Mae and Alliance One, on behalf of herself and Todd Marek, when she entered into the negotiated Settlement (Exhibit "G") and paid LOANS A and B in the amount of $14,667, pursuant to the terms of the Settlement ("Exhibit "G").

61.     Defendant, Alliance One, breached the terms of the negotiated Settlement (Exhibit "G"), when it failed to either transmit the payment and/or the Settlement Agreement to defendant, Sallie Mae.

62.     Defendant, Sallie Mae, breached the LOANS A and B promissory notes and/or the negotiated Settlement (Exhibit "G") when Sallie Mae sold and/or transferred LOANS A and B to defendant, Oxford,  for collection proceedings, after LOANS A and B had been paid in full.

63.     Mrs. Benis and Todd Marek did all, or substantially all, of the significant things required of them by the Settlement Agreement (Exhibit "G") with Sallie Mae and Alliance.

64.     As a result of the breaches by Sallie Mae, Mrs. Benis incurred debt and paid $14,667, which she requests as consequential damages.

65.     As a result of Sallie Mae's breaches of the LOANS A and B promissory notes, Mrs. Benis has incurred attorney fees, to which she is entitled as prevailing party under California Civil Code §1717.

///

///

///

///

---

THIRD AMENDED CONSOLIDATED COMPLAINT

17

*XIV.*

*THIRD CAUSE OF ACTION*

*(Violations of the Fair Debt Collection Practices Act -*

*Against Alliance One, Windham and Oxford)*

65.    Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs as though fully set forth herein.

66.    California Fair Debt Collection Practices Act (FDCPA) governs the collection of consumer debts by debt collectors as provided under California Civil Code §1788, *et seq.*  Under the FDCPA, the loans attributed to plaintiffs are consumer debts resulting from a consumer credit transactions.  California Civil Code §1788.2.

67.    The FDCPA prohibits debt collectors from (a) making misleading or false representations and (b) threatening or harassing consumer debtors, among other proscribed practices.  Civil Code §§1788.14-1788.16.  The FDCPA subjects debt collectors to the Federal Fair Debt Collection Practices Act ("Federal FDCPA"), preventing collectors from making false or misleading representations under 15 USC §1692e.  California Civil Code §1788.17.

68.    Plaintiffs submitted written notices to Windham, Alliance One and Oxford, as set forth in paragraphs 34 through 37 of this complaint, disputing the validity of the loans, requesting that all communications be sent to their attorney, and that all communications with plaintiffs cease.

69.    On or about January 20, 2010, Todd Marek's attorney engaged in a telephone conversation with Windham,  disputing the validity of the loans, requesting that all communications be sent to his attorney, and that all communications with Todd cease.

70.    Defendants, Alliance One, Windham, and Oxford, and each of them, violated the FDCPA by making misleading and false representations that plaintiffs have contractual obligations to Alliance One, Windham and/or Oxford, as stated herein, made repeated telephone calls so as to annoy them, and attempted to communicate with them by telephone so unreasonably often as to constitute harassment, including communicating

1   with plaintiffs after notice that they are represented by counsel. (California Civil Code
2   §§1788.11;1788.14-1788.18)

3       71.    Debt collection fees, charges and expenses have been charged to the
4   plaintiffs as follows:

5           A.    by Windham against Mrs. Benis in the amount of $13,786,
6           B.    by Windham against Mrs. Sites in the amount of  $33,137,
7           C.    by Windham against Todd Marek in the amount of $64,213,
8           A.    by Alliance One against Mrs. Sites in the amount of  $34,912, and
9           E.    by Oxford against all plaintiffs in the amount of $60,181.
10  None of these charges are collectible either by any alleged contract.  Plaintiffs are
11  informed and believe that such debt collection fees, charges and expenses are usurious in
12  nature and not actual collection expenses, as set forth at paragraphs 39, 40, 41, 42 of this
13  complaint, constitute unlawful liquidated damages [California Civil Code §1671(d)] and
14  are violations of the FDCPA.

15      72.    Neither Alliance One, Windham or Oxford notified plaintiffs of debtor's
16  rights in the language required by the FDCPA as follows:

17      The state Rosenthal Fair Debt Collection Practices Act and the federal
18      Fair Debt Collection Practices Act require that, except under unusual
circumstances, collectors may not contact you before 8 a.m. or after
19      9 p.m.   They may not harass you by using threats of violence or arrest
or by using obscene language.  Collectors may not use false or misleading
20      statements or call you at work if they know or have reason to know that
you may not receive personal calls at work.   For the most part, collectors
21      may not tell another person, other than your attorney or spouse, about
your debt.  Collectors may contact another person to confirm your location
22      or enforce a judgment.  For more information about debt collection
activities, you may contact the Federal Trade Commission at 1-877-FTC-
23      HELP or www.ftc.gov.

24      California Civil Code §1812.700, *et seq.*.

25      73.    Any one of the violations committed by Alliance One, Windham and/or
26  Oxford, of the FDCPA is a violation of the California FDCPA.

27  ///
28  ///

74.   As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendant, Alliance One, is liable for, and Mrs. Benis requests, actual damages paid by her in the amount of $14,667 under California Civil Code §1788.30(a).

75.   As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Windham, Alliance One and Oxford are liable for, and plaintiffs request actual damages incurred by them, being each plaintiff has suffered a loss of their valuable credit rating, as a compensatory damage, according to proof, under California Civil Code §1788.30(a).

76.   As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Windham, Alliance One, and Oxford are liable for, and plaintiffs each request One Thousand Dollars ($1,000), for each loan attributable to each plaintiff, as a penalty to be imposed upon defendants, Windham, Alliance One and Oxford, under California Civil Code §1788.30(b).

77.   As a direct and proximate result of the wilful and knowing violations of the FDCPA, defendants, Windham, Alliance One and Oxford, are liable for, and plaintiffs request, attorney fees, under California Civil Code §1788.30(c).

78.   The remedies available under the FDCPA are cumulative and in addition to other rights and remedies to which plaintiffs are entitled under any other provision of law. California Civil Code §1788.32.

///
///
///
///
///
///
///
///
///

*XV.*

*PRAYER*

WHEREFORE, plaintiffs, and each of them, pray for judgment against defendants, and each of them, jointly and severally, for the following:

*FIRST CAUSE OF ACTION (FRAUD, DECEIT) AGAINST ALL DEFENDANTS:*

*IN FAVOR OF EDNA BENIS*

1. An order of rescission of the Sallie Mae Signature Loans;
2. Restitution or compensatory damages of $14,667 against Sallie Mae and Alliance One;
3. Compensatory damages of $13,786, against Windham;
4. Compensatory damages of $60,181 against Oxford;
5. Punitive or exemplary damages;
6. Loss of valuable credit rating, according to proof

*IN FAVOR OF PAMELA MAREK-SITES*

1. An order of rescission of the Sallie Mae Signature Loans;
2. Compensatory damages of $19,651 against Sallie Mae;
3. Compensatory damages of $33,137 against Windham;
4. Compensatory damages of $34,912 against Alliance One;
5. Compensatory damages of $80,181 against Oxford;
6. Punitive or exemplary damages;
7. Loss of valuable credit rating, according to proof

*IN FAVOR OF TODD MAREK*

1. An order of rescission of the Sallie Mae Signature Loans;
2. Compensatory damages of $49,988 against Sallie Mae;

2.      Compensatory damages of $49,988 against Sallie Mae;

3.      Compensatory damages of $33,137 against Windham;

4.      Compensatory damages of $34,912 against Alliance One;

5.      Compensatory damages of $60,181 against Oxford;

6.      Punitive or exemplary damages;

7.      Loss of valuable credit rating, according to proof.

*SECOND CAUSE OF ACTION (BREACH OF CONTRACT) AGAINST SALLIE MAE AND ALLIANCE ONE, AND IN FAVOR OF EDNA BENIS*

1.      Consequential damages of $14,667;

2.      Attorney Fees.

*THIRD CAUSE OF ACTION (VIOLATIONS OF FDCPA) AGAINST WINDHAM, ALLIANCE ONE AND OXFORD:*

*IN FAVOR OF EDNA BENIS*

1.      Actual damages of $14,667;

2.      Actual damages of loss of valuable credit rating, according to proof.

3.      Civil statutory penalty of Two Thousand Dollars ($2,000) against Windham;

4.      Civil statutory penalty of Two Thousand Dollars ($2,000) against Alliance One;

5.      Civil statutory penalty of Two Thousand Dollars ($2,000) against Oxford;

6.      Statutory Attorney Fees.

*IN FAVOR OF PAMELA MAREK-SITES*

1.      Actual damages of loss of valuable credit rating, according to proof.

2.      Civil statutory penalty of Three Thousand Dollars ($3,000) against Windham;

3.   Civil statutory penalty of Three Thousand Dollars ($3,000) against Alliance One;

4.   Civil statutory penalty of Three Thousand Dollars ($3,000) against Oxford.

5.   Statutory Attorney Fees.


*IN FAVOR OF TODD MAREK*

1.   Actual damages of loss of valuable credit rating, according to proof.

2.   Civil statutory penalty of Six Thousand Dollars ($6,000) against Windham;

3.   Civil statutory penalty of Six Thousand Dollars ($6,000) against Alliance One;

4.   Civil statutory penalty of Six Thousand Dollars ($6,000) against Oxford;

5.   Statutory Attorney Fees.


*IN FAVOR OF ALL PLAINTIFFS ON ALL CAUSES OF ACTION*

1.   Prejudgment Interest;

2.   Postjudgment Interest;

3.   Costs of suit;

4.   Such other and further relief as the court deems just and proper.


DATED:   September 6, 2011          LEWIS LAW FIRM


                                    PATRICIA LEWIS,
                                    Attorney for Plaintiffs,
                                    Edna Benis, Pamela Sites, and Todd Marek

---

THIRD AMENDED CONSOLIDATED COMPLAINT

23