Supp

# CEC Signature Loan
*Application and Promissory Note*
Loans First Disbursed Through May 31, 2005

**Sallie Mae**
1-800-695-3317 push 1 for English
or 2 for Spanish, then extension 7

**Academic Year 2004-2005**

Lender: Stillwater National Bank   Stillwater, Oklahoma | Lender Code: 809081

## Section A: Student Applicant Section:
*Please read Instructions before completing this section.*

1. Social Security Number: [redacted]
2. Last Name Jr./Sr.: MAREK    First Name: TODD    MI: A
3. Academic period this loan will help fund (mm/yy) Academic Period not to exceed 12 months. From: 01/04 To: 12/05
4. Permanent Home Street Address (PO Box not acceptable): 3517 BEECHWOOD PL #42    City: SAN DIEGO    State: CA    Zip Code: 92145
5. Home Phone Number: [redacted]
6. Address While in School: [same]
9. Date of Birth (mm/dd/yy): 05/03/81
12. Loan Amount Requested: $5,714
13. School Name, City & State: BROOK INSTITUTE, S.B., CA
14. Grade Level: 1st YR.
15. Major: ART
17. Reference Name: PAM MAREK
19. Reference's Permanent Address: 3517 BEECHWOOD PL #42 SAN DIEGO CA 92145
18. Relationship: MOTHER

## Section B: Co-borrower Information:
*(blank)*

## Section C: Borrower and Co-borrower(s) Signatures:

45. **CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I/WE, THE CO-BORROWER(S), HAVE READ THE APPLICABLE COSIGNER NOTICE.**

Notice to Customer (a) Do not sign this before you read the promissory note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note (SS2004-F) accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Signature of Borrower: [signature]    (seal)   Date: 7/8/04

Co-borrower Signature: _____ (seal) Date: _____

Second Co-borrower Signature (if boxes 40-44 completed): _____ (seal) Date: _____

## Section D: School Section:
*Must be completed by an authorized school official.*

46. School Name: CEC:
49. Grade Level (Circle One): Undergraduate — 01-Freshman, 02-Sophomore, 03-Junior, Senior, 5th Year; Graduate — A-First Year, B-Second Year, C-Third Year, D-Fourth Year

Mail application to: Sallie Mae Servicing • PO Box 59030 • Panama City FL 32412-9030

(Copyright Sallie Mae 2000-04 1-2004)

CEC print

**EXHIBIT B-1**

CEC Signature Loan Promissory Note
Signature Student Loan Program
Document SS2004-F

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the above signed borrower and co-borrower(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the lender as listed on the front of the application and any subsequent holder of this Promissory Note.

A. PROMISE TO PAY
I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

B. DEFINITIONS
1. Interim Period - The "Interim Period" will begin on the date my loan is disbursed. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment my Repayment Period begins on the day of my first disbursement.
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender.
WISCONSIN RESIDENTS: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Late Charge", "Payment Return Fee", "Collection Costs", and "Supplemental Fees" are defined in the sections so titled. "Variable Rate" is defined under Section C, Interest.

C. INTEREST
1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. For loans first disbursed before June 1, 2004 The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the current index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the highest Prime Rate as published in *The Wall Street Journal* (Eastern Edition) "Credit Markets" section, "Money Rates" table on the fifteenth day of the last month of the quarter prior to my loan's Disbursement or Change Date (the "Current Index") plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). For example, the Variable Rate for each quarter beginning January 1st will be determined by the applicable Prime Rate published on the preceding December 15th.)
For loans first disbursed on or after June 1, 2004 The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for the Interim and Repayment Period is the annual rate equal to the sum of the highest Prime Rate as published in *The Wall Street Journal* (Eastern Edition) "Credit Markets" section, "Money Rates" table the next to the last business day before the end of the prior month (the "Current Index"), plus or minus the percentage as identified on my Disclosure, per annum (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A business day is defined as a day the Federal Reserve is open. For example, the Variable Rate for January will be determined by the Prime Rate published in *The Wall Street Journal* on the preceding December 30th if there is no intervening weekend.
3. The Margin is based on my School, credit history and co-borrower's credit history. Once set, the Margin does not change. If *The Wall Street Journal* is not published or the Prime Rate is not stated in the "Money Rates" table on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute index.

D. TERMS OF REPAYMENT
1. Interim Period - I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. Repayment Period - I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other charges I may owe under this Note.
3. Standard Repayment Terms - Subject to the terms of paragraph 4, you will establish a schedule of whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amount necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November.
4. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
6. Minimum Repayment - Notwithstanding paragraphs 3, 4 and 5 of this Section, I agree to pay at least $50 per month or the unpaid balance, whichever is less on all my Signature Student Loans.
7. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)
8. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

E. LATE CHARGE
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

Copyright Sallie Mae 2000-04 (1/2004)

EXHIBIT B-2

F. SUPPLEMENTAL FEES
1. Fee at Disbursement – You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosure and will be a percentage of the principal balance of my loan. At the time you issue any disbursement, you may either deduct from the disbursement or add to the principal loan balance an amount equal to the Supplemental Fee. Your decision to deduct or add the Supplemental Fee will depend upon the School.
2. Fee at Repayment – You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.
3. Supplemental Fees are based on my School, credit history and co-borrower's credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

G. PAYMENT RETURN FEE
If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

H. CHARGES FOR OPTIONAL SERVICES
If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

I. RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty.

J. WHOLE LOAN DUE
Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any monthly payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim or Repayment Period; or
6. I die or any co-borrower dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the same rate of interest applicable to this loan prior to such event. The interest rate will be subject to adjustment in the same manner as before.

K. COLLECTION COSTS
If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

L. NOTICES
1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or school enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. You may report the status of this loan to the School and to any credit bureaus.
4. CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.
CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS: (For purposes of the following notices to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.)
NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.
MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law. VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any co-borrower, not the lender.)
NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

Copyright Sallie Mae 2000-04 (1/2004)

EXHIBIT B-3

M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the time the first disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if, after you agree to make the loan, (a) I cease to be enrolled at least half time at the School and I do not owe the School for financial need incurred before I ceased to be enrolled at least half time, or (b) any co-borrower notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J.

2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. I understand that you are located in the State listed on the front of the attached application and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.

4. Upon receipt of the Disclosure, I will review it and, if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Disclosure, to return the funds to you.

5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing me or any co-borrower from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

7. Any provision of this Note may be modified if jointly agreed upon in writing by you and me or by you and any co-borrower. Any modification will not affect the validity or enforceability of the remainder of this Note.

8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S. Code § 523(a) 8.

9. I acknowledge that I have received a true and exact copy of this Note.

10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

12. I hereby waive all my defenses to this Note based on suretyship.

IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you apply for a student loan, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

N. BORROWER'S CERTIFICATION AND CONSENT TO INFORMATION SHARING
1. I, the borrower, certify that the information contained in Sections A and B of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the front of the attached application. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, I authorize you to issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation of this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agent, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agent, the guarantor or its agent to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Borrower's Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

O. CORRECTION OF ERRORS
All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

P. CO-BORROWER/STUDENT RELEASE
I agree that, if any co-borrower applicant fails to qualify for this loan, said co-borrower applicant will be released from liability hereunder, but this Note will still bind the student borrower and any remaining co-borrower. I also agree that an approved co-borrower may be released from liability hereunder upon application by a student borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the student borrower remaining liable for this loan after such co-borrower release. As co-borrower, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Copyright Sallie Mae 2000-04 (1/2004)

EXHIBIT B-4