# Signature Student Loan
*Application and Promissory Note*
for Loan Applications Received by May 31, 2007

SallieMae  1-800-377-4310  XS  9009770000

Academic Year 2006-2007

## Section A: Borrower Information — Please read instructions before completing this section.

- Social Security Number: [redacted]
- Last Name and Suffix: MAREK
- First Name: TODD
- MI: A
- Permanent Address (No P.O. Boxes): 6117 Simpson Ave
- City: North Hollywood
- State: CA
- ZIP Code: 91606
- Permanent Phone Number: [redacted]
- Cellular Phone Number: n/a
- Time at Address: Years 0, Months 6
- Prior Address: 123 Howard St.
- City: Ventura
- State: CA
- ZIP Code: 93003
- Address While in School: 6117 Simpson Ave
- City: North Hollywood
- State: CA
- ZIP Code: 91606
- Phone Number While in School: [redacted]
- Date of Birth: 03/03/1981
- Email Address: toddystyle@gmail.com
- Citizenship: a) U.S. Citizen [X]
- Have you ever defaulted on a student loan? No [X]
- Total Loan Amount Requested: $24,000.00
- Enrollment Period: From 07/06 To 03/07
- School Name: BROOKS INST OF PHOTOGRAPHY
- City: SANTA BARBARA
- State: CA
- Grade Level: 02
- Course of Study: FLM
- Current Outstanding Student Loan Debt: $96,605.00

### References

1) Last Name and Suffix: Benis; First Name: Edna; Relationship to Borrower: Relative; Email: n/a; Alternate Phone Number: n/a
2) Last Name and Suffix: Wagman; First Name: Justin; Relationship to Borrower: Friend; Email: justwags@yahoo.com; Alternate Phone Number: n/a

## Section B: Cosigner Information — Please read instructions before completing this section.

- Social Security Number: [redacted]
- Last Name and Suffix: Marek
- First Name: Pamela
- MI: E
- Address (No P.O. Boxes): 3618 Bernwood Pl. #4
- City: San Diego
- State: CA
- ZIP Code: 92130
- Cellular Phone Number: (858) 794-9767
- Time at Residence: Years 10, Months 5
- Citizenship: a) U.S. Citizen [X]
- Date of Birth: 09/13/1956
- Have you ever defaulted on a student loan? No [X]
- Monthly Income: $4,000.00
- Monthly Mortgage/Rent Amount: $1,200.00 Own [X]
- Cosigner's Email Address: pmarek@san.rr.com

### References

1) Last Name and Suffix: Benis; First Name: Edna; Relationship to Cosigner: Mother; Email: N/A; Alternate Phone: N/A
2) Last Name and Suffix: Morley; First Name: Anne; Relationship to Cosigner: Friend; Email: amorley@amorleydesign.com; Alternate Phone: N/A

## Section C: Borrower and Cosigner Signature

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE.

Notice to Customer (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature: Todd A Marek  (seal)  Date: 07/18/2006
4CF704C0E41E38660A3D8AA0285B27E9

Cosigner Signature (if applicable): _____ (seal) Date _____

## Section D: School Certification — Must be completed by an authorized school official.

- School Name: BROOKS INST OF PHOTOGRAPHY
- School Code/Branch: 0011230000
- For the Enrollment Period: From 07/14/2006 To 03/03/2007
- Grade Level: Undergraduate 2
- Enrollment Status: Full-time [X]
- Course of Study: FLM

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

WLD_RETURN Return Application To: Sallie Mae • PO Box 147023 • Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-06)  App Code: ICEC0601  Prom Note Code: JXSP0602

EXHIBIT E-1

## Signature Student Loan Promissory Note Document 3XSP0602

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner who signed the application, unless the language specifically refers to only one or the other. "You," "your" and "yours" mean the lender as listed below and any subsequent holder of this Note.

Lender: Sallie Mae Bank

MURRAY    UT

### A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

### B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement. My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school. If I am enrolled in a health profession and obtain an internship or residency deferment within 6 months after leaving school, my Interim Period will end 6 months after the deferment ends.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 360 months depending on my loan balance. If my loan is made six months or more after I graduate or drop below half-time enrollment there is no Interim period and my Repayment Period begins on the day of my first disbursement.
3. Capitalized Interest and Other Amounts - From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on the lender. WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date, or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to my school named in Section D of the application ("School").
6. Interim Disclosure - The Truth In Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.
7. Final Disclosure - The Truth In Lending Disclosure that will be sent at the time the repayment schedule for my loan is established and which is incorporated into this Note. In the event of any conflict between the Interim Disclosure and the Final Disclosure, the Final Disclosure shall govern.
8. The terms "Interest," "Late Charge," "Payment Return Fee," "Collection Costs," and "Supplemental Fees" are defined in the Note sections so titled. "Variable Rate" is defined under Section C, Interest, of this Note.

### C. INTEREST

1. Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. The Variable Rate will change monthly on the first day of each month if the Current Index changes. The Variable Rate for any month during the Interim Period and for the Repayment Period is the annual rate equal to the highest U.S. Prime Rate published in The Wall Street Journal "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month (the "Current Index"), plus or minus the percentage identified on my Interim Disclosure (the "Margin"), rounded to the nearest one-eighth of one percent (0.125%). A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Variable Rate for January will be determined by the highest U.S. Prime Rate published in The Wall Street Journal on the preceding December 30th if both the 30th and 31st are New York business days.
3. The Margin is based on my School, credit history and cosigner's credit history. Once set, the Margin does not change. If The Wall Street Journal is not published on the date to be used for the Current Index, then the Current Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Current Index ceases to be available, you will choose a comparable substitute.

### D. TERMS OF REPAYMENT

1. I am not required to make payments during the Interim Period. You will capitalize unpaid accrued interest at the beginning of the Repayment Period. If I am an eligible health student, you will capitalize unpaid accrued interest annually during any residency or internship deferment, at the end of any residency or internship deferment period of less than 12 months, and when I enter repayment.
2. You and I agree that the repayment schedule will be established as follows: subject to the terms of paragraph 4 of this section, prior to the start of the Repayment Period you will send me a Final Disclosure setting forth an initial repayment schedule whereby I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the entire Repayment Period. You will also send me statements showing the amounts and payment due dates of my monthly payments.
3. Subject to the terms of paragraph 4 of this Section, you will revise the repayment schedule so that I will repay my loan in consecutive monthly installments of principal and interest calculated to equal the amounts necessary to amortize the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.
4. I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.
5. I will make consecutive monthly payments during the Repayment Period in the amounts and on or before the payment due dates shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.
6. Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.
7. Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans.
8. Payments will be applied first to applicable fees, then to accrued interest, and the remainder to principal, as permitted by applicable law. Payments in excess of the

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-2

amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

E. LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosures.

F. SUPPLEMENTAL FEES

1. You may charge an amount equal to the Supplemental Fee at disbursement of my loan. This fee will be identified on my Disclosures and will be a percentage of the principal balance of my loan. At the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee.
2. You may charge me a Supplemental Fee, which will be identified on my Disclosures, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section J, whichever is earlier. This fee will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.
3. Supplemental Fees are based on my School, credit history and cosigners' credit history. I understand and agree that the Supplemental Fees are earned when they are assessed and are not subject to rebate if I prepay my loan.

G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

H. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

J. WHOLE LOAN DUE

Subject to applicable law, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or my cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

K. COLLECTION COSTS

If I am in default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. I understand that the following notice is required by federal law and that for purposes of this notice, the word "you" means the cosigner(s) who signed the application.

---

**NOTICE TO COSIGNER:**

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The lender can collect this debt from you without first trying to collect from the borrower. The bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

---

5. I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE:**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

6. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they sign this Note and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-3

cosigner, not the lender.) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve. MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation. MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT. NEVADA RESIDENTS ONLY: This is a loan for study. NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law. NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans. OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

VERMONT RESIDENTS ONLY: (For purposes of the following notice to Vermont residents, "you" means any cosigner, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU. WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision.

M. ADDITIONAL AGREEMENTS

1. I understand that when you accept the attached application, you are not agreeing to lend me money and that there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 4 of this section has expired. You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance. You also have the right to cancel any undisbursed amount if (a) I cease to be enrolled at least half time at the School and I do not owe the School for any amounts incurred before I ceased to be enrolled at least half time, (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J, or (d) the School ceases to be eligible to participate in the Signature Student Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. I understand that you are located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.
4. Upon receipt of the Interim Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash any loan checks, or if funds are transmitted electronically, I will instruct the School, within 3 days of receipt by me of the Interim Disclosure, to return the funds to you. I understand and agree that if the information on my Interim or Final Disclosure conflicts with the information in this Note, the information on the Disclosures applies.
5. Your acceptance of past due payments does not waive or affect your right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, or waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.
6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.
7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.
8. I understand that this loan is an educational loan and is made under a program that includes Stafford loans and other loans and which is funded in part by non-profit organizations, including governmental units and, therefore, is not dischargeable in bankruptcy, except pursuant to 11 U.S.C. § 523(a)(8).
9. I acknowledge that I have received a true and exact copy of this Note.
10. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.
11. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.
12. I hereby waive all my defenses to this Note based on suretyship.
13. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application or I provide in the future, even if that number is a cellular telephone number.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-4

N. **CERTIFICATION AND CONSENT TO INFORMATION SHARING**

1. I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the School and hereby authorize the School at its discretion, to refund any portion of my loan that exceeds direct institutional charges. At your option, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that failure to complete the educational program undertaken by me does not relieve me of any obligation under this Note.

2. I authorize any school that I may attend to release to you, the U.S. Department of Education, the guarantor or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School, to other schools I have attended for which I have taken out a student loan, and to the guarantor, if any.

3. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. I certify that all of the loan proceeds are solely to pay for my qualified higher education expenses at the School.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing" and that the program is funded in part by non-profit organizations.

O. **CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosures. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

P. **COSIGNER/BORROWER RELEASE**

I agree that, if any cosigner applicant fails to qualify for this loan, said cosigner applicant will be released from liability hereunder, but this Note will still bind the borrower. I also agree that an approved cosigner may be released from liability hereunder upon application by a borrower who has made 24 consecutive on-time monthly payments of principal and interest during the first 2 years of the Repayment Period of this loan (not including deferments and forbearances) and who meets applicable credit criteria at the time of the application, with the borrower remaining liable for this loan after such cosigner release. As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

Q. **ARBITRATION AGREEMENT – READ CAREFULLY**

You and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note ("Note").

1. **RIGHT TO REJECT** - I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae, P.O. Box 59030, Panama City, FL 32412.

2. **IMPORTANT WAIVERS AND WARNING** - If you or I elect to arbitrate a Claim, you and I both waive the right to: (A) have a court or a jury decide the Claim; (B) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (C) join or consolidate Claim(s) with claims involving any other person; or (D) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

3. **DEFINITIONS** - In this Arbitration Agreement, the following definitions will apply:
"I," "me" and "my" mean each and every borrower and cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of the note; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

"Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. "Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.

4. **STARTING AN ARBITRATION** - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-5

Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

5. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

6. DISCOVERY; GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

7. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (A) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (B) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

8. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

9. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; any cancellation, or request for cancellation, of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

(Copyright © Sallie Mae 2000-06) 3XSP0602

EXHIBIT E-6