STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996)
MARCOS D. SASSO (State Bar No. 228905)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
*lacalendar@stroock.com*

Attorneys for Defendant
   NAVIENT SOLUTION, INC., formerly
   known as SALLIE MAE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| EDNA BENIS, PAMELA MAREK SITES, TODD MAREK,<br><br>      Plaintiffs,<br><br>      v.<br><br>SALLIE MAE, INC.; ALLIANCE ONE, INC.; WINDHAM PROFESSIONALS, INC.; ALLIANCEONE, INC., dba ALLIANCEONE RECEIVABLE MANAGEMENT, INC.; OXFORD MANAGEMENT SERVICES,<br><br>      Defendants. | Case No. CV-11-402 ODW VBKx<br><br>[The Honorable Otis D. Wright II]<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT. |

LA 51804278

Plaintiff Pamela Marek Sites ("Plaintiff"), on the one hand, and defendant Navient Solutions, Inc., formerly known as Sallie Mae, Inc. ("Defendant" and together with Plaintiff, the "Parties"), on the other hand, by and through their counsel of record, stipulated to an issuance of a Confidentiality and Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c), with the terms set forth herein.

IT IS HEREBY ORDERED THAT:

## I. Designation Of Confidential Information

1. Good cause exists for the entry of this Order, as discovery in this action may involve the disclosure of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The confidential, private and proprietary material that may be produced in this action includes, but is not limited to: (1) proprietary and confidential business operations information, including but not limited to loan transaction records containing confidential and proprietary coding; (2) internal business information; (3) private information belonging to both consumers and non-consumers (including Plaintiff); and (4) any other similar proprietary, confidential, or private information. Said Order is needed to ensure fair and efficient completion of discovery while protecting the Parties' and third parties' rights in such confidential, sensitive information and minimizing judicial intervention in the discovery process. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

2. As used in this Order, the term "Information" means and includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admission, deposition transcripts and all written, recorded, graphic or electronically stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts, or complete or partial summaries of such Information, and the Information itself; and/or (c) any pleading, affidavit, declaration, brief, motion,

transcript or other writing containing such Information. This Order shall govern all Information produced in response to any method of discovery conducted in this action, or produced voluntarily, meaning without reference to one of the methods of discovery authorized by the Federal Rules of Civil Procedure, which contain trade secrets or other Confidential Information. Information designated as "Confidential" must meet the standards stated in paragraph 3.

3. Any party or non-party producing Information in this action may designate as "Confidential" pursuant to this Order any information it or any other party or non-party produces (or previously has produced) in the course of the litigation, which the party in good faith considers to contain Confidential Information pursuant to Federal Rule of Civil Procedure 26(c). Such Information or parts thereof will be designated by stamping the words "CONFIDENTIAL" on each page.

4. For Confidential Information produced by a non-party or a party other than the party or non-party designating the Information Confidential (the "Designating Party"), a party seeking a "Confidential" designation pursuant to the terms of this Order may do so by serving on all parties a log containing the bates numbers or other description of the documents or information claimed as "Confidential" within 30 days of receiving copies of the documents or information. Should any party object to this designation, such party shall proceed in accordance with paragraph 20 of this Order.

## II. Disclosure And Use Of Confidential Information

5. No Confidential Information shall be disclosed to anyone other than:

(a) The Parties and their employees, officers and directors who have a need to review the information in connection with this action;

(b) In-house counsel for the Parties to this action, including paralegals and clerical staff working directly for in-house counsel;

(c) Outside counsel for the Parties, including paralegals and clerical staff working directly for outside counsel;

(d) The Court, court personnel and court reporters;

(e) Support personnel employed or retained by the Parties in connection with the action, including court reporters, copying and imaging services and other vendors;

(f) The Parties' experts and/or consultants (together with their associates, consultants and clerical and secretarial staff) who are assisting in the pretrial preparation and/or trial of this litigation, and who are not employed or otherwise affiliated with (i) the party receiving the Confidential Information; (ii) any entity that is in any way related to or associated with the party receiving the Confidential Information (including but not limited to a parent corporation, subsidiary, division, distributor, supplier, manufacturer, commonly owned corporation, joint venturer or agent); or (iii) any entity having an interest adverse to the producing or designating party;

(g) Any actual or potential witness at a deposition or at trial, provided there is a reasonable basis to believe that disclosure of the Confidential Information to the witness will lead to relevant testimony or the discovery of admissible evidence and only to the extent that the witness authored or received a copy of the Confidential Information, was involved with or had knowledge of the subject matter described therein, or is employed by the producing party or was employed by the producing party at the time of the creation of the Confidential Information, and only if such person is informed of the terms of this Order, provided with a copy of the Order and agrees, on the record, that he is bound by the terms of the Order and is required not to disclose Confidential Information;

(h) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(i) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents; and

(j) Any person (other than those identified above) who is indicated as an author or prior recipient of the Confidential Information.

6. A party desiring to disclose Confidential Information to any of the persons referred to in paragraph 5 (other than sub-paragraphs 5(c) and (d)) shall, prior to disclosure of the Information, advise such person of the "Confidential" designation, provide him or her with a copy of this Order, and require such person(s) to sign an Acknowledgment of Receipt of Stipulated Protective Order and Agreement to be Bound Thereby ("Acknowledgment and Agreement"), in the form set forth in Exhibit "A" hereto. The party making the disclosure shall retain the originally executed Acknowledgment and Agreement. Unless stipulated in writing between the Parties to this Order, or otherwise ordered by the Court, no disclosure shall be made to a person identified in paragraph 5 (other than sub-paragraphs 5(c) and (d)) who has not executed the Acknowledgment and Agreement.

7. A party disclosing any Confidential Information to any of the persons referred to in paragraph 5 (other than subparagraph 5(c)) shall maintain a current written record of the person(s) to whom the party makes such disclosure, along with any original Acknowledgment and Agreements. The record shall specify, for each person, the person's full name, employer, business telephone number and address, as well as the purpose for which disclosure was made. After termination of this action, the Acknowledgment and Agreement forms need not be disclosed to the Designating Party or its counsel, but the Designating Party may apply to the Court for an order compelling disclosure on a showing of good cause.

8. Except to the extent expressly authorized in this Order, Confidential Information discovered during the course of this litigation shall not be used or disclosed for any purpose other than the preparation and trial of this case and/or any appeal therefrom.

9.  The Parties hereto agree that an injunction shall issue to prevent violations of this Order. The agreement to injunctive relief does not preclude a party from also obtaining damages that reasonably flow from a breach of this Order.

10. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the material subject to this Order are reserved and are not waived in any respect by any terms of this Order.

11. The Parties agree that the terms of this Order shall not be interpreted to constitute a waiver of: (a) any objection to any discovery, including written discovery and/or deposition(s); or (b) any right to compel any discovery, including written discovery and/or deposition(s).

12. A copy of this Order shall be served with any subpoena or deposition notice compelling the production of documents or information from any non-party.

13. If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Order, such party shall, at least ten (10) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena, public records request, or order in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to seek relief within five (5) court days of the date of receipt of notice and to obtain relief from the subpoena, public records request or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the later of (a) the due date of compliance set forth in the subpoena, public records request or order, and (b) the date on which the Court has ruled on a timely filed application for relief.

### III. Confidential Information Disclosed During Depositions

14. If any Confidential Information is discussed during a deposition, a "Confidential" designation of that portion, including any exhibits attached thereto, may be made by: (a) a statement to that effect on the record by anyone entitled to designate such information "Confidential" pursuant to the terms of this Order; or (b) written notice to the Parties or their respective counsel within thirty (30) calendar days following receipt of the deposition transcript. Should such "Confidential" designation be made, the stenographer of the deposition or any party to the action shall appropriately label the cover page of the transcript and all appropriate pages or exhibits of the transcript, and each copy thereof. Transcripts will be treated as if designated "Confidential" until the expiration of the thirty (30) day period.

15. If Confidential Information is to be reviewed during the deposition, the Designating Party may exclude from the deposition room any persons as specified by paragraph 5.

16. Unless otherwise agreed, a deponent, other than a party's experts or consultants, may not retain a copy of any deposition material deemed "Confidential" unless such deposition material was produced by the deponent in connection with the deposition and/or previously in the deponent's possession, custody or control.

### IV. Court Proceedings

17. In filing materials with the Court, counsel shall file under seal those materials containing Confidential Information or which set forth the substance of such Confidential Information. Such materials shall be delivered sealed to the clerk of the Court, and shall not be available for public inspection. Envelopes used to seal such materials shall carry the notation: "CONFIDENTIAL -- This filing is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order."

18. In the event that any party or non-party bound by this Order intends to disclose, discuss or otherwise refer to any Confidential Information in open court at

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

any hearing or trial of this action, such person shall inform the Court, the Designating Party and all other parties to this action in advance of its intention to do so and identify the documents and information which it intends to disclose. The Parties shall meet and confer in advance of the Pretrial Conference regarding their intended use of Confidential Information at trial so that cause may be shown in advance of trial, in accordance with the Court's directions, and other appropriate measures may be taken to guard against the disclosure of the Confidential Information.

19. Any person or party receiving Confidential Information shall make reasonable efforts to preserve the protections of such materials in connection with appellate proceedings.

### V. Objection To Designation Of Confidential Information

20. Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all Confidential Information shall be treated as Confidential under this Order. Any party may object to the designation of any Information as Confidential serving a written objection on the Designating Party and all parties to this action within a reasonable time, but in no event later than forty-five (45) days from the date of receipt of the Confidential Information so designated. Thereafter, the Parties shall make a good faith effort to resolve such dispute within thirty (30) days. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party may move the Court for an Order with respect to the disputed Information. The Information shall be treated as Confidential until the Court rules otherwise.

### VI. Inadvertent Production Of Confidential Or Privileged Information

21. Inadvertent failure to designate any Information produced by any party or non-party as Confidential pursuant to this Order shall not constitute a waiver of any otherwise valid claims for protection.

**VII. Maintenance of Confidential Information**

22. All Confidential Information shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Order.

**VIII. Return Of Confidential Information**

23. Within sixty (60) days after conclusion of this action and all appeals therefrom, the originals and all copies of all Confidential Information subject to this Order shall be returned to the Designating Party (at the expense of the Designating Party) or may be destroyed instead of returned so long as the returning party submits a written certification to the Designating Party that all Confidential Information was destroyed.

**IX. Miscellaneous Provisions**

24. All material designated Confidential Information shall be used solely for purposes directly related to this litigation and shall not be provided to any other individuals, governmental agency or attorneys, except as provided herein.

25. The provisions of this Order may be modified (including, without limitation, with respect to particular Information) at any time by stipulation of the Parties and approval by order of the Court, or upon motion by a party for good cause shown.

26. No provision in this Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

27. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the material subject to this Order are reserved and are not waived in any respect by any terms of this Order.

28. The Parties to this action agree to take all reasonable precautions to prevent the disclosure, except as allowed herein, of any Confidential Information

received by them to any persons who are not parties to the Acknowledgment and Agreement.

29. The terms of this Order shall survive and remain in effect after the conclusion of this action. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Order, including modification, amendment, interpretation or rescission of this Order, notwithstanding termination of this action.

30.     The Parties agree that they have had an opportunity to review and consult counsel regarding this Order and that this Order shall not be construed in favor of or against any party by reason of the extent to which it participated in the drafting of this Order.

**IT IS SO STIPULATED.**

Dated:  November 24, 2014

LEWIS LAW FIRM
PATRICIA LEWIS

By: _____/s/ Patricia Lewis_____
          Patricia Lewis

Attorneys for Plaintiff

Dated:  November 24, 2014

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
MARCOS D. SASSO
JULIETA STEPANYAN

By: _____/s/ Marcos D. Sasoo_____
          Marcos D. Sasso

Attorneys for Defendant
     NAVIENT SOLUTIONS, INC.,
     formerly known as SALLIE MAE,
     INC.

**ORDER**

Pursuant to the Parties' Stipulation Re Confidentiality, IT IS SO ORDERED.

Dated: 12/4/14

_____
The Honorable Otis D. Wright II

[handwritten annotations]: ¶17. Add: "Follow LR 79-5. Add: Not applicable to trial or evidentiary proceedings. District Judge will determine applicability of this Order in proceedings upon properly noticed Application"

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV-11-402 ODW VBKx

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND AGREEMENT TO BE BOUND THEREBY

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation Re Confidentiality and Protective Order ("Order") entered by the United States District Court for the Central District of California in the case of <u>Edna Benis, et al. v. Sallie Mae, Inc., et al.</u>, Case No. CV-11-402 ODW VBKx. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
      [printed name]

Signature: _____

LA 51804278

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. CV-11-402 ODW VBKx

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086